# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| *Plaintiff-Appellee,* | )<br>)<br>) | No. 14-4451 |
| v. | )<br>) | (1:04-cr-385-LMB) |
| ALI AL-TIMIMI, | )<br>) | |
| *Defendant-Appellant.* | ) | |

## APPELLANT'S MOTION TO FILE A BRIEF EXCEEDING THE ORDINARY WORD LIMIT

Pursuant to Fed. R. App. P. 27 and Circuit Rule 32(b), Appellant Ali Al-Timimi respectfully moves this Court for leave to file an oversize brief not to exceed 200 pages or 50,000 words, whichever is greater.

Appellant acknowledges and appreciates that this Court has a heavy caseload and favors concise briefs, but files this motion only in light of a series of appellate issues that are exceptional in their complexity, novelty, and importance—even by standards of other national security prosecutions. Defense counsel have repeatedly edited the draft brief in order to reduce it to the 200-page limit sought, and

respectfully submit that the leave Al-Timimi seeks is comparable to that granted in similarly complex appeals before this Court.

In further support of this motion, Appellant states as follows:

1. This is a direct appeal of a decade-long complex national security prosecution. The case has produced a voluminous factual record and implicates multiple issues of exceptional complexity—including novel counts with little or no legal precedent, an expansive theory of inchoate criminal liability that the district court described as "unique" and "a tough case," a widely discussed First Amendment issue, and a complicated post-trial *Brady* proceeding involving classified pleadings related to secret government surveillance programs. The appendix in this case is expected to approach 4,000 pages.

2. At its core, this case centers on allegations that Dr. Ali Al-Timimi—a computational biologist employed in cancer research and a prominent Muslim scholar—made comments at a dinner shortly after September 11th that inspired certain men in attendance to go forward with a plan to travel to a camp in Pakistan called Lashkar-e-Taiba (LET), a group the United States would later designate as a terrorist organization. Under assorted theories of inchoate liability, Dr. Al-

Timimi was charged with and convicted of 10 felonies. In a result that the district court described as "very draconian," he received a mandatory lifetime prison sentence.

3. Eight of the ten counts charged Al-Timimi as an accomplice to crimes prosecuted in a separate national security proceeding in *United States v. Royer*, et al., 1:03-cr-296-LMB (E.D. Va.). The facts of that separate proceeding are inextricably intertwined with the appellate issues in this case and so must be additionally summarized for this Court.

4. After Al-Timimi's trial, Professor Jonathan Turley accepted the case as pro bono lead counsel on appeal. His investigation led to an extensive post-trial *Brady* proceeding concerning allegations that the government withheld material evidence related to a secret government surveillance program. The proceeding necessitated the use of classified pleadings and evidence, and required almost 10 years of additional litigation before final judgment.

5. To facilitate this Court's efficient examination of the voluminous record below and to minimize the need for potentially burdensome independent review, it is essential for counsel to submit a

comprehensive statement of facts. Given the complexity of this record, defense counsel believe that cuts below 200 pages will not be possible without sacrificing comprehensibility.

6. A comprehensive treatment of the factual record is particularly compelled by the unique theories of inchoate liability asserted by the government in this case. Some of those theories combine both conspiracy and accomplice liability in a single count, claiming for example that Dr. Al-Timimi "Induc[ed] others to Conspire to Violate the Neutrality Act" and "Induc[ed] Others to Conspire to Use Firearms." At trial, the district court described these counts as approaching "almost a third level of culpability," and even after conviction commented on "the second- to third-degree-removed nature of the defendant's activities." Given this removed nature of the defendant's alleged activities from the underlying crimes at issue, it is crucial for this Court to have a full analysis of the facts used to support his conviction.

7. After going through multiple iterations, Dr. Al-Timimi's defense team has pared the appeal to thirteen main issues. These issues implicate novel legal counts with little or no precedent, a widely debated First Amendment issue, a unique theory of inchoate liability,

4

intersecting questions of constitutional and evidentiary law, intervening Supreme Court decisions, and complex issues of surveillance and national security investigations. No issue is minor or ancillary, and some raise matters of first impression in this Circuit. Dr. Al-Timimi's conviction for "Soliciting Others to Levy War," for example, requires historical treatment of the underlying terminology and standards, and his conviction for "Inducing Others to Conspire to Violate the Neutrality Act" involves analysis deeply rooted in historical sources. Moreover, his First Amendment defense has been widely discussed in both the academic and mainstream media for its relationship to the Supreme Court's "imminent lawless action" standard for criminal incitement elucidated in *Brandenburg v. Ohio*, 395 U.S. 444 (1969). *See, e.g.*, Thomas Healy, *Brandenburg In A Time of Terror*, 84 NOTRE DAME L. REV. 655 (2009); Jerry Markon, *Terrorism Case Puts Words of Muslim Leader On Trial*, WASHINGTON POST, April 4, 2005.

8. Finally, the brief must also address years of post-remand litigation related to claims that the government has withheld material evidence—claims that the appellate record will show have been vindicated in later discovery. Pursuant to an ongoing declassification

5

review, the record is still being completed below, but suffice it to say here that the relevant documents make extensive use of surveillance codes that are not facially obvious and that must be appropriately presented and explained to facilitate a ruling on the merits. Based on the current results of the declassification review, it is clear that this will require both classified and unclassified briefing.

9. Dr. Al-Timimi's proposed 200-page limit is consistent with that permitted by this Court in the direct appeal in *United States v. Moussaoui*, No. 06-4494—a national security case that did not include the type of remand and major post-trial litigation present in this case.

10. For all of these reasons, Dr. Al-Timimi's defense team respectfully asserts the need to file a brief not to exceed 200 pages or 50,000 words in order to fully present the complex factual record and legal issues implicated in this appeal. Counsel acknowledge the necessity of endorsing the brevity of arguments to the greatest extent possible, but submit that the unique facts, circumstances, and sheer volume of the record below justify the appropriateness of this request.

11. Defense counsel has sought the government's consent on this motion; the Justice Department has indicated its opposition.

WHEREFORE, Appellant Ali Al-Timimi respectfully requests that the Court grant this motion for leave to file an oversize brief not to exceed 200 pages or 50,000 words, whichever is greater.

Respectfully submitted,

/s/ Jonathan Turley_____
Jonathan Turley
The George Washington University
2000 H St., N.W.
Washington, D.C. 20052
(202) 994-7001
jturley@law.gwu.edu

/s/ Thomas M. Huff_____
Thomas M. Huff
Attorney-at-Law
P.O. Box 2248
Leesburg, VA 20177
(703) 665-3756
thuff@law.gwu.edu

*Counsel for Defendant-Appellant Dr. Ali Al-Timimi*

Dated: March 31, 2015

# CERTIFICATE OF SERVICE

I certify that on March 31, 2015, I will file the foregoing document on the CM/ECF system, which will then send an electronic notification to:

Gordon D. Kromberg
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
gordon.kromberg@usdoj.gov
703.299.3721 (t)
703.2993981 (f)

/s/ Thomas M. Huff
Thomas M. Huff
Attorney-at-Law
P.O. Box 2248
Leesburg, VA 20177
(703) 665-3756
thuff@law.gwu.edu