# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

No. 14-4451 (1:04-cr-00385-LMB-1)

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

ALI AL-TIMIMI

Defendant - Appellant

**APPELLANT'S CONSENT MOTION FOR AN EXTENSION FOR THE FILING OF THE OPENING BRIEF AND APPENDIX**

Pursuant to Fed. R. App. P. 27, Appellant Dr. Ali Al-Timimi respectfully seeks an order to extend the time for filing the opening brief and joint appendix until August 21, 2015, in order to allow the parties to fully brief and resolve a pending motion for remand that was filed with this Court in a SCIF on April 30, 2015. Court security officers are currently conducting a declassification review of that filing, and the government has not yet filed its responsive brief. Accordingly, Appellant respectfully requests this extension to allow for the completion of an ongoing classification review and resolution of the pending appellate motion.

In further support, Appellant states as follows:

1. Due to the release of a long-sought government document called the

"Squad IT-3" document, a motion was filed on April 30 seeking a remand of this case to the District Court, or to allow that document to be made part of the record. In the alternative, Dr. Al-Timimi asked that this Court allow for the inclusion and consideration of this document in the appellate record. Since the merits of the pending motion would not be fully argued and resolved by the June 8, 2015 date for the opening brief, Appellant also filed a motion for a stay or an extension of the calendar. The Court ordered an extension of 30 days until July 8, 2015. For the reasons stated below, the Appellants now ask for an extension until August 21, 2015.

2. In conformance with security protocol, Appellants filed both April 30th motions with the Court security officer for classification review. After the Court's last order, Appellant's counsel was informed that the respective agencies had found material that they believed to be classified. As a result, the Appellant was instructed to docket only the motion for a stay or an extension. Later, the security officer informed cleared lead Appellant counsel so that he could review the asserted classified material to determine if he wanted to ask for a second review for any alleged errors. He did so in a SCIF the next day with the security officer. Cleared Appellant counsel brought records showing that the flagged information had appeared previously in unclassified filings and settings. The security officer agreed to submit the unclassified examples to the reviewing

agencies for the purposes of clarification and possible reversal of the classification determination. This would allow the pending remand motion to be filed, in whole, on the public docket.

3. In addition, during the prior review of the classification question of the pending motion, Appellant counsel also identified a handful of highly relevant district court filings that had not completed classification review and final docketing despite an order of the district court. Neither the court security officer nor counsel were aware that declassified versions of these documents were never put on the docket in their review of the record for appeal. Accordingly, these documents are also now undergoing classification review to address the need for placement on the public docket.

4. On Friday, the security officer informed cleared lead counsel that this classification review was still ongoing, on both the pending appellate motions and the earlier motions from the district court.[1]

5. For all of these reasons, Appellant respectfully seeks this extension for the completion of the record and consideration of the pending motions. In the past, Appellants have confined these motions to 30-day increments. However, such an extension would put the filing date in the middle of a long-standing trip for

---

[1] This filing was reviewed in accordance with security protocol and Appellant told to file on Friday. However, the court computer system repeatedly showed that the case was "locked" and would not permit the motion to be uploaded on Friday. Accordingly, Appellant waited until Monday to file.

cleared lead counsel to California for a family wedding.[2] Since he must address all SCIF filings (including binding issues for all briefs in the SCIF), Appellants are asking for an additional two weeks until August 24, 2015.

    6.  Appellants have conferred with government counsel, who consents to the extension until August 24, 2015.

Respectfully submitted,

          /s/
_____
Jonathan Turley
Counsel For Dr. Al-Timimi
The George Washington University
2000 H St., N.W.
Washington, D.C. 20052
(202) 994-7001
jturley@law.gwu.edu


Dated: June 22, 2015

---

[2]     Lead counsel has a long-standing family obligation from June 29 until August 13 due to the marriage of a family member in California.

# CERTIFICATE OF SERVICE

I certify that on June 22, 2015, the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

Gordon D. Kromberg
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
gordon.kromberg@usdoj.gov
703.299.3721 (t)
703.2993981 (f)

_____/s/_____
Jonathan Turley
Counsel For Dr. Al-Timimi
The George Washington University
2000 H St., N.W.
Washington, D.C. 20052
(202) 994-7001
jturley@law.gwu.edu