# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

_____
                                )
UNITED STATES OF AMERICA,       )
                                )
    *Plaintiff-Appellee,*        )
                                )    No. 14-4451
v.                              )    (1:04-cr-385-LMB)
                                )
ALI AL-TIMIMI,                  )
                                )
    *Defendant-Appellant.*       )
_____

## UNOPPOSED MOTION FOR MODIFICATION OF REMAND ORDER IN LIGHT OF INTERVENING SUPREME COURT AUTHORITY

Appellant Ali Al-Timimi respectfully moves this Court for modification of its current remand order to additionally allow the district court to reconsider Al-Timimi's § 924(c) convictions in light of intervening Supreme Court authority that has called into question the continued validity of the § 924(c)(3)(B) "residual clause" on which they rely. See *Johnson* v. *United States*, 135 S. Ct. 2551 (2015) (invalidating the similarly worded residual clause of the Armed Career Criminal Act as unconstitutionally vague); *Welch* v. *United States*, 136 S. Ct. 1257 (2016) (reaffirming *Johnson* and confirming its retroactive applicability

to cases on collateral review); *Richardson* v. *United States*, 136 S. Ct. 1157 (Feb. 29, 2016) (GVR order summarily vacating and remanding a § 924(c) decision of the Sixth Circuit for further consideration in light of *Johnson*); see also *In re: Hubbard*, --- F.3d ---, 2016 WL 3181417 No. 15-276 (4th Cir. June 8, 2016) (authorizing §§ 16(b) and 924(c) prisoners to file successive § 2255 petitions in light of *Johnson*, and noting the similarities of the respective residual clauses).

In this case, two of Al-Timimi's convictions—those under Counts 7 and 8 of the operative indictment—implicate § 924(c). His case is presently before the district court on an unrelated remand issue, but his appeal remains active on this Court's docket per the terms of its remand order of August 4, 2015. See ECF No.[1] 56 at 1 & Dkt. No. 406. Accordingly, this motion seeks supplementation of that remand order with an additional item of relief mirroring the Supreme Court's recent GVR action in *Richardson*, supra—namely, a vacatur of the district court's pre-*Johnson* denial of his Rule 29 motions for acquittal with

---

[1] Unless otherwise indicated, "ECF No." refers to this Court's ECF docket at No. 14-4451, and "Dkt. No." refers to the district court's docket at No. 1:04-cr-385-LMB (E.D. Va.).

2

respect to Counts 7 and 8 to allow for further consideration in light of *Johnson* and *Welch*.

Just as in *Richardson*, such relief would serve the interests of justice and judicial efficiency here. The Hon. Leonie M. Brinkema—the presiding district judge below—is already considering the question of *Johnson*'s applicability to the residual clause of § 924(c)(3)(B) in other pending cases (some pursuant to habeas-related orders of this Court),[2] and Al-Timimi's case is already before Her Honor per the unrelated ongoing remand proceeding ordered by this Court. Because Al-Timimi's direct appeal has not yet occurred, the requested relief would allow for a final decision below that incorporates this developing new case law under *Johnson* and that potentially narrows and clarifies the parties' issues before this Court on any subsequent appeal.

---

[2] See, e.g., *In re: Randall Todd Royer*, No. 16-855 (4th Cir. June 3, 2016) at ECF No. 5 (granting motion for authorization to file successive § 2255 petition before Judge Brinkema regarding *Johnson*'s applicability to § 924(c)(3)(B)); *In re: Seiffullah Chapman*, No. 16-246 (4th Cir. May 3, 2016) (same); see also *Chapman* v. *United States*, 1:03-cr-296-LMB (E.D. Va.) at Dkt. No. 818 (May 12, 2016 order of Judge Brinkema, noting the developing case law surrounding the applicability of *Johnson* to the residual clause provisions of §§ 924(c)(3)(B) & 16(b)); *id.* at Dkt. No. 813 (pending § 2255 petition of Chapman before Judge Brinkema); *Royer* v. *United States*, 1:03-cr-296-LMB (E.D. Va.) at Dkt. No. 795 (pending § 2241 petition of Royer before Judge Brinkema).

3

In further support, the defense states as follows:

1.     At its core, this case centers on allegations that Dr. Ali Al-Timimi—a computational biologist employed in cancer research and a prominent Muslim lecturer—made comments at a dinner shortly after 9/11 that the government claims helped to inspire certain men in attendance to go forward with a plan to travel to a camp in Pakistan called Lashkar-e-Taiba (LET), a group the United States would later designate as a terrorist organization. Under assorted theories of inchoate liability, Al-Timimi was charged with and convicted of 10 felonies. See Dkt. Nos. 41 (superseding indictment) & 107 (verdict). In a result that the district court described as "very draconian," Dkt. No. 147 at 20, he received a mandatory lifetime prison sentence. See Dkt. No. 132 (judgment form).

2.     Although Al-Timimi's trial and sentencing occurred in 2005, his direct appeal has not yet occurred due to a series of complex post-trial proceedings concerning secret government surveillance programs. In this Court's most recent order of August 4, 2015, it remanded the case back to the district court for additional proceedings concerning newly released evidence. See ECF No. 56 (current remand order). That

4

issue—unrelated to the present motion—is still pending before the district court. See Dkt. Nos. 409-10, 416, & 430; see also, e.g., Al-Timimi's July 5 status report filed with this Court at ECF No. 69.

3. The defense is filing the present motion in light of intervening Supreme Court authority that calls into question the validity of the § 924(c)(3)(B) "residual clause" on which two of Al-Timimi's convictions rely. As this Court is aware from other recent cases, see *In re: Hubbard*, supra at 2; see also supra at 3, n.2, the Supreme Court last June invalidated the residual clause portion of the crime-of-violence definition codified in the Armed Career Criminal Act at 18 U.S.C. § 924(e)(2)(B)(ii), concluding that the "wide-ranging inquiry [it] required" courts to employ was incompatible with the Constitution's prohibition of vague criminal laws. *Johnson*, 135 S. Ct. at 2557 & 2563. This March, the Supreme Court reaffirmed *Johnson*, holding that its decision constituted a new rule of constitutional law available for prisoners to assert retroactively on collateral review. *Welch*, 136 S. Ct. at 1265; see also *id.* at 1261-62 (summarizing *Johnson*'s reasoning).

4. In this case, two of Al-Timimi's convictions rely upon the similarly worded residual clause codified at § 924(c)(3)(B). In short,

5

Counts 7 and 8 of the operative indictment charged Al-Timimi as an accomplice to various § 924(c) firearms crimes that principals Kwon and Hasan engaged in at the LET camps they attended in Pakistan. See Dkt. No. 47 at 15 (superseding indictment). Both principals fired machine guns in training exercises there, for which each subsequently admitted guilt to discharging a machine gun in relation to a "crime of violence" in violation of § 924(c). The government charged and convicted Al-Timimi as an accomplice to those crimes based on its broader allegation that his comments at the above-referenced dinner induced them to attend LET. All of the alleged underlying "crimes of violence" rely on the residual clause of § 924(c)(3)(B). See Dkt. No. 156 at 2317-20 (Jury Instruction 44, listing the government's proffered crimes of violence); see also Exh. A (statutory addendum listing all § 924(c) crimes of violence proffered in Jury Instruction 44).

5.    While the Supreme Court has not yet decided whether *Johnson*'s reasoning also requires invalidation of the residual clause at issue here, a circuit split has developed among the courts of appeals. See *Dimaya* v. *Lynch*, 803 F.3d 1110, 1111 (9th Cir. 2015) (invalidating the identically worded residual clause of § 16(b) in light of *Johnson*)

6

(petition for certiorari filed June 10); *United States* v. *Vivas-Ceja*, 808 F.3d 719, 720 (7th Cir. 2015) (same); *United States* v. *Gonzalez-Longoria*, 813 F.3d 225, 227 (5th Cir. 2016) (same) (en banc review pending); but see *United States* v. *Taylor*, 814 F.3d 340, 379 (6th Cir. 2016) (distinguishing *Johnson* and upholding § 924(c)(3)(B)). This Court has not yet resolved the question for this circuit, but it has authorized prisoners to argue it before the district courts in the form of successive habeas petitions. See, e.g., supra at 3, n.2; see also *In re: Hubbard*, supra at 2.

6.    After Al-Timimi's trial, he filed Rule 29 motions for acquittal on all counts—including Counts 7 and 8. See Dkt. Nos. 118, 125, & 126. The district court denied those motions from the bench in a sentencing hearing on July 13, 2005. See Dkt. No. 147 at 2-6. But because *Johnson* and *Welch* had not yet been decided, the district court did was unable to consider those decisions in rendering its final judgment.

7.    Operating under similar circumstances last July, the Sixth Circuit issued an opinion in a § 924(c) crime-of-violence case without

7

the guidance of *Johnson*.[3] See *United States* v. *Richardson*, 793 F.3d 612 (6th Cir. 2015). The Supreme Court responded by summarily vacating and remanding the case back to the court of appeals for reconsideration in light of *Johnson*. See *Richardson* v. *United States*, 136 S. Ct. 1157 (Feb. 29, 2016).

8. Following the guidance of *Richardson*, Al-Timimi respectfully moves this Court for supplementation of its current remand order with a vacatur of the district court's pre-*Johnson* denial of Al-Timimi's Rule 29 motions with respect to Counts 7 and 8 for reconsideration in light of *Johnson* and *Welch*. Specifically, Al-Timimi seeks an order from this Court comparable to the following proposed language:

> Defendant-Appellant's motion for modification of the remand order is granted. The district court's denial of Defendant-Appellant's Rule 29 motions for acquittal with respect to Counts 7 and 8 of the indictment are vacated and remanded to the district court for further consideration in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Welch* v. *United States*, 136 S. Ct. 1257 (2016). This Court's remand order of August 4, 2015 is otherwise undisturbed.

---

[3] Although the Sixth Circuit decided *Richardson* on July 13—approximately two weeks after the Supreme Court's June 26 decision in *Johnson*—the Sixth Circuit did not mention it in its opinion and appears not to have been made aware of it.

8

Compare with 136 S. Ct. at 1157 (Supreme Court's remand order in *Richardson*).

9. Al-Timimi further submits that such relief would serve the interests of justice and judicial efficiency by allowing for a final judgment of the district court that incorporates arguments under the developing new case law, thus potentially narrowing and clarifying the parties' issues before this Court on any further appeal. A final judgment that incorporates the *Johnson* issue would also contribute to the process of percolation that assists this and other federal courts in clarifying the differing arguments and interests at stake.

10. Finally, Al-Timimi respectfully submits that the parties are in an optimal position to litigate this issue efficiently before the district court. The defense has already drafted arguments under *Johnson* in anticipation of Al-Timimi's appeal, and the government has presented corresponding arguments throughout the federal courts—including a recent petition for certiorari by the Office of the Solicitor General in *Dimaya*. Moreover, the question presented raises a pure issue of law requiring minimal reference to the factual record. Al-Timimi seeks this relief solely to allow the district court to consider the discrete legal issue

9

of whether *Johnson* and its progeny require the invalidation of his convictions under Counts 7 and 8.

11. The government has reviewed a draft of this motion and does not oppose the relief it seeks, stating via email: "while we disagree with some of the assertions and characterizations made in the motion, we do not oppose expanding the scope of the remand to enable the district court to consider Timimi's challenges to his 924(c) convictions based on *Johnson*."

WHEREFORE, Defendant Ali Al-Timimi respectfully requests that the Court grant this motion and issue a supplemental remand order, vacating the district court's denial of his Rule 29 motions for acquittal with respect to Counts 7 and 8 of the indictment for further consideration in light of *Johnson*, *Welch*, and any additional intervening authority of this Court.

Respectfully submitted,

/s/ Jonathan Turley
Jonathan Turley
The George Washington University
  Law School
2000 H St., N.W.
Washington, D.C. 20052
(202) 994-7001
jturley@law.gwu.edu

/s/ Thomas M. Huff
Thomas M. Huff
Attorney-at-Law
P.O. Box 2248
Leesburg, VA 20177
(703) 665-3756
thuff@law.gwu.edu

Counsel for Defendant-Appellant
Dr. Ali Al-Timimi

Dated: July 8, 2016

## CERTIFICATE OF SERVICE

I certify that on July 8, 2016, I will file the foregoing document on the CM/ECF system, which will then serve it by sending an electronic notification to:

    Gordon D. Kromberg
    United States Attorney's Office
    2100 Jamieson Avenue
    Alexandria, VA 22314
    gordon.kromberg@usdoj.gov
    703.299.3721 (t)
    703.2993981 (f)

                                          /s/ Thomas M. Huff_____
                                          Thomas M. Huff
                                          Attorney-at-Law
                                          P.O. Box 2248
                                          Leesburg, VA 20177
                                          (703) 665-3756
                                          thuff@law.gwu.edu

# Exhibit A

## Residual clause analysis of proffered underlying "crimes of violence" in Jury Instruction 44

| Operative Jury Instruction | Statutory Text | Reliance on residual clause of 18 U.S.C. § 924(c)(3)(B) |
|---|---|---|
| 44a—"Levying war against the United States and conspiring to do so, in violation of Title 18, United States Code, sections 2381 and 2384." (As delivered to the jury at Dkt. No. 156 at 2318.) | **18 U.S.C. § 2381** provides: "Whoever, owing allegiance to the United States, levies war against them or adheres to their enemies, giving them aid and comfort within the United States or elsewhere, is guilty of treason and shall suffer death, or shall be imprisoned not less than five years and fined under this title but not less than $ 10,000; and shall be incapable of holding any office under the United States." | **Section 2381** [AKA the federal treason statute] is a residual-clause offense because it can be violated without an act or element of physical force—namely, by giving aid or comfort to an enemy of the United States. |
| | **18 U.S.C. § 2384** provides: "If two or more persons in any State or Territory, or in any place subject to the jurisdiction of the United States, conspire to overthrow, put down, or to destroy by force the Government of the United States, or to levy war against them, or to oppose by force the authority thereof, or by force to prevent, | **Section 2384** [AKA the seditious conspiracy statute] is a residual-clause offense because it is a conspiracy statute, which |

| | | |
|---|---|---|
| | hinder, or delay the execution of any law of the United States, or by force to seize, take, or possess any property of the United States contrary to the authority thereof, they shall each be fined under this title or imprisoned not more than twenty years, or both." | can be violated without an act or element of physical force—namely, by entering into an illegal agreement to commit a crime without committing an affirmative act of violence. See, e.g., *United States v. Acosta*, 470 F.3d 132, 137 (2nd Cir. 2006) (conspiracy is a residual-clause offense); *United States v. Greer*, 939 F.2d 1076, 1099 (5th Cir. 1991) (same). |
| 44b—"Attempting and conspiring to supply services to the Taliban, in violation of Title 50, United States Code, section 1705." (As delivered to the jury at Dkt. No. 156 at 2318.) | 50 U.S.C. § 1705 provides in relevant part: "It shall be unlawful for a person to violate, attempt to violate, conspire to violate, or cause a violation of any license, order, regulation, or prohibition issued under this title [50 USCS §§ 1701 et seq.]. . . .<br><br>(c)  Criminal penalty. A person who willfully commits, willfully attempts to commit, or willfully | **Section 1705** is a residual-clause offense because it can be violated without an act or element of force—namely, by providing services or entering into a conspiracy |

| | | |
|---|---|---|
| | conspires to commit, or aids or abets in the commission of, an unlawful act described in subsection (a) shall, upon conviction, be fined not more than $ 1,000,000, or if a natural person, may be imprisoned for not more than 20 years, or both." | agreement without committing an affirmative act of violence. |
| 44c— "Beginning, providing for, preparing a means for, and taking part in military expeditions and enterprises to be carried on from the United States against the territory and dominion of foreign states, districts, and peoples with whom the United States was at peace -- and conspiring to do so -- in violation of Title 18, United States Code, sections 371 and 960." (As delivered to the jury at Dkt. No. | 18 U.S.C. § 960 provides: "Whoever, within the United States, knowingly begins or sets on foot or provides or prepares a means for or furnishes the money for, or takes part in, any military or naval expedition or enterprise to be carried on from thence against the territory or dominion of any foreign prince or state, or of any colony, district, or people with whom the United States is at peace, shall be fined under this title or imprisoned not more than three years, or both." <br><br> 18 U.S.C. § 371 is the generic federal conspiracy statute and provides in relevant part: "If two or more persons conspire either to commit any offense against the United States, or to defraud the | **Section 960** [AKA the Neutrality Act] is a residual-clause offense because it can be violated without an act or element of force—namely, by furnishing money for an illegal military or naval expedition without otherwise participating in it or committing an affirmative act of violence. <br><br> **Section 371** is a residual-clause offense because it is a conspiracy statute that |

| | | |
|---|---|---|
| 156 at 2318.) | United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both." | can be violated without an act or element of physical force— namely, by entering into an illegal agreement to commit a crime without committing an affirmative act of violence. |
| 44d—"Enlisting and entering oneself or another to go beyond the jurisdiction of the United States with intent to be enlisted and entered in the service of any foreign prince, state, colony, district, and people as a soldier – and conspiring to do so -- in violation of Title 18, United States Code, sections 371 and 959." (As delivered to | 18 U.S.C. § 959 provides in relevant part: "Whoever, within the United States, enlists or enters himself, or hires or retains another to enlist or enter himself, or to go beyond the jurisdiction of the United States with intent to be enlisted or entered in the service of any foreign prince, state, colony, district, or people as a soldier or as a marine or seaman on board any vessel of war, letter of marque, or privateer, shall be fined under this title or imprisoned not more than three years, or both." 18 U.S.C. § 371 is the generic federal conspiracy statute, and is reproduced above under Jury Instruction 44c. | **Section 959** is a residual-clause offense because it can be violated without an act or element of physical force— namely, by enlisting or intending to enlist in a foreign army without doing any fighting or otherwise committing an affirmative act of violence.<br><br>**Section 371** is a residual clause offense because it is a |

| | | |
|---|---|---|
| the jury at Dkt. No. 156 at 2318.) | | conspiracy statute. See entry above under Jury Instruction 44c. |
| 44e—"Conspiring to commit at any place outside the United States acts that would constitute the offense of murder or maiming if committed in the special maritime and territorial jurisdiction of the United States, in violation of Title 18, United States Code, section 956(a)." (As delivered to the jury at Dkt. No. 156 at 2318.) | 18 U.S.C. § 956(a) provides in relevant part: "Whoever, within the jurisdiction of the United States, conspires with one or more other persons, regardless of where such other person or persons are located, to commit at any place outside the United States an act that would constitute the offense of murder, kidnapping, or maiming if committed in the special maritime and territorial jurisdiction of the United States shall, if any of the conspirators commits an act within the jurisdiction of the United States to effect any object of the conspiracy, be punished as provided in subsection (a)(2)." | **Section 956(a)** is a residual-clause offense because it is a conspiracy statute that can be violated without an act or element of physical force—namely, by entering into an illegal agreement to commit a crime without committing an affirmative act of violence. |
| 44f—"Conspiring to damage or destroy specific property situated within a foreign country and belonging to | 18 U.S.C. § 956(b) provides: "Whoever, within the jurisdiction of the United States, conspires with one or more persons, regardless of where such other person or persons are located, to damage or destroy specific property situated within a foreign country and belonging to a | **Section 956(b)** is a residual-clause offense because it is a conspiracy statute that can be violated without an act |

| | | |
|---|---|---|
| a foreign government or to any political subdivision thereof with which the United States is at peace, and any railroad, canal, bridge, airport, airfield, and other public utility, public conveyance, and public structure and any religious, educational, and cultural property so situated, in violation of Title 18, United States Code, section 956(b)." (As delivered to the jury at Dkt. No. 156 at 2318-19.) | foreign government or to any political subdivision thereof with which the United States is at peace, or any railroad, canal, bridge, airport, airfield, or other public utility, public conveyance, or public structure, or any religious, educational, or cultural property so situated, shall, if any of the conspirators commits an act within the jurisdiction of the United States to effect any object of the conspiracy, be imprisoned not more than 25 years." | or element of physical force—namely, by entering into an illegal agreement to commit a crime without committing an affirmative act of violence. |
| **44g**—"Attempting and conspiring to provide material support and resources, knowing or intending that they are to be | **18 U.S.C. § 2339A** provides in relevant part: "Whoever provides material support or resources or conceals or disguises the nature, location, source, or ownership of material support or resources, knowing or intending that they are to be used in preparation for, or in carrying out, a violation of [inter | **Section 2339A** is a residual-clause offense because it can be violated without an act or element of physical force—namely, by |

| | | |
|---|---|---|
| used in preparation for or in carrying out a violation of section 956 of Title 18, United States Code, in violation of Title 18, United States Code, section 2339[A]." (As delivered to the jury at Dkt. No. 156 at 2319.) | alia, 18 USC § 956] or in preparation for, or in carrying out, the concealment of an escape from the commission of any such violation, or attempts or conspires to do such an act, shall be fined under this title, imprisoned not more than 15 years, or both, and, if the death of any person results, shall be imprisoned for any term of years or for life. A violation of this section may be prosecuted in any Federal judicial district in which the underlying offense was committed, or in any other Federal judicial district as provided by law." | providing material support or resources, or entering into a conspiracy agreement without committing an affirmative act of violence. |
| 44h— "Attempting and conspiring to provide material support and resources to Al-Qaeda, in violation of Title 18, United States Code, section 2339[B]." (As delivered to the jury at Dkt. No. 156 at 2319.) | **18 U.S.C. § 2339B** provides in relevant part: "Whoever knowingly provides material support or resources to a foreign terrorist organization, or attempts or conspires to do so, shall be fined under this title or imprisoned not more than 20 years, or both, and, if the death of any person results, shall be imprisoned for any term of years or for life. To violate this paragraph, a person must have knowledge that the organization is a designated terrorist organization (as defined in subsection (g)(6)), that the organization has engaged or engages in terrorist activity (as defined in section 212(a)(3)(B) of the Immigration and Nationality Act [8 USCS § 1182(a)(3)(B)]), or | **Section 2339B** is a residual-clause offense because it can be violated without an act or element of physical force— namely, by providing illegal material support or by entering into a conspiracy agreement without committing an affirmative act of violence. |

| | | |
|---|---|---|
| | that the organization has engaged or engages in terrorism (as defined in section 140(d)(2) of the Foreign Relations Authorization Act, Fiscal Years 1988 and 1989 [22 USCS § 2656f(d)(2)])." | |
| 44i—"Enlisting and engaging with intent to serve in armed hostility against the United States – and conspiring to do so in violation of Title 18, United States Code, sections 371 and 2390." (As delivered to the jury at Dkt. No. 156 at 2319.) | **18 U.S.C. § 2390** provides: "Whoever enlists or is engaged within the United States or in any place subject to the jurisdiction thereof, with intent to serve in armed hostility against the United States, shall be fined under this title or imprisoned not more than three years, or both." | **Section 2390** is a residual-clause offense because it can be violated without an act or element of physical force—namely, by merely intending to serve in armed conflict against the United States without ever doing any fighting or otherwise committing an affirmative act of violence. |
| | **18 U.S.C. § 371** is the generic federal conspiracy statute, and is reproduced above under Jury Instruction 44c. | **Section 371** is a residual clause offense because it is a conspiracy statute. See entry above under Jury Instruction 44c. |