# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| *Plaintiff-Appellee,* | )<br>)<br>)<br>) | No. 14-4451<br>(1:04-cr-385-LMB) |
| v. | ) | |
| ALI AL-TIMIMI, | )<br>)<br>) | |
| *Defendant-Appellant.* | ) | |

## APPELLANT'S (SEVENTY-FIFTH) STATUS REPORT CONCERNING ONGOING REMAND PROCEEDINGS BEFORE THE DISTRICT COURT

Defendant-Appellant Dr. Ali Al-Timimi respectfully submits the following status report concerning the ongoing remand proceedings before the U.S. District Court for Eastern District of Virginia.

1. On August 4, 2015, this Court granted Al-Timimi's motion to remand this case to the district court for consideration of newly declassified evidence that was released (in redacted form) after the filing of his appeal. This Court further ordered that the appeal remain active on its docket, and that the parties file a status report every 30 days. On November 4, 2020, the reporting requirement was modified to

every 90 days. *See* ECF No. 128. Per these orders, the defense has filed regular status reports with this Court since September 3, 2015; this is the defense's seventy-fifth such report.

2. As detailed in prior reports, the government has—in a classified ex parte filing—submitted to the district court an unredacted version of the "Squad IT-3" document: the document at the center of Al-Timimi's 2015 remand motion before this Court. The government did not give Al-Timimi's cleared defense counsel access to the unredacted document; accordingly, the defense moved to compel its production along with an index of any other evidence being withheld on classification grounds. 1:04-cr-385 (E.D. Va), Dkt. Nos. 417-18; see also Dkt. Nos. 420 (opposition brief) & 430 (reply brief). The motion is currently pending.

3. On July 26, 2016, this Court modified the remand order to allow Al-Timimi to also seek reconsideration of his Section 924(c) convictions in light of the Supreme Court's intervening decision in *Johnson* v. *United States*, 135 S. Ct. 2551 (2015). The defense then filed with the district court a renewed motion for acquittal on counts 7 and 8, arguing that the underlying § 924(c)(3)(B) residual clause on which they

relied was void for vagueness under *Johnson*. Dkt. Nos. 432-433; see also Dkt. Nos. 437 (opposition brief) & 438 (reply brief).

  4. On November 21, 2016, the district court stayed resolution of the acquittal motion pending the Supreme Court's decision in *Sessions* v. *Dimaya*, No 15-1498, which presented a challenge to the similarly worded residual clause of 18 U.S.C. § 16(b) in the civil immigration context. Dkt. No. 439. *Dimaya* was originally argued before the Supreme Court on January 17, 2017, and then reargued on October 2, 2017.

  5. On April 17, 2018, the Supreme Court issued its decision in *Dimaya*, concluding that the § 16(b) residual clause was indeed void for vagueness. *Sessions* v. *Dimaya*, 138 S. Ct. 1204 (2018). Two days later, the district court lifted its stay over Al-Timimi's motion for acquittal and ordered the government to show cause within 30 days why it should not be granted in light of *Dimaya*. Dkt. No. 441. The government responded on May 21, Dkt. No. 442, to which the defense filed a reply on June 4, 2018. Dkt. No. 443. The motion then remained pending with the district court through June 2019.

6. On August 17, 2018, the defense moved the district court to also issue a judgment of acquittal on Count 1 under *Dimaya*. Dkt. Nos. 445-46; see also Dkt. No. 447 (opposition brief) and Dkt. No. 449 (reply). This motion too remained pending before the district court though June 2019.

7. On June 24, 2019, the Supreme Court issued a new decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), which concluded that 18 U.S.C. § 924(c)(3)(B)—the same residual clause Al-Timimi challenges here—is also void for vagueness. *Id.* at 2323. The next day, the district court again ordered the government to show cause as to why Al-Timimi's motions for acquittal on Counts 1, 7, and 8 should not be granted given *Davis*. Dkt. No. 453. The government responded on July 25, Dkt. Nos. 455-456, to which the defense filed a reply brief on August 19. Dkt. No. 459. The government then filed an additional brief on August 26, Dkt. No. 461, to which the defense replied on September 10, 2019. Dkt. No. 464. The motions remain pending with the district court.

8. On September 3, 2019, NARA advised the defense that the "Squad IT-3" document—the document at the center of the defense's original 2015 remand motion before this Court—had been declassified

in full. NARA released an updated version of the document, but advised that all redactions would still remain in place for the purpose of protecting various forms of "sensitive"—but nonclassified—information. The defense then reached out to the government, requesting access to the now-declassified document in unredacted form. On January 2, the government produced an updated version with some of the redactions removed; defense counsel are reviewing and consulting with their client.

9. On April 27, 2020, the defense filed an emergency motion with the district court seeking Al-Timimi's conditional release pending his appeal. *See* Dkt. Nos. 465-466 (motion and opening brief); Dkt. No. 473 (government opposition brief); Dkt. No. 477 (reply brief). The district court heard oral argument via a telephonic hearing on June 11. *See* Dkt. Nos. 480-81. The parties then made a series of supplemental filings over the following two months. *See, e.g.*, Dkt. Nos. 482-484 (supplemental filings by government); Dkt. Nos. 495 & 502-504 (reply by defense); Dkt. No. 505 (government notice of withdrawal of certain arguments).

10. On August 18, 2020, the district court granted the motion and ordered the defendant's conditional release into home confinement

pending his direct appeal, subject to various conditions outlined in the order. Dkt. Nos. 520 (order) & 519 (memorandum opinion). On August 25, the government noticed an appeal, *see* Dkt. No. 521, which was briefed to a panel of this Court on an expedited schedule as Case No. 20-4441. On August 31, 2020, this Court affirmed the conditional release order. *Id.* at ECF No. 27.

11. The government has reviewed this status report and has no objections or additions. Per this Court's directive, the defense will file its next status report in ninety days, or when the district court has rendered a final decision, whichever comes earlier.

Respectfully submitted,

/s/ Thomas M. Huff_____
Thomas M. Huff
Attorney-at-Law
P.O. Box 2248
Leesburg, VA 20177
(703) 665-3756
thuff@law.gwu.edu

Jonathan Turley
The George Washington University
    Law School
2000 H Street, N.W.
Washington, D.C. 20052
(202) 994-7001
jturley@law.gwu.edu

Counsel for Defendant-Appellant
Dr. Ali Al-Timimi

Dated: October 30, 2023

## CERTIFICATE OF SERVICE

I certify that on October 30, 2023, I will file the foregoing document on the CM/ECF system, which will then electronically serve it on all counsel of record.

                                          /s/ Thomas M. Huff_____
                                          Thomas M. Huff
                                          Attorney-at-Law
                                          P.O. Box 2248
                                          Leesburg, VA 20177
                                          (703) 665-3756
                                          thuff@law.gwu.edu

                                          Counsel for Defendant-Appellant
                                          Dr. Ali Al-Timimi