# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| *Plaintiff-Appellee,* | ) ) | No. 14-4451 |
| v. | ) ) | (1:04-cr-385-LMB) |
| ALI AL-TIMIMI, | ) ) ) | |
| *Defendant-Appellant.* | ) ) | |

## APPELLANT'S NOTICE OF
## OPINION AND ORDER OF THE DISTRICT COURT
## AND UNOPPOSED REQUEST FOR 30-DAY STAY OF
## SCHEDULING ORDER

Appellant Dr. Ali Al-Timimi respectfully submits this notice to alert the Court of a new opinion and order of the district court, entered on July 18, 2024 in the ongoing remand proceedings before the U.S. District Court for Eastern District of Virginia, and to request a 30-day stay of any scheduling order to allow time to locate substitute CJA counsel.

**Background**

1. On August 4, 2015, this Court granted Al-Timimi's motion to remand this case to the district court for consideration of newly

declassified evidence that was released (in redacted form) after he filed his appeal. ECF No. 56. This Court ordered that the appeal remain active on its docket, and further ordered the parties to file regular status reports and notify this Court when the district court has rendered a decision. *Id.*; see also ECF No. 128. Al-Timimi subsequently moved the district court to compel the government's production of the new evidence in unredacted form, along with an index of any other evidence being withheld on classification grounds. Dkt. Nos. 417-18.

2. On July 26, 2016, this Court expanded the remand order to allow the district court to also reconsider Al-Timimi's Section 924(c) convictions in light of intervening Supreme Court authority. ECF No. 73. Al-Timimi subsequently filed renewed Rule 29 motions for acquittal of his Section 924 convictions charged in Counts 1, 7, and 8 of the superseding indictment. See Dkt. Nos. 432 (Counts 7 and 8); 445 (Count 1). Over the following years, the motions went through multiple iterations of supplemental briefing to address additional intervening Supreme Court authority in *Sessions* v. *Dimaya*, 584 U.S. 148 (2018), *United States* v. *Davis*, 588 U.S. 445 (2019), and *United States* v. *Taylor*, 596 U.S. 845 (2022). After *Davis*, Al-Timimi also sought leave

from the district court to file and brief a motion for a new trial on Counts 9 and 10, arguing that the invalidation of the Section 924 conspiracy charged in Count 1 would render unsustainable the *Pinkerton* theory on which Counts 9 and 10 were based. See Dkt. No. 460 (motion for leave).

**Notice of Decision**

3.  On July 18, 2024, the district court issued an opinion and order resolving these motions. Dkt. Nos. 549 (memorandum opinion); 550 (order). The district court **granted** Al-Timimi's renewed motion for acquittal under Counts 7 and 8, **granted** his renewed motion for acquittal under Count 1, and **denied** his motion to compel the production of unredacted versions of certain discovery documents. Dkt. No. 550. The court also **denied** Al-Timimi's motion for leave to seek a new trial on Counts 9 and 10, *id.*, based on its conclusion that the requested relief was beyond the scope of this Court's remand order. See Dkt. No. 549 at 26. Accordingly, Al-Timimi is no longer subject to a lifetime prison sentence, and only Counts 9 and 10 continue to subject him to imprisonment. The defense has reviewed the decision and is counseling their client.

**Request for 30-day stay of scheduling order**

4. Undersigned counsel also wish to alert the Court that they are in the process of seeking substitute CJA counsel to assume representation of Al-Timimi on appeal. Counsel strongly believe that this appeal raises several complex and important issues of first impression that deserve to be fully litigated in the interest of justice. But due to changing personal obligations since this case was last remanded in 2015, undersigned counsel believe that Al-Timimi's interest will be best served by retaining substitute counsel who can devote appropriate resources and attention to the vigorous litigation of the appeal.

5. Attorney Jonathan Turley has represented Al-Timimi on a pro bono basis for approximately 20 years, but must withdraw due to a reduction in his legal practice. Attorney Thomas Huff has represented Al-Timimi for almost 10 years, but has just this summer entered a full-time Ph.D. program with substantial research obligations; he intends to remain involved in the case to assist substitute counsel, but is not in a position to assume the appeal on a solo basis. Both attorneys have also borne significant personal costs representing Al-Timimi before the

district court in years of complex post-trial litigation without the resources of a law firm.

6. Counsel therefore respectively request that this Court stay the entry of a briefing schedule for 30 days to allow them to locate appropriate substitute CJA counsel to vigorously represent Al-Timimi's interests on appeal. Because the case below involved the use of classified briefing and classified CIPA hearings, it is expected that at least one attorney will need to have or be able to obtain a TS/SCI security clearance. Counsel can represent that they are in active talks with one firm, and have reached out to several others.

7. The parties have conferred, and the government does not opposed the request for a 30-day stay of an appellate scheduling order.

Respectfully submitted,

/s/ Thomas M. Huff
Thomas M. Huff
Attorney-at-Law
P.O. Box 2248
Leesburg, VA 20177
(703) 665-3756
thuff@law.gwu.edu

Jonathan Turley
The George Washington University
   Law School
2000 H Street, N.W.
Washington, D.C. 20052
(202) 994-7001
jturley@law.gwu.edu

Counsel for Defendant-Appellant
Dr. Ali Al-Timimi

Dated: July 26, 2024

# CERTIFICATE OF SERVICE

I certify that on July 26, 2024, I will file the foregoing document on the CM/ECF system, which will then electronically serve it on all counsel of record.

/s/ Thomas M. Huff_____
Thomas M. Huff
Attorney-at-Law
P.O. Box 2248
Leesburg, VA 20177
(703) 665-3756
thuff@law.gwu.edu

Counsel for Defendant-Appellant
Dr. Ali Al-Timimi