# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Plaintiff-Appellee,* ) | |
| ) | No. 14-4451 |
| v. ) | (1:04-cr-385-LMB) |
| ) | |
| ALI AL-TIMIMI, ) | |
| ) | |
| *Defendant-Appellant.* ) | |

## APPELLANT'S MOTION FOR 30-DAY EXTENSION OF TIME TO FILE JOINT APPENDIX AND OPENING APPELLATE BRIEF

Appellant Dr. Ali Al-Timimi respectfully moves this Court for a 30-day extension of time—from October 31, 2024 to December 2, 2024—to (1) accommodate his ongoing efforts to secure at least one defense attorney with an appropriate active security clearance to review the various classified pleadings in the record below, and (2) allow this Court to resolve his separate motion to appoint attorneys Geremy Kamens and Frances Pratt from the Office of the Federal Public Defender to represent him in this appeal—both of whom have previously held security clearances and worked with classified briefing before this

Court. The parties have conferred, and the government position is relayed below at p. 6.

In further support, the defense states as follows:

1. As previously noted, this direct appeal stems from a complex national security prosecution with a litigation history spanning 20 years across a jury trial and two extended remand proceedings. ECF No. 151 at 2. The most recent remand proceeding began in 2015 and involved the consideration of newly declassified evidence and several renewed motions for acquittal that went through multiple iterations of briefing to address intervening Supreme Court authority. From August 2020 to May 2024, however, that remand litigation became effectively dormant and Al-Timimi's various post-trial motions remained pending. *Id*. at 11, 14.

2. On July 18, 2024, Al-Timimi's appeal was suddenly reactivated when the district court issued an order and memorandum opinion that resolved all of his pending motions. In so doing, the district court granted Al-Timimi's motions for acquittal on Counts 1, 7, and 8 and vacated his lifetime prison sentence. Consequently, only Counts 9 and 10 of the operative indictment continue to subject Al-Timimi to

2

imprisonment and his appellate arguments have been significantly altered. The government has not noticed a cross appeal.

    3.    Over this case's recent four-year period of inactivity, Al-Timimi's two pro bono defense attorneys have experienced changing personal and professional circumstances that has caused them to substantially reduce their litigation practices. See ECF No. 151 at 11-14; see also ECF No. 151-2 (Huff Decl.) at ¶¶ 12-17. Attorney Thomas Huff has spent the last several years continuing his graduate studies in biomedical research and recently entered a Ph.D. program with full-time research and coursework obligations. Attorney Jonathan Turley has largely suspended his litigation practice due to circumstances concerning a private family matter.

    4.    Moreover, Mr. Turley understands that his TS/SCI security clearance has not been renewed since 2018, and thus the defense currently has no cleared counsel at all to review and address the various classified pleadings in the record below.

    5.    As defense counsel represented last month, undersigned counsel were diligently searching for appropriate substitute counsel for their client and were committed to retaining such counsel within 30

days. ECF No. 151 at 15-16. The defense has now located two eminently qualified attorneys in the Office of the Federal Public Defender for the Eastern District of Virginia—Mr. Geremy Kamens and Ms. Frances Pratt—both of whom have decades of experience handling complex federal criminal appeals before this Court.

6. Mr. Kamens and Ms. Pratt have also previously held security clearances and worked with classified pleadings and briefing before this Court.

7. The Defendant-Appellant Ali Al-Timimi has recently met with Mr. Kamens and Ms. Pratt in person at their office and wishes for them to represent him. Accordingly, Al-Timimi is separately moving this Court to appoint the Federal Public Defender to represent him in this appeal.

8. Even so, the government has advised that it will oppose the substitution of counsel, and has taken the position by email that it believes that undersigned counsel could "readily" brief the appeal by October 31. See p. 6, *infra*. As the defense has countered, this claim is simply inaccurate, as it would not be possible for Mr. Turley or Mr. Huff to provide effective representation given the changes in their personal

4

circumstances over the last four years. Indeed, the process of litigating these opposed motions has already resulted in substantial hardship to Mr. Huff by requiring him to neglect very important research and coursework obligations, thus compromising his standing in his doctoral program. Should he be compelled to represent Al-Timimi on a solo basis, it will quickly become impossible for him to maintain his standing in that program.

9. Moreover, as previously explained, Mr. Turley's TS/SCI security clearance has not been renewed since 2018 and thus gone inactive during this case's four years of effective dormancy. ECF No. 151 at 16. As a result, the defense presently has no cleared counsel capable of reviewing and addressing the various classified pleadings in the record at all.

10. Accordingly, Al-Timimi respectfully seeks this 30-day extension of time—from October 31, 2024 to December 2, 2024—to file his opening brief and joint appendix to accommodate his ongoing efforts to (1) accommodate his ongoing efforts to secure at least one defense attorney with an active security clearance required to review the various classified pleadings in the record, and (2) allow this Court to

5

resolve his motion to appoint the Federal Public Defender to represent him in this appeal.

### The government's position

11.     The parties have conferred, and the government has responded by email as follows:

> Our position remains the same: the United States opposes the motions to the extent that the recruitment of new counsel will necessitate further continuances in the briefing schedule so that the new counsel can catch up on the last 20 years of litigation. Based on the work that you and [Mr. Turley] have done in the last 19 years since you were brought on to do the appeal, you readily could brief the issues properly by the October 31st due date, so the most appropriate resolution is to stay on the matter at least through the briefing.

Full email exchange attached as **Exhibit 1**.

12.     The first sentence of the government's response appears to specifically object to the substitution of counsel. The defense replied and requested clarification as to whether the government was in fact only opposing the motion to appoint substitute counsel, or whether it was also opposing the extension request. The government responded this evening: "My position is that which I emailed you earlier today, in my message of 11:25 am [quoted above]." See *id*. (full email exchange).

6

## CONCLUSION

Wherefore Appellant Dr. Ali Al-Timimi respectfully requests that this Court extend the deadline for filing Al-Timimi's opening brief and joint appendix by 30 days from October 31, 2024 to December 2, 2024.

Respectfully submitted,

/s/ Thomas M. Huff_____
Thomas M. Huff
Attorney-at-Law
P.O. Box 2248
Leesburg, VA 20177
(703) 665-3756
thuff@law.gwu.edu

Jonathan Turley
The George Washington University
   Law School
2000 H Street, N.W.
Washington, D.C. 20052
(202) 994-7001
jturley@law.gwu.edu

Counsel for Defendant-Appellant
Dr. Ali Al-Timimi

Dated: October 23, 2024

# CERTIFICATE OF SERVICE

I certify that on October 23, 2024, I will file the foregoing document on the CM/ECF system, which will then electronically serve it on all counsel of record.

/s/ Thomas M. Huff_____
Thomas M. Huff
Attorney-at-Law
P.O. Box 2248
Leesburg, VA 20177
(703) 665-3756
thuff@law.gwu.edu

Counsel for Defendant-Appellant
Dr. Ali Al-Timimi