# Exhibit A



Thomas Huff <thuff@law.gwu.edu>

## Re: [EXTERNAL] US v Al-Timimi - motion to appoint federal public defender, withdraw Jonathan Turley as counsel, and extend filing deadline by 30 days

**Kromberg, Gordon (USAVAE)** <Gordon.Kromberg@usdoj.gov>   Tue, Oct 22, 2024 at 9:03 PM
To: Thomas Huff <thuff@law.gwu.edu>
Cc: "Attias, Joseph (USAVAE)" <Joseph.Attias2@usdoj.gov>, Jonathan Turley <jturley@law.gwu.edu>

My position is that which I emailed you earlier today, in my message of 11:25 am.

Get Outlook for iOS

---

**From:** Thomas Huff <thuff@law.gwu.edu>
**Sent:** Tuesday, October 22, 2024 2:42:59 PM
**To:** Kromberg, Gordon (USAVAE) <GKromberg@usa.doj.gov>
**Cc:** Attias, Joseph (USAVAE) <JAttias@usa.doj.gov>; Jonathan Turley <jturley@law.gwu.edu>
**Subject:** Re: [EXTERNAL] US v Al-Timimi - motion to appoint federal public defender, withdraw Jonathan Turley as counsel, and extend filing deadline by 30 days

Gordon,

I've read your email, and I understand that you oppose our motion to change counsel. Although I cannot agree with your characterization of the case, I gather from our prior exchanges that we will not be able to narrow our disagreements about that. I do feel compelled to say that most of my work over the 10 years has been (1) filing motions for acquittal on Counts 1, 7, and 8, and (2) filing the motion for conditional bail release in 2020. But the district court recently granted those motions for acquittal, and the government has not cross-appealed.

So I don't see how those pleadings would be transformed into an appellate brief. In our motion last month, we describe several anticipated appellate issues on pages 5-11. With the exception of (a), I don't think that any were substantively briefed on remand over the last 19 years. (Some were outlined at a very high level in our 2020 briefing.) I also don't understand why, when I contacted you in July and notified you we were seeking substitute counsel, you had no objection.

Regardless of our disagreement about that, **I just want to make sure I'm clear on your position on the extension motion, since we intend to file it separately**. Again, we seek that extension from October 31 to December 2 (1) to allow the Court to resolve our motion to appoint the FPD, and (2) because, at present, no defense attorneys have an active security clearance at all, and are thus unable to review and address the classified pleadings in the record below. Do you oppose that extension motion as well?

Thank you,

Tom

On Tue, Oct 22, 2024 at 11:25AM Kromberg, Gordon (USAVAE) <Gordon.Kromberg@usdoj.gov> wrote:

> Tom,
>
> Our position remains the same: the United States opposes the motions to the extent that the recruitment of new counsel will necessitate further continuances in the briefing schedule so that the new counsel can catch up on the last 20 years of litigation. Based on the work that you and Jonathan have done in the last 19 years since you were brought on to do the appeal, you readily could brief the issues properly by the October 31st due date, so the most appropriate resolution is to stay on the matter at least through the briefing.
>
> I expect that in the time that you've devoted to seeking continuances and/or new counsel, you readily could have taken your substantive pleadings from the last 19 years and made them into an appellate brief.

I also note that during the time we have been discussing your desire to obtain new counsel for Timimi, the issues that you write that Jonathan is facing apparently have not prevented him from writing cogent pieces on many topics. *See, e.g.,* just since the beginning of the month:

https://jonathanturley.org/2024/10/03/curbing-free-speech-john-kerry-denounces-the-first-amendment-as-a-major-block-to-removing-disinformation/

https://jonathanturley.org/2024/10/07/jack-smiths-october-surprise-was-not-that-surprising-and-that-is-the-problem/#more-224035

https://jonathanturley.org/2024/10/08/kamalas-true-grit-harris-embraces-gun-vilified-during-the-biden-harris-administration/

https://nypost.com/2024/10/14/opinion/doing-the-walz-tims-bait-and-switch-endangers-free-speech/

https://jonathanturley.org/2024/10/14/liberals-are-losing-their-minds-over-elon-musk/

https://thehill.com/opinion/judiciary/4942043-supreme-court-tosses-decision/

https://jonathanturley.org/2024/10/19/is-kamala-harris-a-plagiarist/#more-224373

https://jonathanturley.org/2024/10/22/the-mark-of-kaine-the-biden-administration-under-fire-for-virginia-lawsuit-over-non-citizen-voter-removals/

In my personal capacity, I am glad that Jonathan writes (and speaks) so persuasively on such important topics, and I certainly hope that, in these tumultuous times, he can continue to share his valuable insights with the public. That being said, in my official capacity, I hope that he also can find time to help meld his (and your) substantive pleadings from the last 19 years into an appellate brief.

Thank you for contacting me.

Gordon

---

**From:** Thomas Huff <thuff@law.gwu.edu>
**Sent:** Monday, October 21, 2024 5:11 PM
**To:** Kromberg, Gordon (USAVAE) <GKromberg@usa.doj.gov>
**Cc:** Attias, Joseph (USAVAE) <JAttias@usa.doj.gov>; Jonathan Turley <jturley@law.gwu.edu>
**Subject:** Re: [EXTERNAL] US v Al-Timimi - motion to appoint federal public defender, withdraw Jonathan Turley as counsel, and extend filing deadline by 30 days

Gordon,

Given the government's opposition, we now plan to seek our relief in two separate motions.

**The first motion** will ask the Court to (1) withdraw Jonathan as counsel and (2) appoint the Federal Public Defender to represent Ali Al-Timimi on appeal for the reasons described below and further detailed in our motion last month. Due to changes in our personal circumstances over the last four years, it is not possible for Jonathan or me to assume a leading role in the appeal. In my case, simply drafting these opposed motions is a very substantial hardship that is requiring me to neglect some very important obligations as a first-year PhD student and is significantly jeopardizing my

standing. As I previously mentioned, I applied for this PhD program last year at a time when the litigation had been dormant for years. Over the last four years, I have been involved in almost no substantive litigation activity at all (save one recent cert petition). Jonathan's change in circumstances concerns a private family matter, but I can again represent my confident belief that no reasonable person would question his need for withdrawal.

**The second motion** will seek a 30-day extension of time from October 31 to Dec 2 to (1) allow the Court to resolve the above motion to appoint the FPD, and (2) accommodate our client's effort to retain at least one defense attorney with an appropriate security clearance to review the classified pleadings in the record below. Jonathan's understanding is that his security clearance has not been renewed since 2018, and I believe that we lost contact with former CISO Maura Peterson around 2022. Because Mr. Kamens and Ms. Pratt have both previously held security clearances and worked with classified briefing, we think that their appointment would be the most efficient way to cure this issue. **But even if you intend to oppose the motion for their appointment, would you please let us know if you also oppose our 30-day extension request to allow that motion to be resolved?**

Thank you,

Tom

On Wed, Oct 16, 2024 at 5:10 PM Kromberg, Gordon (USAVAE) <Gordon.Kromberg@usdoj.gov> wrote:

> Tom,
>
> I'm glad to hear that you are staying on the appeal.
>
> Our position remains the same: the United States opposes the motion to the extent that the recruitment of new counsel will need necessitate further continuances in the briefing schedule so that the new counsel can catch up on the last 20 years of litigation. Based on the work that you and Jonathan have done in the last 19 years since you were brought on to do the appeal, you readily could brief the issues properly by the October 31st due date, so the most appropriate resolution is to stay on the matter at least through the briefing.
>
> Thank you for contacting me.
>
> Gordon
>
> ---
>
> **From:** Thomas Huff <thuff@law.gwu.edu>
> **Sent:** Wednesday, October 16, 2024 11:35 AM
> **To:** Kromberg, Gordon (USAVAE) <GKromberg@usa.doj.gov>; Attias, Joseph (USAVAE) <JAttias@usa.doj.gov>
> **Cc:** Jonathan Turley <jturley@law.gwu.edu>
> **Subject:** [EXTERNAL] US v Al-Timimi - motion to appoint federal public defender, withdraw Jonathan Turley as counsel, and extend filing deadline by 30 days
>
> Gordon,

Our client has now finalized his selection of counsel in the Office of the Federal Public Defender, and so I am writing to seek the government's position on a more comprehensive motion than what Jonathan originally proposed last week. We now intend to move the Fourth Circuit to (1) appoint Geremy Kamens and Frances Pratt from the Office of the Federal Public Defender to represent Ali Al-Timimi on appeal, (2) withdraw Jonathan as counsel, and (3) extend the filing deadline by 30 days from October 31 to December 2, 2024 (as adjusted for the weekend).

We seek (1) and (2) for the same reasons detailed in our extension motion last month: Due to changes in our personal circumstances over the last four years, it is not possible for either Jonathan or me to assume a leading role in the appeal. But as we told the Court, we were committed to securing substitute counsel within 30 days and have now done so. I also intend to remain as an attorney of record, though primarily in a supportive role. All of us are committed to the goal of litigating and pursuing resolution of the appeal on the merits. I would also submit that Mr. Kamens and Ms. Pratt have an especially well-established record of doing just that.

We seek (3) to accommodate the FPD attorneys' anticipated need to reactivate their security clearances upon appointment and their need to review the record and research and prepare the appeal.


Would you please let us know the government's position?

Best regards,

Tom