No. 14-4451

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH COURT

———————

### UNITED STATES OF AMERICA,
*Plaintiff/Appellee,*

**v.**

### ALI AL-TIMIMI,
*Defendant/Appellant.*

———————

**On Appeal From the United States District Court
for the Eastern District of Virginia
Alexandria Division (The Hon. Leonie M. Brinkema)**

———————

**JOINT APPENDIX**

**VOLUME I of XIII (pages 1 - 122)**

———————

**ERIC S. SIEBERT**
**United States Attorney**

**Gordon D. Kromberg**
**Assistant U.S. Attorney**
**Counsel for Appellee**
**2100 Jamieson Avenue**
**Alexandria, VA 22314**
**(703) 299-3700**

**Joseph Attias**
**Attorney**
**Counsel for Appellee**
**Nat'l Security Division**
**U.S. Dep't of Justice**
**Washington, DC 20530**

**GEREMY C. KAMENS**
**Federal Public Defender**

**Geremy C. Kamens**
**Federal Public Defender**
**Counsel for Dr. Al-Timimi**
**1650 King Street, Suite 500**
**Alexandria, VA 22314**
**(703) 600-0800**

This page intentionally left blank for double-sided pagination and printing

# TABLE OF CONTENTS

### VOLUME I (pages 1 - 122)

District Court Docket Sheet (as of Apr. 28, 2025) ......................................1

Indictment (Sept. 23, 2004, Doc. 1).............................................................49

Superseding Indictment (Feb. 3, 2005, Doc. 47) ........................................64

Government's Proposed Jury Instructions (Mar. 28, 2005, Doc. 84).....................80

### VOLUME II (pages 123 - 372)

Transcript, Jury Trial, Day 1 (Apr. 4, 2005, Doc. 294) (defense opening
    statement)...............................................................................................123

Transcript, Jury Trial, Day 1 (Apr. 4, 2005, Doc. 148) ...........................144

Opening statements ................................................................................148

By the government...............................................................................148
By the defense......................................................................*see* J.A. 126

Government's evidence ...........................................................................167

Stipulation...............................................................................................167

Nabil Gharbieh                    Direct examination...................................171
                                  Cross examination....................................233
                                  Redirect examination ..............................274
                                  Recross examination ................................281

Muhammad Aatique                  Direct examination...................................283

Concluding matters ...................................................................................369

i

## VOLUME III (pages 373 - 656)

Transcript, Jury Trial, Day 2 (Apr. 5, 2005, Doc. 149) .........................................373

    Preliminary matters ...................................................................377

    Government's evidence, cont'd ....................................................377

        Muhammad Aatique      Direct examination (resumed) .................378
                                          Cross examination...................................398
                                          Redirect examination .............................468
                                          Recross examination ..............................489

        Stipulations .....................................................................492

        Donald Surratt           Direct examination...................................504
                                            Cross examination...................................570
                                          Redirect examination .............................585
                                          Recross examination ..............................588

        Detective John Hodge      Direct examination...................................589
                                            Cross examination...................................592
                                          Redirect examination .............................592

        Stipulations .....................................................................594

        Playing of audiotapes......................................................598

        Yong Ki Kwon           Direct examination...................................604

    Concluding matters .....................................................................655

## VOLUME IV (pages 657 - 972)

Transcript, Jury Trial, Day 3 (Apr. 6, 2005, Doc. 150) .........................................657

    Preliminary matters ...................................................................661

Government's evidence, cont'd ...................................................................665

    Evan Francois Kohlmann    Direct examination...................................665
                                 Cross examination....................................817
                                 Redirect examination ..............................895
                                 Recross examination ...............................903

    Stipulations ................................................................................905

    Playing of audiotape .................................................................914

  Concluding matters .........................................................................970


## VOLUME V (pages 973 - 1270)

Transcript, Jury Trial, Day 4 (Apr. 7, 2005, Doc. 151) .........................................973

  Preliminary matters.........................................................................977

  Government's evidence, cont'd ...................................................................980

    Playing of audiotapes and videotape ...........................................980

    S.A. Tracy Kneisler    Direct examination................................1093
                              Cross examination................................1099

    S.A. Christopher Paul Mamula  Direct examination................................1100

    S.A. Donald L. Monday    Direct examination................................1105
                              Cross examination................................1127

    Stipulations ..............................................................................1131

    Yong Ki Kwon    Direct examination (resumed) ..............1146
                            Cross examination................................1238

  Concluding matters .........................................................................1268

## VOLUME VI (pages 1271 - 1550)

Transcript, Jury Trial, Day 5 (Apr. 11, 2005, Doc. 152) ....................................1271

    Preliminary matters ...............................................................1275

    Government's evidence, cont'd ...............................................1279

| | | |
|---|---|---|
| Yong Ki Kwon | Cross examination (resumed) | 1279 |
| | Redirect examination | 1446 |
| | Recross examination | 1475 |
| S.A. Wade Ammerman | Direct examination | 1481 |
| | Cross examination | 1539 |

    Concluding matters ...............................................................1548

## VOLUME VII (pages 1551 - 1804)

Transcript, Jury Trial, Day 6 (Apr. 12, 2005, Doc. 153) ....................................1551

    Government's evidence, cont'd ...............................................1555

| | | |
|---|---|---|
| S.A. Wade Ammerman | Cross examination (resumed) | 1556 |
| | Redirect examination | 1582 |
| | Recross examination | 1593 |

    Stipulations ...........................................................................1600

    Playing of audiotapes............................................................1610

| | | |
|---|---|---|
| S.A. John Wyman | Direct examination | 1656 |

    Concluding matters ...............................................................1799

VOLUME VIII (pages 1805 - 2058)

Transcript, Jury Trial, Day 7 (Apr. 13, 2005, Doc. 154) ...................................1805

    Preliminary matters ...................................................................1808

    Government's evidence, cont'd ....................................................1810

        S.A. John Wyman              Direct examination (resumed) ..............1810
                                    Cross examination.................................1852
                                    Redirect examination ...........................1916
                                    Recross examination .............................1923

        Alex Daghestani             Direct examination................................1927
                                    Cross examination.................................1935

        Andre Thompson              Direct examination................................1940
                                    Cross examination.................................1951

        Playing of audiotapes.................................................1954

        Government rests ...........................................1955, 1965

    Defendant's Rule 29 motion .......................................1958

    Defendant's evidence ................................................1965

        Sherdil Loynab              Direct examination................................1966
                                    Cross examination.................................1970
                                    Redirect examination ...........................1976

        Yousuf Jaafar Idris         Direct examination................................1977
                                    Cross examination.................................2018

    Concluding matters .................................................2056

## VOLUME IX (pages 2059 - 2318)

Transcript, Jury Trial, Day 8 (Apr. 14, 2005, Doc. 155) .....................................2059

    Defendant's evidence, cont'd ........................................................................2063

        Yousuf Jaafar Idris          Cross examination (resumed) ...............2063

        Luther Kennedy            Direct examination..................................2136
                                               Cross examination..................................2144
                                               Redirect examination .............................2163
                                                 Recross examination .............................2168

        Curtis Jamison              Direct examination..................................2172
                                               Cross examination..................................2189

        Defendant rests ..........................................................................2198

    Government's rebuttal evidence ...................................................................2198

        Khwaja Mahmood Hasan     Direct examination..................................2199
                                               Cross examination..................................2235
                                           Redirect examination .............................2278
                                           Recross examination .............................2284

        Muhammad Aatique, recalled   Direct examination..................................2290

        Conclusion of evidence ...........................................................2293

    Preliminary charge conference ....................................................................2306

## VOLUME X (pages 2319 - 2568)

Transcript, Jury Trial, Day 9 (Apr. 18, 2005, Doc. 156) .....................................2319

    Charge conference .........................................................................................2322

Closing arguments ........................................................2346

    By the government.............................................2346
    By the defense..................................................2376
    Rebuttal by the government................................2415

Jury charge ..................................................................2429

Jury deliberations ........................................................2500

    Jury question ...................................................2500

Transcript, Jury Trial, Day 10 (Apr. 19, 2005, Doc. 157)..........2506

    Jury deliberations, cont'd..................................2507

    Jury question ...................................................2507

Transcript, Jury Trial, Day 11 (Apr. 20, 2005, Doc. 158)..........2515

    Jury deliberations, cont'd..................................2517

    Jury question ...................................................2517

    Jury questions ..................................................2520

Transcript, Jury Trial, Day 12 (Apr. 22, 2005, Doc. 159)..........2535

    Jury deliberations, cont'd..................................2537

Transcript, Jury Trial, Day 13 (Apr. 25, 2005, Doc. 160)..........2540

    Jury deliberations, cont'd..................................2542

    Jury questions ..................................................2542

Transcript, Jury Trial, Day 14 (Apr. 26, 2005, Doc. 161)..........2553

    Return of verdict .............................................2555

Concluding matters ...................................................................2560

Verdict Form (Apr. 26, 2005, Doc. 107) .......................................2566


## VOLUME XI (pages 2569 - 2770)

Defendant's Motion for Judgment of Acquittal (June 6, 2005, Doc. 118)..........2569

Defendant's Corrected Motion for New Trial (June 14, 2005, Doc. 124) ..........2630

Government's Response to Defendant's Post-Trial Motions (June 20, 2005, Doc. 125)...................................................................2647

Defendant's Reply to the Government's Response to Defendant's Post-Trial Motions (June 28, 2005, Doc. 126) (attachments omitted from appendix)...................................................................2688

Transcript, Sentencing Hearing (July 13, 2005, Doc. 147) .................................2719

    Argument and ruling on Rule 29 motion....................................2720
    Argument and ruling on Rule 33 motion....................................2724
    Ruling on Guidelines objections................................................2735
    Argument on sentencing ..........................................................2739
    Allocution ...............................................................................2746
    Imposition of sentence .............................................................2750

Judgment in a Criminal Case (July 13, 2005, Doc. 132)....................................2758

Notice of Appeal (July 15, 2005, doc. 133)........................................................2765

Fourth Circuit Judgment (corrected) (with copy of Apr. 25, 2006 order) (May 19, 2006, Doc. 168)...............................................................2767


## VOLUME XII (pages 2771 - 2998)

Transcript, Hearing (Aug. 24, 2007, Doc. 239)................................................2771

Transcript, Hearing (Nov. 20, 2007, Doc. 245)......................................................2790

Transcript, Hearing (May 16, 2008, Doc. 263) ...................................................2795

Transcript, Hearing (Oct. 23, 2008, Doc. 272).....................................................2802

Transcript, Hearing (Feb. 19, 2009, Doc. 297).....................................................2827

Transcript, Hearing (Oct. 4, 2013, Doc. 340) ......................................................2834

(Redacted) Memorandum Opinion (denying motions to compel) (Apr. 28, 2014, Doc. 350).....................................................................................................2864

Order (May 21, 2014, Doc. 357)...........................................................................2887

Notice of Appeal (June 4, 2014, Doc. 358) ..........................................................2889

Fourth Circuit Order (remanding case for further proceedings) (Aug. 4, 2015, Doc. 406).....................................................................................................2892

Fourth Circuit Order (expanding scope of remand) (July 26, 2016, Doc. 431).................................................................................................................2894

Government's Response in Opposition to Defendant's Second Motion for Acquittal on Count 1 (Aug. 29, 2018, Doc. 447) ..........................................2896

Defendant's Reply to Government's Supplemental Memorandum on *United States v. Davis* (Aug. 19, 2019, Doc. 459) .........................................2905

Government's Reply in Further Support of Its Supplemental Memorandum on *United States v. United States* (Aug. 26, 2019, Doc. 461) ........................2936

(Redacted) Memorandum Opinion (granting release pending appeal) (Aug. 18, 2020, Doc. 519) ...................................................................................2953

Order (granting release pending appeal) (Aug. 18, 2020, Doc. 520) .................2969

Fourth Circuit Order (affirming grant of release pending appeal) (Aug. 31, 2020, Doc. 535)...............................................................................................2971

Memorandum Opinion (vacating Counts 1, 7, and 8) (July 18, 2024, Doc. 549)......................................................................................2972

Order (vacating Counts 1, 7, and 8) (July 18, 2024, Doc. 550).........................2998


VOLUME XIII (pages 2999 - end)

Selected Government Trial Exhibits....................................................................2999

Gov't Exh. 1B1a: transcript of Apr. 7, 2003 consensually monitored call between Kwon and Royer.........................................................................2999

Gov't Exh. 1B2a: transcript of Apr. 8, 2003 consensually monitored call between Kwon and Royer.........................................................................3053

Gov't Exh. 1B4a: transcript of Apr. 17, 2003 consensually recorded CCTV hotel meeting between Kwon and Royer......................................3084

Gov't Exh. 1D27: Taiba Bulletin, Oct. 17, 2000...........................................3131

Gov't Exh. 1D28: Taiba Bulletin, Oct. 27, 2000...........................................3134

Gov't Exh. 1D29: Taiba Bulletin, Nov. 7, 2000............................................3137

Gov't Exh. 1D45: Taiba Bulletin, Sept. 26, 2001 (post from nadqpk@yahoo.com)..................................................................................3139

Gov't Exh. 1D48: Taiba Bulletin, Oct. 13, 2001 (post from nadqpk@yahoo.com)..................................................................................3141

Gov't Exh. 1D52: Taiba Bulletin, June 24, 2001 (post from nadqpk@yahoo.com)..................................................................................3144

Gov't Exh. 1F1: LET Poster, image 1 ...........................................................3151

Gov't Exh. 1F3: LET Poster, image 3 ...........................................................3152

Gov't Exh. 1F4: LET Poster, image 4 ...........................................................3153

Gov't Exh. 1G10a: transcript of Apr. 1, 2003 recorded telephone call (Hammad and Royer call Al-Timimi) ...................................................... 3154

Gov't Exh. 4G7: email dated June 19, 2001 from pballaz@yahoo.com, regarding praying in a moving car............................................................ 3164

Gov't Exh. 7A19: Uqla fatwa on events of 9/11, in English, taken from Surratt's residence on May 8, 2003 .......................................................... 3168

Gov't Exh. 7A23; Hawali's *Statement to the Ummah* in English ................. 3178

Gov't Exh. 7A39a: translation of website containing Space Shuttle article in Arabic ........................................................................................ 3200

Gov't Exh. 7C31: email dated Sept. 20, 2001 from Kwon to Belton Harris ...................................................................................................... 3203

Gov't Exh. 7D3: email dated Oct. 15, 2001 from Surratt re. Hawali's *Statement to the Ummah* ................................................................................ 3204

Gov't Exh. 7F24a: UPI News article dated Sept. 16, 2001 titled *Taliban Leaders Seek Islamic Support*.................................................................... 3206

Gov't Exh. 7H12: plea agreement and statement of facts for Muhammed Aatique...................................................................................................... 3207

Gov't Exh. 10A3: document entitled *Suicide Attacks, Are They Suicide? A Shariah Viewpoint* .................................................................................. 3223

Gov't Exh. 10A41: email dated Oct. 23, 2000 from Nabil to Timimi re: trip to Delaware .......................................................................................... 3227

Gov't Exh. 10D19: email dated Oct. 21, 2001 email from altimimi@yahoo.com to aqdcksa@yahoo.com re. "Utter Nonsense" ...... 3229

Gov't Exh. 10H1A: record of instant messaging session with Bin Laden statement preamble .................................................................................... 3233

Gov't Exh. 10J7: article, *Sheikh Ali Timimi on the Taliban and the Statues* ...................................................................................................... 3260

Gov't Exh. 10J9: email dated December 13, 2001 from Timimi re. "A call to reflect and repentance" ..................................................3262

Gov't Exh. 10J15: affidavit of Youseff Idris.................................3265

Gov't Exh. 10S1: summary chart of Timimi / Kwon telephone calls, Sept. 16, 2001 ..........................................................................3266

Gov't Exh. 10S2: summary chart of Timimi / Kwon telephone calls, Sept. 19, 2001 ..........................................................................3267

Gov't Exh. 10S3: summary chart of Kwon telephone calls, Sept. 16, 2001 ...........................................................................................3268

Gov't Exh. 10T1: photograph, package of "New World Order" cassette tapes ..........................................................................................3272

Gov't Exh. 12-1: stipulation re. background facts............ 3273; *see* J.A. 167-171

Gov't Exh. 12-60: stipulation re. electronic surveillance of calls and email.............................................................................................3277

Gov't Exh. 12-61: stipulation re. Al-Timimi lectures ............3278; *see* J.A. 2344

Selected Defense Trial Exhibits.........................................................3280

Def't Exh. 33: Al-Timimi lecture titled *Muslims in America in the Face of Accusations of "Fundamentalism" and "Terrorism"* delivered at Purdue University on Oct. 20, 1993 ........................................3280

Def't Exh. 57: letter dated from AUSA Gordon Kromberg to Yong Kwon's attorneys .....................................................................3293

Def't Exh. 80: stipulation regarding Al-Timimi's unsubscription from Taiba Bulletin List ..................................................................3295

Def't Exh. 81: summary report of an interview with Ismail Royer by Evan Kohlmann ........................................................................3298

Def't Exh. 82: photo of front of Yong Kwon's apartment ..............3303

xii

Def't Exh. 83: photo of back of Yong Kwon's apartment ............................3304

Def't Exh. 85: summary of Yong Kwon's phone calls on Sept. 16, 2001 .................................................................................................... 3305

Def't Exh. 86: summary of Yong Kwon's phone calls on Sept. 13-15, 2001 ..........................................................................................3306

Def't Exh. 87: summary of Al-Timimi's calls on evening of Sept. 19, 2001 ..........................................................................................3307

Def't Exh. 90: summary of Al-Timimi's calls on evening of Sept. 19, 2001 ..........................................................................................3308

This page intentionally left blank for double-sided pagination and printing

APPEAL

# U.S. District Court
# Eastern District of Virginia – (Alexandria)
# CRIMINAL DOCKET FOR CASE #: 1:04–cr–00385–LMB–1

Case title: USA v. Al–Timimi

Date Filed: 09/23/2004

Date Terminated: 07/13/2005

---

Assigned to: District Judge
Leonie M. Brinkema

Appeals court case numbers:
14–4451 4th Circuit, 20–4441
4th Circuit, 24–1485 4th Circuit

**Defendant (1)**

| | |
|---|---|
| **Ali Al–Timimi**<br>*TERMINATED: 07/13/2005* | represented by    **Alan H. Yamamoto**<br>Law Office of Alan Yamamoto<br>643 S. Washington St<br>Alexandria, VA 22314<br>703–684–4700<br>Fax: 703–684–6643<br>Email: yamamoto.law@verizon.net<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Retained* |

**Edward B. MacMahon**
Law Offices of Edward B MacMahon Jr.
P.O. Box 25
107 East Washington Street
Middleburg, VA 20118
540–687–3902
Fax: 540–687–6366
Email: ebmjr@macmahon–law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**James Patrick Vann**
Martin F McMahan & Associates
1150 Connecticut Ave Nw
Suite 900
Washington, DC 20036
(202) 862–4343
*TERMINATED: 10/22/2004*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Katherine Joanne Seikaly**
Bryan J. Waldron Attorney at Law
4151 S. Four Mile Run Drive
#404
Arlington, VA 22204
(202) 508–6000
Fax: (202) 508–6200
Email: kate.seikaly@bryancave.com
*TERMINATED: 02/27/2009*
*LEAD ATTORNEY*
*Designation: Pro Bono*

**Liana Wei Ping Yung**
Liana W. Yung
3721 Southwood Ave
San Mateo, CA 94403
650–504–2062
Email: yungliana@gmail.com
*TERMINATED: 12/19/2013*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Samuel Cagle Juhan**
Bryan Cave Leighton Paisner LLP
1155 F Street, NW
Suite 700
Washington, DC 20004
202–508–6000
Fax: 202–508–6200
Email: cagle.juhan@gmail.com
*TERMINATED: 07/08/2014*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William Edward Olson**
Bryan Cave LLP
1155 F Street, NW
Suite 700
Washington, DC 20004
202–508–6000
Fax: 202–508–6200
Email: weolson@bryancave.com
*TERMINATED: 06/16/2010*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Pro Bono*

**Philip James Meitl**
Bryan J. Waldron Attorney at Law
4151 S. Four Mile Run Drive
#404
Arlington, VA 22204
202–508–6000
Fax: 202–508–6200
Email: philip.meitl@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Thomas Michael Huff**
Thomas M. Huff Attorney–At–Law
PO Box 2248
Leesburg, VA 20177
703–665–3756
Fax: 571–354–8985
Email: thuff@law.gwu.edu
*ATTORNEY TO BE NOTICED*

**Thomas Lee Simmons**
Mesirow & Stravitz PLLC
1307 New Hampshire Avenue, NW
Suite 400
Washington, DC 20036
202–463–0303
Fax: 202–861–8858
Email: thomasleesimmons@gmail.com

**J.A. 002**

*TERMINATED: 11/04/2014*
*ATTORNEY TO BE NOTICED*

**Vishant Manu Krishnan**
Bryan Cave Leighton Paisner LLP
1155 F Street, NW
Suite 700
Washington, DC 20004
202–508–6000
Fax: 202–220–7479
Email: manu.krishnan@bryancave.com
*TERMINATED: 07/08/2014*
*ATTORNEY TO BE NOTICED*

| **Pending Counts** | **Disposition** |
| --- | --- |
| [18:371.F] 18:371, 924(n), 2384 & 2, 50:1705(b), 31 CFR 545.204, 545.206(b), Executive Order No. 13224, 66 Fed.Reg. 49079 (2001), Executive Order 13129, 64 Fed.Reg. 36759 (1999) Conspiracy (May 2003) (1) | DISMISSED per filing of Superseding Indictment |
| [18:924A.F] 18:2 & 924(n) Inducing Others to Conspire to Use Firearms (May 2003) (1s) | BOP for 121 months concurrent as to each of Counts 1,2, and 3; 3 years Supervised Release with conditions, S/A $100.00 |
| [50:1705.F] 50:1705(b), 18:2 & 31 CFR 545.204, Executive Order No. 13224, 66 Fed.Reg. 49079 (2001); 65 Fed.Reg. 41549 (2000); Executive Order 13129, 64 Fed.Reg. 36759 (1999) Attempt to Contribute Services to the Taliban (9.18.01) (2) | DISMISSED per filing of Superseding Indictment |
| [18:373–0101.F] 18:373 Solicitation to Levy War Against the United States (10.21.01) (2s) | BOP for 121 months concurrent as to each of Counts 1, 2 and 3; 3 years Supervised Release with conditions, S/A $100.00 |
| [18:924C.F] 18:924(c) & 2(a) Aiding & Abetting the Use of Firearms in Connection with a Crime of Violence (9.18.01) (3–4) | DISMISSED per filing of Superseding Indictment |
| [18:2384.F] 18:2 & 2384 Counseling and Inducing a Conspiracy to Levy War Against the United States (May 2003) (3s) | BOP for 121 months concurrent as to each of Counts 1, 2, and 3; 3 years Supervised Release with conditions, S/A $100.00 |
| [50:1705.F] 50:1705(b), 18:2, 31 CFR 545.204 & 545.206, Executive Order No. 13224, 66 Fed. Reg. 49079 (2001); 65 Fed. Reg. 41549 (2000); Executive Order No. 13129, 64 Fed. Reg. 36759 (1999) Attempt to Contribute Services to the Taliban (10.21.01) (4s) | BOP for 120 months concurrent as to each of Counts 4 and 5, to be served concurrently with the terms of imprisonment imposed in Counts 1, 2 and 3; 3 years Supervised Release with conditions, S/A $100.00 |

| | |
|---|---|
| [18:844H.F] 18:844(h)(2) & 2(a) Aiding & Abetting the Carrying of Explosives During Commission of a Felony (9.18.01) (5–6) | DISMISSED per filing of Superseding Indictment |
| [50:1705.F] 50:1705(b), 18:2, 31 CFR 545.204 & 545.206, Executive Order No. 13224, 66 Fed. Reg. 49079 (2001); 65 Fed. Reg. 41549 (2000), Executive Order No. 13129, 64 Fed. Reg. 36759 (1999) Counseling and Inducing an Attempt to Aid the Taliban (10.21.01) (5s) | BOP for 120 months concurrent as to each of Counts 4 and 5, to be served concurrently with the terms of imprisonment imposed in Counts 1, 2 and 3; 3 years Supervised Release with conditions, S/A $100.00 |
| [18:371.F] 18:2 & 371 Counseling and Inducing a Conspiracy to Violate the Neutrality Act (May 2003) (6s) | BOP for 60 months, to be served concurrently with the terms of imprisonment imposed in Counts 1, 2, 3, 4, and 5; 3 years Supervised Release with conditions, S/A $100.00 |
| [18:924C.F] 18:924(c) & 2(a) Use of Firearms in Connection with a Crime of Violence (9.18.01) (7s) | BOP for 360 months, to be served consecutively to the terms of imprisonment imposed in Counts 1, 2, 3, 4, 5, and 6; 3 years Supervised Release with conditions, S/A $100.00 |
| [18:924C.F] 18:924(c) & 2(a) Use of Firearms in Connection with a Crime of Violence (9.18.01) (8s) | Life Imprisonment; 3 years Supervised Release with conditions, S/A $100.00 |
| [18:844H.F] 18:844(h)(2) & 2(a) Carrying an Explosive During Commission of a Felony (9.18.01) (9s) | BOP for 120 months, to be served consecutively to the terms of imprisonment imposed in Counts 1, 2, 3, 4, 5, 6, 7, and 8; 3 years Supervised Release with conditions, S/A $100.00 |
| [18:844H.F] 18:844(h)(2) & 2(a) Carrying an Explosive During Commission of a Felony (9.18.01) (10s) | BOP for 240 months, to served consecutively to the terms of imprisonment imposed in Counts 1, 2, 3, 4, 5, 6, 7, 8, and 9; 3 years Supervised Release with conditions, S/A $100.00 |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

**J.A. 004**

**Plaintiff**

**USA**                    represented by  **Gordon D. Kromberg**
                                          United States Attorney's Office
                                          2100 Jamieson Ave
                                          Alexandria, VA 22314
                                          (703)299–3700
                                          Email: gordon.kromberg@usdoj.gov
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

                                          **Daniel Taylor Young**
                                          Public Company Accounting Oversight
                                          Board
                                          1666 K St NW
                                          Suite 300
                                          Washington, DC 20006
                                          771–202–4808
                                          Email: youngd@pcaobus.org
                                          *ATTORNEY TO BE NOTICED*

                                          **John T. Gibbs**
                                          US Attorney's Office (Alexandria–NA)
                                          2100 Jamieson Avenue
                                          Alexandria, VA 22314
                                          NA
                                          Email: john.gibbs@usdoj.gov
                                          *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/02/2004 | 3 | NOTICE of Appearance for Ali Al–Timimi by Attorney James Patrick Vann (nbla) (Entered: 09/27/2004) |
| 09/23/2004 | 1 | INDICTMENT as to Ali Al–Timimi (1) count(s) 1, 2, 3–4, 5–6 (ctat) (Entered: 09/23/2004) |
| 09/23/2004 | | Arraignment before Judge Leonie M. Brinkema set for 9:00 a.m. on 10/1/04 for Ali Al–Timimi (ctat) (Entered: 09/23/2004) |
| 09/23/2004 | | Arrest WARRANT issued as to Ali Al–Timimi (ctat) (Entered: 09/23/2004) |
| 09/24/2004 | | Initial appearance as to Ali Al–Timimi before Mag Judge Liam O'Grady held ( ftr) USA appeared through: Kromberg. Dft(s) appeared through: w/atty; J. Vann (Defendant informed of rights.) US has no objection to bond w/pts supervision–Deft concurs. Deft is remanded to the custody of the USM to be released ona $75,000.00 secured bond w/pts supervision. Deft is remanded until conditions are met. (nbla) (Entered: 09/27/2004) |
| 09/24/2004 | 2 | ORDER Setting Conditions of Release as to Ali Al–Timimi ( Signed by Mag Judge Liam O'Grady ) Copies Mailed: n (nbla) (Entered: 09/27/2004) |
| 09/29/2004 | 4 | Appearance BOND entered by Ali Al–Timimi Amount $ 75,000.00 corporate surety posted and signed by Patricia A. Nayce (avax) (Entered: 09/29/2004) |
| 10/01/2004 | | Arraignment as to Ali Al–Timimi held before Judge Leonie M. Brinkema. Deft. waived formal arraignment, plead Not Guilty and demanded trial by Jury. Pretrial Motions to be filed w/in 20 days from arraignment date. Motion Hearing set for 9:00 12/3/04; Jury Trial set for 10:00 1/19/05 for Ali Al–Timimi; ( Reporter: Thomson) USA appeared through: Gordon Kromberg Dft(s) appeared through: Martin McMahon, James Vann. Deft. waived speedy trial–approved by Court. Deft. motion for Order barring infringment of atty client privelege. Court directs deft. to file motion. Deft. continued on current bond to reappear as directed. (rtra) (Entered: 10/01/2004) |
| 10/01/2004 | 5 | ORDER as to Ali Al–Timimi, for Martin F. McMahon to appear pro hac vice Filing Fee Paid $ 50.00 Receipt # 175446 ( Signed by Judge Leonie M. Brinkema ) Copies |

| | | Mailed: 10/01/04 (rtra) (Entered: 10/01/2004) |
|---|---|---|
| 10/01/2004 | 6 | WAIVER of Speedy Trial by Ali Al–Timimi filed in open court (rtra) (Entered: 10/01/2004) |
| 10/15/2004 | 7 | MOTION by Ali Al–Timimi for James Vann to Withdraw as Attorney (rtra) (Entered: 10/18/2004) |
| 10/20/2004 | | Deadline updated as to Ali Al–Timimi Motion Hearing Deadline before Judge Leonie M. Brinkema set for 9:00 10/22/04 for Ali Al–Timimi for [7–1] motion for James Vann to Withdraw as Attorney (clar) (Entered: 10/20/2004) |
| 10/20/2004 | 8 | ORDER as to Ali Al–Timimi; ORDERED that the Court will hear oral argument of defendant's Motion to withdraw as Attorney on Friday, 10/22/2004; and it is further ORDERED that counsel of record and defendant appear before this Court on Friday, 10/22/2004 at 9:00 a.m. ( Signed by Judge Leonie M. Brinkema ) Copies Mailed: 10/20/04 (rtra) (Entered: 10/21/2004) |
| 10/21/2004 | 9 | MOTION by Ali Al–Timimi to Dismiss Count 2 (rtra) (Entered: 10/22/2004) |
| 10/21/2004 | 10 | MOTION by Ali Al–Timimi to Strike Surplusage from Indictment (rtra) (Entered: 10/22/2004) |
| 10/21/2004 | 11 | MOTION with Memorandum in support for Bill of Particulars (rtra) (Entered: 10/22/2004) |
| 10/21/2004 | 12 | MOTION by Ali Al–Timimi to Determine the Propriety of the Honorable Leonie Brinkema Continuing to Preside over the Trial of Defendant Ali Al–Timimi (rtra) (Entered: 10/22/2004) |
| 10/21/2004 | 13 | MOTION by Ali Al–Timimi to Extend Time to File Substantive Motions (rtra) (Entered: 10/22/2004) |
| 10/22/2004 | | Motion hearing held as to Ali Al–Timimi re: [7–1] motion for James Vann to Withdraw as Attorney before Judge Leonie M. Brinkema ( Reporter: Thomson) USA appeared through: Gordon Kromberg Dft(s) appeared through: James Vann, Martin McMahon. Motion argued and Granted, Counsel granted leave to w/d. Trial rescheduled to 01/24/2005 at 10:00 a.m. (rtra) (Entered: 10/22/2004) |
| 10/22/2004 | | Jury trial proceedings as to Ali Al–Timimi before Judge Leonie M. Brinkema set at 10:00 1/24/05 for Ali Al–Timimi (rtra) (Entered: 10/22/2004) |
| 10/22/2004 | 14 | For the reasons stated in open court, ORDER as to Ali Al–Timimi granting [7–1] motion for James Vann to Withdraw as Attorney (Terminated attorney James Patrick Vann for Ali Al–Timimi (1). To avoid interruption of the trial for Inauguration Day, the trial date in continued to 01/24/2005 at 10:00 a.m. ( Signed by Judge Leonie M. Brinkema ) Copies Mailed: 10/22/04 (rtra) (Entered: 10/25/2004) |
| 11/03/2004 | 15 | NOTICE of Appearance for Ali Al–Timimi by Attorney Edward B. MacMahon (pmet) (Entered: 11/03/2004) |
| 11/04/2004 | 16 | RESPONSE by USA to [9–1] Defendant's motion to Dismiss Count 2, [10–1] Defendant's motion to Strike Surplusage from Indictment, [11–1] Defendant's memorandum in support motion for Bill of Particulars, [12–1] Defendant's motion to Determine the Propriety of the Honorable Leonie Brinkema Continuing to Preside over the Trial of Defendant Ali Al–Timimi, [13–1] Defendant's motion to Extend Time to File Substantive Motions as to Ali Al–Timimi (rtra) (Entered: 11/04/2004) |
| 11/19/2004 | 17 | MOTION by Ali Al–Timimi to Strike [1–1] the Indictment , or Alternatively to Strike the Sentencing Enhancements , or to Bifurcate the Trial (rtra) (Entered: 11/20/2004) |
| 11/19/2004 | 18 | MOTION by Ali Al–Timimi for Discovery and Brady Material (rtra) (Entered: 11/20/2004) |
| 11/19/2004 | 19 | SUPPLEMENTAL MOTION by Ali Al–Timimi to Strike Surplusage from Indictment (rtra) (Entered: 11/20/2004) |
| 11/19/2004 | 20 | SUPPLEMETAL MOTION by Ali Al–Timimi for Bill of Particulars (rtra) (Entered: 11/20/2004) |

| 11/19/2004 | 21 | MOTION by Ali Al–Timimi for Access to Material and Exculpatory Witnesses in the Custody or Control of the United States and for Production of Certain Items Referenced by the 9/11 Commission (rtra) (Entered: 11/20/2004) |
| 12/02/2004 | 22 | SUPPLEMENTAL MOTION by Ali Al–Timimi to Strike [1–1] indictment or alternatively , by Ali Al–Timimi to Strike the sentencing enhancements , by Ali Al–Timimi to Bifurcate the Trial (jcup) (Entered: 12/02/2004) |
| 12/02/2004 | 23 | RESPONSE by USA as to Ali Al–Timimi re [17–1] motion to Strike [1–1] the Indictment, [17–3] motion to Bifurcate the Trial, [19–1] supplemental motion to Strike Surplusage from Indictment, [20–1] supplemental motion for Bill of Particulars, [18–1] motion for Discovery and Brady Material (jcup) (Entered: 12/02/2004) |
| 12/03/2004 |  | Minute entry as to Ali Al–Timimi : ( before Judge Leonie M. Brinkema )( Reporter: Thomson) USA Appeared through: Gordon Kromberg Dft(s) appeared through: Edward MacMahon, Alan Yamamoto. Matter came on for Pretrial Motions, Motions argued and–Deft's Motion to Recuse–Denied; Deft's Motion to Strike Surplussage–Denied; Deft's Motion for Discovery–Denied as Moot in part, taken under advisement in part; Deft's Motion for Bill of Particulars–Denied as moot; Deft's Motion to Dismiss Count 2–Taken under advisement. Order to follow. (rtra) (Entered: 12/06/2004) |
| 12/03/2004 | 24 | Protective Order as to USA, Ali Al–Timimi ( signed by Judge Leonie M. Brinkema ) Copies Mailed 12/03/04 (rtra) (Entered: 12/06/2004) |
| 12/03/2004 | 25 | For the reasons stated in open court, ORDER as to Ali Al–Timimi denying [22–1] motion by Ali Al–Timimi to Strike [1–1] indictment or alternatively as to Ali Al–Timimi (1), denying [22–2] motion by Ali Al–Timimi Strike the sentencing enhancements as to Ali Al–Timimi (1), granting [22–3] motion by Ali Al–Timimi to Bifurcate the Trial as to Ali Al–Timimi (1), denying [20–1] motion for Bill of Particulars as to Ali Al–Timimi (1), denying [19–1] motion to Strike Surplusage from Indictment as to Ali Al–Timimi (1), denying [18–1] motion for Discovery and Brady Material as to Ali Al–Timimi (1), denying [17–1] motion to Strike [1–1] the Indictment as to Ali Al–Timimi (1), denying [17–2] motion to Strike the Sentencing Enhancements as to Ali Al–Timimi (1), granting [17–3] to Bifurcate the Trial as to Ali Al–Timimi (1), denying [13–1] motion to Extend Time to File Substantive Motions to Ali Al–Timimi (1), denying [12–1] motion to Determine the Propriety of the Honorable Leonie Brinkema Continuing Preside over the Trial of Defendant Ali Al–Timimi as to Ali Al–Timimi (1), denying [11–1] memorandum in support motion for Bill of Particulars as to Ali Al–Timimi (1), denying [10–1] motion to Strike Surplusage from Indictment as to Ali Al–Timimi (1). Defendant's Motion to Dismiss Count 2 and Motion for Access to Material and Exculpatory Witnesses in the custody or control of te United States and for Production of Certain Items Referenced by the 9/11 Commission are taken under advisement. ( Signed by Judge Leonie M. Brinkema ) Copies Mailed: 12/03/04 (rtra) (Entered: 12/06/2004) |
| 12/08/2004 | 26 | SUPPLEMENTAL SUBMISSIONS by Ali Al–Timimi in support of [21–1] motion for Access to Material and Exculpatory Witnesses in the Custody or Control of the United States and for Production of Certain Items Referenced by the 9/11 Commission (rtra) (Entered: 12/08/2004) |
| 12/08/2004 | 27 | ORDER denying [21–1] motion for Access to Material and Exculpatory Witnesses in the Custody or Control of the United States and for Production of Certain Items Referenced by the 9/11 Commission as to Ali Al–Timimi (1) ( Signed by Judge Leonie M. Brinkema ) Copies Mailed: yes (jcup) (Entered: 12/09/2004) |
| 12/16/2004 | 28 | MEMORANDUM OPINION re: Motion to Dismiss Count 2 of the Indictment as to Ali Al–Timimi ( Signed by Judge Leonie M. Brinkema ) (jcup) (Entered: 12/17/2004) |
| 12/16/2004 | 29 | ORDER denying [9–1] motion to Dismiss Count 2 as to Ali Al–Timimi (1) ( Signed by Judge Leonie M. Brinkema ) Copies Mailed: yes (jcup) (Entered: 12/17/2004) |
| 12/23/2004 | 30 | MOTION by Ali Al–Timimi to Reconsider and Renew His Motion for Access to Material and Exculpatoty Witnesses in the Custody or Control of the United States and for Production of Certain Items Referenced by the 9/11 Commission (rtra) (Entered: 12/23/2004) |

| 12/23/2004 | 31 | NOTICE of Hearing as to Ali Al–Timimi :, Motion Hearing Deadline before Judge Leonie M. Brinkema set for 9:00 12/30/04 for Ali Al–Timimi for [30–1] motion to Reconsider and Renew His Motion for Access to Material and Exculpatoty Witnesses in the Custody or Control of the United States and for Production of Certain Items Referenced by the 9/11 Commission (rtra) (Entered: 12/23/2004) |
| 12/23/2004 | 32 | SEALED MOTION by Ali Al–Timimi for a Continuance [Filed Under Seal with the Court Security Officer] (rtra) (Entered: 12/28/2004) |
| 12/23/2004 | 33 | NOTICE of Hearing as to Ali Al–Timimi :, Motion Hearing Deadline before Judge Leonie M. Brinkema set for 9:00 12/30/04 for Ali Al–Timimi for [32–1] motion for a Continuance [Filed Under Seal with the Court Security Officer] (rtra) (Entered: 12/28/2004) |
| 12/28/2004 | 34 | MOTION by Ali Al–Timimi to Strike Count 1 of the Indictment (rtra) (Entered: 12/28/2004) |
| 12/28/2004 | 35 | RESPONSE by USA to [30–1] Defendant's Motion to Reconsider and Renew His Motion for Access to Material and Exculpatoty Witnesses in the Custody or Control of the United States and for Production of Certain Items Referenced by the 9/11 Commission, [32–1] Defendant's Motion for a Continuance [Filed Under Seal with the Court Security Officer] as to Ali Al–Timimi (rtra) (Entered: 12/28/2004) |
| 12/29/2004 | 36 | Notice of Intent to Disclose Classified Information Pursuant to Classified Information Procedures Act Section 5 by Ali Al–Timimi [Filed Under Seal with the Court Security Officer](rtra) Modified on 12/29/2004 (Entered: 12/29/2004) |
| 12/29/2004 | 37 | REPLY by Ali Al–Timimi to Government's Response to [30–1] Defendant's Motion to Reconsider and Renew His Motion for Access to Material and Exculpatoty Witnesses in the Custody or Control of the United States and for Production of Certain Items by the 9/11 Commission, [32–1] Defendant's Motion for a Continuance [Filed Under Seal with the Court Security Officer] (rtra) (Entered: 12/29/2004) |
| 12/30/2004 | | Motion hearing held as to Ali Al–Timimi re: [34–1] motion to Strike Count 1 of the Indictment, [30–1] motion to Reconsider and Renew His Motion for Access to Material and Exculpatoty Witnesses in the Custody or Control of the United States and for Production of Certain Items Referenced by the 9/11 Commission, [32–1] motion for a Continuance [Filed Under Seal with the Court Security Officer] before Judge Leonie M. Brinkema ( Reporter: Thomson) USA appeared through: Gordon Kromberg Dft(s) appeared through: Edward MacMahon, Alan Yamamoto. Motions Argued and Denied in Part. Deft's Motion to Strike and Motion to Reconsider–Denied; Deft's Motion to Continue Trial Date–Granted, Matter reset to 04/04/2005 at 10:00 a.m. for Jury Trial. Counsel to submit joint proposed jury questionaire. Deft. continued on current bond. (rtra) (Entered: 12/30/2004) |
| 12/30/2004 | | Jury trial proceedings as to Ali Al–Timimi before Judge Leonie M. Brinkema set at 10:00 4/4/05 for Ali Al–Timimi (rtra) (Entered: 12/30/2004) |
| 12/30/2004 | 38 | For the reasons stated in open court, ORDER as to Ali Al–Timimi granting in part, denying in part [34–1] motion to Strike Count 1 of the Indictment as to Al–Timimi (1), denying [30–1] motion to Reconsider and Renew His Motion for Access to Material and Exculpatoty Witnesses in the Custody or Control of the United States for Production of Certain Items Referenced by the 9/11 Commission as to Ali Al–Timimi (1), granting [32–1] motion for a Continuance [Filed Under Seal with the Court Security Officer] as to Ali Al–Timimi (1). ORDERED that Count 1 will be treated solely as a charge under 18 USC 371, with the maximum penalty being that which is set forth in that statute; and it is further ORDERED that the jury trial of this action be rescheduled from 01/24/2005 to 04/04/2005 at 10:00 a.m. ( Signed by Judge Leonie Brinkema ) Copies Mailed: 12/30/04 (rtra) (Entered: 12/30/2004) |
| 01/10/2005 | 39 | Government's Response to [36–1] Defendant's Notice of Intent to Disclose Classified Information Pursuant to Classified Information Procedures Act (18 USC App 3, 5(a)) [Filed Under Seal with the Court Security Officer] (rtra) (Entered: 01/12/2005) |
| 01/13/2005 | 40 | TRANSCRIPT filed in case as to Ali Al–Timimi for dates of December 30, 2004; Motions hearing before Judge Brinkema (rtra) (Entered: 01/18/2005) |

| | | |
|---|---|---|
| 01/13/2005 | 41 | Defendant's Reply in Support of His Notice of Intent to Disclose Classified Information Pursuant to Classified Information Procedures Act (18 USC APP 3, 5(a)) [Filed Under Seal with the Court Security Officer] (rtra) (Entered: 01/18/2005) |
| 01/19/2005 | | SEALED CIPA Hearing as to Ali Al–Timimi held ( Reporter: Thomson) USA appeared through: Gordon Kromberg, John Gibbs Dft(s) appeared through: Edward MacMahon, Alan Yamamoto before Judge Leonie M. Brinkema (rtra) (Entered: 01/19/2005) |
| 01/21/2005 | 42 | MOTION by Ali Al–Timimi to Take Rule 15 Deposition of Dr. Jafaar Sheikh Idris (rtra) (Entered: 01/22/2005) |
| 01/21/2005 | 43 | RENEWED MOTION by Ali Al–Timimi to Compel Discovery (rtra) (Entered: 01/22/2005) |
| 01/21/2005 | 44 | NOTICE of Hearing as to Ali Al–Timimi :, Motion Hearing Deadline before Judge Leonie M. Brinkema set for 9:00 1/28/05 for Ali Al–Timimi for [43–1] motion to Compel Discovery, set for 9:00 1/28/05 for Ali Al–Timimi for [42–1] motion to Take Rule 15 Deposition of Dr. Jafaar Sheikh Idris (rtra) (Entered: 01/22/2005) |
| 01/28/2005 | | Motion hearing held as to Ali Al–Timimi re: [42–1] motion to Take Rule 15 Deposition of Dr. Jafaar Sheikh Idris, [43–1] motion to Compel Discovery before Judge Leonie M. Brinkema ( Reporter: Thomson) USA appeared through: Gordon Kromberg Dft(s) appeared through: Alan Yamamoto. Motions argued and Granted in Part, Deferred in Part. Granted as to Motion to Take Rule 15 Deposition. Motion to Compel–Deferred. Order to follow. (rtra) (Entered: 01/28/2005) |
| 01/28/2005 | 45 | RESPONSE by USA [42–1] motion to Take Rule 15 Deposition of Dr. Jafaar Idris as to Ali Al–Timimi (rtra) (Entered: 01/31/2005) |
| 01/28/2005 | 46 | For the reasons stated in open court, ORDER as to Ali Al–Timimi granting [42–1] motion to Take Rule 15 Deposition of Dr. Jafaar Sheikh Idris as to Ali Al–Timimi (1). ORDERED that defendant be and is permitted to depose Dr. Jafaar Idris pursuant to Fed. R. Crim. P. 15. ( Signed by Judge Leonie M. Brinkema ) Mailed: 01/28/05 (rtra) (Entered: 01/31/2005) |
| 02/03/2005 | 47 | SUPERSEDING INDICTMENT as to Ali Al–Timimi (1) count(s) 1s, 2s, 3s, 4s, 5s, 6s, 7s–8s, 9s–10s (ctat) (Entered: 02/04/2005) |
| 02/03/2005 | | DISMISSAL of Count(s) per filing of Superseding Indictment as to Ali Al–Timimi Counts Dismissed: Ali Al–Timimi (1) count(s) 1, 2, 3–4, 5–6 (ctat) (Entered: 02/04/2005) |
| 02/03/2005 | | Arraignment before Judge Leonie M. Brinkema set for 11:00 a.m. on 2/4/05 for Ali Al–Timimi (ctat) (Entered: 02/04/2005) |
| 02/04/2005 | | Arraignment as to Ali Al–Timimi on Superseding Indictment held before Judge Leonie M. Brinkema. Pretrial motions to be filed w/in 15 days of the arraignment date. Motion Hearing to be set. Jury Trial set for 10:00 4/4/05 for Ali Al–Timimi ; ( Reporter: Thomson) USA appeared through: Gordon Kromberg Dft(s) appeared through: Edward MacMahon, Alan Yamamoto. Deft. continued on current bond. (rtra) (Entered: 02/04/2005) |
| 02/16/2005 | 48 | Government's Ex Parte In Camera Status Report Regarding Renewed Motion to Compel Discovery as to Ali Al–Timimi [Filed Under Seal with the Court Security Officer] (rtra) (Entered: 02/16/2005) |
| 02/18/2005 | 49 | SEALED OBJECTION by defendant Ali Al–Timimi to Ex Parte Proceedings Pursuant to the Classified Information Proceedures Act ("CIPA") 18 USC, Appendix 3, Section 4 [Filed Under Seal with the Court Security Officer] (rtra) (Entered: 02/18/2005) |
| 03/02/2005 | 50 | ORDER as to Ali Al–Timimi; ORDERED that counsel immediately meet and confer with the goal of presenting an agreed juror questionnaire to the Court by March 10, 2005. To the extent counsel cannot agree on all questions, they should submit those questions about which they agree in one document and their contested questions in a separate pleadings; and it is further ORDERED that counsel immediately advise the Court as to any conflicts thay have during the week of March 28, 2005, as the Court plans to summons jurors to the courthouse as early in that week as possible to fill out the questionnaire, and then to conduct any hearings necessary to resolve pretrial |

| | | |
|---|---|---|
| | | matters before April 4, 2005. ( Signed by Judge Leonie M. Brinkema ) Copies Mailed: 03/02/05 (rtra) (Entered: 03/03/2005) |
| 03/03/2005 | 51 | ORDER as to Ali Al–Timimi; ORDERED that the Clerk summons prospective jurors to appear on Monday, March 28, 2005 at 10:00 a.m. for the purpose of completing a juror questionnaire in preparation for voir dire, which will begin Monday, April 4, 2005 at 10:00 a.m. in Courtroom 700. ( Signed by Judge Leonie M. Brinkema ) Copies Mailed: 03/03/05 (rtra) (Entered: 03/03/2005) |
| 03/03/2005 | <u>52</u> | Government's Reply to Defendant's Objection to Ex Parte Proceedings Pursuant to the Classified Information Procedures Act ("CIPA") 18 USC Appendix 3, 4 as to Ali Al–Timimi [Filed Under Seal with the Court Security Officer] (rtra) Document Unclassified/Cleared for Public Release. (rban, ). (Entered: 03/03/2005) |
| 03/07/2005 | 53 | MOTION by Ali Al–Timimi in limine Regarding Religious Beliefs (rtra) (Entered: 03/08/2005) |
| 03/07/2005 | 54 | MOTION by Ali Al–Timimi in limine Regarding Items Found in Search of Masoud Khan's House (rtra) (Entered: 03/08/2005) |
| 03/07/2005 | 55 | MOTION by Ali Al–Timimi to Compel Production of Cellular Telephone Records (rtra) (Entered: 03/08/2005) |
| 03/07/2005 | 56 | MOTION by Ali Al–Timimi in limine Regarding Expert Witnesses Proffered by the United States (rtra) (Entered: 03/08/2005) |
| 03/07/2005 | 57 | NOTICE of Hearing as to Ali Al–Timimi :, Motion Hearing Deadline before Judge Leonie M. Brinkema set for 9:00 3/18/05 for Ali Al–Timimi for [56–1] motion in limine Regarding Expert Witnesses Proffered by the United States, set for 9:00 3/18/05 for Ali Al–Timimi for [55–1] motion to Compel Production of Cellular Telephone Records, set for 9:00 3/18/05 for Ali Al–Timimi for [54–1] motion in limine Regarding Items Found in Search of Masoud Khan's House, set for 9:00 3/18/05 for Ali Al–Timimi for [53–1] motion in limine Regarding Religious Beliefs (rtra) (Entered: 03/08/2005) |
| 03/07/2005 | 58 | Second Notice of Intent to Disclose Classified Information Pursuant to Classified Information Procedures Act (18 USC App. 3, 5(a)) by Ali Al–Timimi [Filed Under Seal with the Court Security Officer] (rtra) (Entered: 03/08/2005) |
| 03/08/2005 | 59 | MOTION by Ali Al–Timimi in limine Regarding the Government's Unsupported and Prejudicial Claim that the Defendant Expressed Approval for the Events of September 11, 2001 (rtra) (Entered: 03/10/2005) |
| 03/09/2005 | 60 | MOTION by Ali Al–Timimi in limine Regarding Allegations Set Forth in Paragraph 25 of the Superseding Indictment (rtra) (Entered: 03/10/2005) |
| 03/10/2005 | 61 | RESPONSE in Opposition by USA to [58–1] Defendant's Second Notice of Intent to Disclose Classified Information Pursuant to Classified Information Procedures Act (18 USC App.3,5(a)) as to Ali Al–Timimi [Filed Under Seal with the Court Security Officer] (rtra) (Entered: 03/14/2005) |
| 03/16/2005 | 62 | Government's Response to March 2005 Motions as to Ali Al–Timimi (rtra) (Entered: 03/17/2005) |
| 03/16/2005 | 63 | Joint Submission Regarding Juror Questionnaire (rtra) (Entered: 03/17/2005) |
| 03/16/2005 | 64 | ORDER as to Ali Al–Timimi Denying as Moot [55–1] Defendant's Motion to Compel Production of Cellular Telephone Records as to Ali Al–Timimi (1) ( Signed by Judge Leonie M. Brinkema ) Copies Mailed: 03/16/05 (rtra) (Entered: 03/17/2005) |
| 03/18/2005 | | Motion hearing held as to Ali Al–Timimi re: [60–1] motion in limine Regarding Allegations Set Forth in Paragraph 25 of the Superseding Indictment–Denied, [59–1] motion in limine Regarding the Government's Unsupported and Prejudicial Claim that the Defendant Expressed Approval for the Events of September 11, 2001–Denied, [56–1] motion in limine Regarding Expert Witnesses Proffered by the United States–Denied, [54–1] motion in limine Regarding Items Found in Search of Masoud Khan's House–Denied, [53–1] motion in limine Regarding Religious Beliefs–Denied; before Judge Leonie M. Brinkema ( Reporter: Thomson) Govt. appeared through: Gordon Kromberg; Dft(s) appeared through: Edward MacMahon, Alan Yamamoto. |

**J.A. 010**

| | | |
|---|---|---|
| | | CIPA hearing scheduled for 03/23/2005 at 10:00 a.m. Order to follow. (rtra) (Entered: 03/21/2005) |
| 03/18/2005 | | CIPA Hearing as to Ali Al–Timimi set 10:00 3/23/05 before Judge Leonie M. Brinkema (rtra) (Entered: 03/21/2005) |
| 03/18/2005 | 65 | For the reasons stated in open court, ORDER as to Ali Al–Timimi denying [60–1] motion in limine Regarding Allegations Set Forth in Paragraph 25 of the Superseding Indictment as to Ali Al–Timimi (1), denying [59–1] motion in limine Regarding the Government's Unsupported and Prejudicial Claim that the Defendant Expressed Approval for the Events of September 11, 2001 as to Ali Al–Timimi (1), denying [56–1] motion in limine Regarding Expert Witnesses Proffered by the United States to Ali Al–Timimi (1), denying [54–1] motion in limine Regarding Items Found in Search of Masoud Khan's House as Ali Al–Timimi (1), denying [53–1] motion in limine Regarding Religious Beliefs as to Ali Al–Timimi (1) ( by Judge Leonie M. Brinkema ) Copies Mailed: 03/18/05 (rtra) (Entered: 03/21/2005) |
| 03/21/2005 | 66 | SEALED REPLY by USA as to Ali Al–Timimi [Filed Ex Parte and Under Seal with the Court Security Officer] (rtra) (Entered: 03/21/2005) |
| 03/21/2005 | 67 | Sealed Protective Order Under CIPA Section 4 as to Ali Al–Timimi ( signed by Judge Leonie M. Brinkema )[Filed Under Seal with the Court Security Officer] (rtra) (Entered: 03/21/2005) |
| 03/21/2005 | 68 | ORDER as to Ali Al–Timimi denying as moot [43–1] Defendant's Motion to Compel Discovery as to Ali Al–Timimi (1) ( Signed by Judge Leonie M. Brinkema ) Copies Mailed: 03/21/05 (rtra) (Entered: 03/22/2005) |
| 03/21/2005 | 69 | REQUEST by Ali Al–Timimi for Writ Habeas Corpus Ad Testificandum (rtra) (Entered: 03/22/2005) |
| 03/22/2005 | | So Ordered: as to Ali Al–Timimi granting [69–2] request as to Ali Al–Timimi (1) for Writ Habeas Corpus Ad Testificandum ( Approved by Judge Leonie M. Brinkema ) (rtra) (Entered: 03/22/2005) |
| 03/22/2005 | | WRIT of Habeas Corpus ad Testificandum issued for Ibrahim Ahmed Al–Hamdi for 04/04/2005 in case as to Ali Al–Timimi (rtra) (Entered: 03/22/2005) |
| 03/22/2005 | | WRIT of Habeas Corpus ad Testificandum issued for Hammad Abdur–Raheem for 04/04/2005 in case as to Ali Al–Timimi (rtra) (Entered: 03/22/2005) |
| 03/22/2005 | | WRIT of Habeas Corpus ad Testificandum issued for Muhammed Aatique for 04/04/2005 in case as to Ali Al–Timimi (rtra) (Entered: 03/22/2005) |
| 03/22/2005 | | WRIT of Habeas Corpus ad Testificandum issued for Seifullah Chapman for 04/04/2005 in case as to Ali Al–Timimi (rtra) (Entered: 03/22/2005) |
| 03/22/2005 | | WRIT of Habeas Corpus ad Testificandum issued for Khwaja Mahmood Hasan for 04/04/2005 in case as to Ali Al–Timimi (rtra) (Entered: 03/22/2005) |
| 03/22/2005 | | WRIT of Habeas Corpus ad Testificandum issued for Masoud Ahmad Khan for 04/04/2005 in case as to Ali Al–Timimi (rtra) (Entered: 03/22/2005) |
| 03/22/2005 | | WRIT of Habeas Corpus ad Testificandum issued for Yong Ki Kwon for 04/04/2005 in case as to Ali Al–Timimi (rtra) (Entered: 03/22/2005) |
| 03/22/2005 | | WRIT of Habeas Corpus ad Testificandum issued for Randall Todd Royer for 04/04/2005 in case as to Ali Al–Timimi (rtra) (Entered: 03/22/2005) |
| 03/22/2005 | | WRIT of Habeas Corpus ad Testificandum issued for Donald Thomas Surratt, II for 04/04/2005 in case as to Ali Al–Timimi (rtra) (Entered: 03/22/2005) |
| 03/22/2005 | 70 | MOTION by USA as to Ali Al–Timimi for an Innominate Jury (rtra) (Entered: 03/23/2005) |
| 03/22/2005 | 71 | MOTION by USA as to Ali Al–Timimi for Reconsideration of Breadth of Ruling Regarding Evidence Involving Hawali (rtra) (Entered: 03/23/2005) |
| 03/23/2005 | | CIPA Hearing as to Ali Al–Timimi held ( Reporter: Thomson) USA appeared through: Gordon Kromberg, John Gibbs Dft(s) appeared through: Edward MacMahon, Alan |

| | | |
|---|---|---|
| | | Yamamoto before Judge Leonie M. Brinkema. Deft's Second Notice of Intent to Disclose Pursuant to CIPA Section 5–Denied; Govt. Motion to Reconsider Breadth of Ruling–Granted; Govt's Motion for Innominate Jury–Granted. Counsel to provide proposed statement of the issues by 12:00 p.m. 03/25/2005. Order to follow. (rtra) (Entered: 03/23/2005) |
| 03/23/2005 | 72 | For the reasons stated from the bench, ORDER as to Ali Al–Timimi denying [58–1] Defendant's Second Notice of Intent to Disclose Classified Information Pursuant to the Classified Information Procedures Act as to Ali Al–Timimi (1), granting [71–1] Goverment's Motion for Reconsideration of Breadth of Ruling Regarding Evidence Involving Hawali as to Ali Al–Timimi (1), granting [70–1] Government's Motion for an Innominate Jury as to Ali Al–Timimi (1). ORDERED that the names of jurors shall be provided to counsel of record but shall not be publicly disseminated by anyone. Jurors shall be referred to by the juror number assigned to them; and it is further ORDERED that the parties provide the Court with a joint statement of the issues for use in jury selection by noon on March 25, 2005. The jury questionnaire will be presented to the prospective jurors at 10:00 a.m., Monday, March 28, 2005 in Courtroom 900. ( Signed by Judge Leonie M. Brinkema ) Copies Mailed: 03/23/05 (rtra) (Entered: 03/23/2005) |
| 03/24/2005 | 73 | WRIT of Habeas Corpus ad Testificandum returned unexecuted for Seifullah Chapman in case as to Ali Al–Timimi (rtra) (Entered: 03/24/2005) |
| 03/24/2005 | 74 | WRIT of Habeas Corpus ad Testificandum returned unexecuted for Hammad Abdur–Raheem in case as to Ali Al–Timimi (rtra) (Entered: 03/24/2005) |
| 03/24/2005 | 75 | WRIT of Habeas Corpus ad Testificandum returned unexecuted for Ibrahim Ahmed Al–Hamdi in case as to Ali Al–Timimi (rtra) (Entered: 03/24/2005) |
| 03/24/2005 | 76 | WRIT of Habeas Corpus ad Testificandum returned unexecuted for Masoud Ahmad Khan in case as to Ali Al–Timimi (rtra) (Entered: 03/24/2005) |
| 03/24/2005 | 77 | WRIT of Habeas Corpus ad Testificandum returned unexecuted for Yong Ki Kwon in case as to Ali Al–Timimi (rtra) (Entered: 03/24/2005) |
| 03/24/2005 | 78 | WRIT of Habeas Corpus ad Testificandum returned unexecuted for Randall Todd Royer in case as to Ali Al–Timimi (rtra) (Entered: 03/24/2005) |
| 03/24/2005 | 79 | WRIT of Habeas Corpus ad Testificandum returned unexecuted for Khwaja Mahmood Hasan in case as to Ali Al–Timimi (rtra) (Entered: 03/24/2005) |
| 03/24/2005 | 80 | WRIT of Habeas Corpus ad Testificandum returned unexecuted for Muhammed Aatique in case as to Ali Al–Timimi (rtra) (Entered: 03/24/2005) |
| 03/24/2005 | 81 | WRIT of Habeas Corpus ad Testificandum returned unexecuted for Donald Thomas Surratt, II in case as to Ali Al–Timimi (rtra) (Entered: 03/24/2005) |
| 03/24/2005 | | WRIT of Habeas Corpus ad Testificandum re–issued for Hammad Abdur–Raheem for 04/04/2005 in case as to Ali Al–Timimi (rtra) (Entered: 03/24/2005) |
| 03/24/2005 | | WRIT of Habeas Corpus ad Testificandum re–issued for Seifullah Chapman for 04/04/2005 in case as to Ali Al–Timimi (rtra) (Entered: 03/24/2005) |
| 03/24/2005 | | WRIT of Habeas Corpus ad Testificandum re–issued for Masoud Ahmad Khan for 04/04/2005 in case as to Ali Al–Timimi (rtra) (Entered: 03/24/2005) |
| 03/24/2005 | | WRIT of Habeas Corpus ad Testificandum re–issued for Ibrahim Ahmed Al–Hamdi for 04/04/2005 in case as to Ali Al–Timimi (rtra) (Entered: 03/24/2005) |
| 03/28/2005 | 82 | Exhibit list by USA as to Ali Al–Timimi (rtra) (Entered: 03/30/2005) |
| 03/28/2005 | 83 | TRIAL EXHIBIT CUSTODY FORM filed by USA (exh. #1A1 through 10T4 AUSA Gordon Kromberg) (rtra) (Entered: 03/30/2005) |
| 03/28/2005 | 84 | Proposed Jury Instructions by USA as to Ali Al–Timimi (rtra) (Entered: 03/30/2005) |
| 03/29/2005 | | Jury trial proceedings as to Ali Al–Timimi (Jury Selection) before Judge Leonie M. Brinkema set at 3/31/05 (rtra) (Entered: 03/29/2005) |

| | | |
|---|---|---|
| 03/29/2005 | 85 | MOTION by Ali Al–Timimi in limine regarding Various Government Exhibits (rtra) (Entered: 03/30/2005) |
| 03/29/2005 | 86 | ORDER as to Ali Al–Timimi in Re: Preliminary Review of Juror Questionnaires; ORDERED that the parties file their objections to this Order by noon Wednesday, March 30, 2005; and it is further ORDERED that if either party believes other prospective jurors should be stricken for cause, the party alert the Court as soon as possible by providing the juror's number and a reason for striking the juror. ( Signed by Judge Leonie M. Brinkema ) Copies Mailed: 03/29/05 (rtra) (Entered: 03/30/2005) |
| 03/30/2005 | 87 | RESPONSE by USA to [86–1] Order of March 29th as to Ali Al–Timimi (rtra) (Entered: 03/30/2005) |
| 03/30/2005 | 88 | Defendant's Proposed Strikes for Cause and Hardship filed by defendant Ali Al–Timimi (rtra) (Entered: 03/30/2005) |
| 03/30/2005 | 89 | ORDER as to Ali Al–Timimi; ORDERED that jurors #s 1, 2, 4, 5, 6, 8, 9, 11, 13, 15, 17, 21, 23, 24, 25, 26, 27, 28, 29, 32, 40, 44, 46, 48, 51, 52, 60, 63, 71, 72, 73, 86, 87, 90, 92, 100, 112, and 113 be and are EXCUSED from the juror pool; and it is further ORDERED that upon the Government's request jurors #s 7, 10, 19, 49, 54, 59, 70, 99, 103, 108, 111, and 114 be and are EXCUSED from the juror pool; and it is further ORDERED upon the Defendant's request jurors # 36, 38, and 85 be and are excused from the juror pool. [See Order for Details] ( Signed by Judge Leonie M. Brinkema ) Copies Mailed: 03/30/05 (rtra) (Entered: 03/30/2005) |
| 03/30/2005 | 90 | ORDER as to Ali Al–Timimi; ORDERED that individual voir dire of jurors #s 3, 31, 34, 39, 43, 47, 57, 62, 67, 74, 76, 79, 81, 82, 83, 89, 94, 96, 102, and 107 will begin at 10:00 a.m., Thursday, March 31, 2005 in Courtroom 700; and it is further ORDERED that individual voir dire of jurors #s 12, 16, 18, 30, 35, 42, 45, 58, 65, 69, 78, 80, 84, 91, 95, 97, 101, 104, 109, and 115 will begin at 2:00 p.m., Thursday, March 31, 2005 in Courtroom 700; and it is further ORDERED that individual voir dire of jurors #s 14, 22, 33, 37, 41, 55, 61, 64, 66, 75, 77, 88, 93, 98, 105, and 106 will begin at 11:00 a.m., Friday, April 1, 2005 in Courtroom 700. ( Signed by Judge Leonie M. Brinkema ) Copies Mailed: 03/30/05 (rtra) (Entered: 03/30/2005) |
| 03/31/2005 | 91 | Proposed Voir Dire Questions by USA (rtra) (Entered: 03/31/2005) |
| 03/31/2005 | | Voir dire begun as to Ali Al–Timimi (1) count(s) 1s, 2s, 3s, 4s, 5s, 6s, 7s–8s, 9s–10s (rtra) (Entered: 03/31/2005) |
| 03/31/2005 | | Jury trial proceedings began as to Ali Al–Timimi before Judge Leonie M. Brinkema. ( Reporter: Linnell) USA appeared through: Gordon Kromberg, John Gibbs Dft(s) appeared through: Edward MacMahon, Alan Yamamoto. Jurors appeared to begin individual voir dire. Court conducts voir dire. 27 Jurors qualified for final jury pool. Court adjourned to reconvene 04/01/2005 at 11:00 a.m. Deft. continued on current bond. (rtra) (Entered: 03/31/2005) |
| 03/31/2005 | | Jury trial proceedings as to Ali Al–Timimi before Judge Leonie M. Brinkema set at 11:00 4/1/05 Courtroom 700 (rtra) (Entered: 03/31/2005) |
| 04/01/2005 | | Jury trial proceedings as to Ali Al–Timimi continued before Judge Leonie M. Brinkema ( Reporter: Linnell) USA appeared through: Gordon Kromberg, John Gibbs Dft(s) appeared through: Edward MacMahon, Alan Yamamoto. Individual voir dire continued. Final jury pool qualified. Matter continued to 04/04/2005 at 10:00 a.m. for final jury selection and further trial proceedings. Deft. continued on current bond. (rtra) (Entered: 04/01/2005) |
| 04/01/2005 | | Jury trial proceedings as to Ali Al–Timimi before Judge Leonie M. Brinkema set at 10:00 4/4/05; Courtroom 700 (rtra) (Entered: 04/01/2005) |
| 04/01/2005 | 93 | RESPONSE by USA [85–1] motion in limine regarding Various Government Exhibits as to Ali Al–Timimi (rtra) (Entered: 04/04/2005) |
| 04/01/2005 | 94 | For the reasons stated in open court, ORDER as to Ali Al–Timimi granting in part, denying in part [85–1] Defendant's Motion in limine regarding Various Government Exhibits as to Ali Al–Timimi (1) ( Signed by Judge Leonie Brinkema ) Copies Mailed: 04/01/05 (rtra) (Entered: 04/04/2005) |

| 04/04/2005 | 92 | First Amended Exhibit list by USA as to Ali Al–Timimi (rtra) (Entered: 04/04/2005) |
| --- | --- | --- |
| 04/04/2005 | | Jury trial proceedings as to Ali Al–Timimi continued before Judge Leonie M. Brinkema. ( Reporter: Thomson) USA appeared through: Gordon Kromberg, John Gibbs Dft(s) appeared through: Edward MacMahon, Alan Yamamoto. Jury appeared, 14 Jurors chosen and sworn to try the issues. Rule on witnesses. Openning statements made. Govt. began to aduce evidence. Court adjourned to reconvene 04/05/2005 at 9:30 a.m. for further trial proceedings. Deft. continued on current bond. (rtra) (Entered: 04/04/2005) |
| 04/04/2005 | | Jury trial proceedings as to Ali Al–Timimi before Judge Leonie M. Brinkema set at 9:30 4/5/05; Courtroom 700 (rtra) (Entered: 04/04/2005) |
| 04/05/2005 | | Jury trial proceedings as to Ali Al–Timimi before Judge Leonie M. Brinkema held ( Reporter: Thomson) USA appeared through: Gordon Kromberg, John Gibbs Dft(s) appeared through: Edward MacMahon, Alan Yamamoto. Govt. continued to aduce evidence. Court adjourned to reconvene 04/06/2005 at 9:30 a.m. for further trial proceedings. Deft. continued on current bond. (rtra) (Entered: 04/05/2005) |
| 04/05/2005 | | Jury trial proceedings as to Ali Al–Timimi before Judge Leonie M. Brinkema set at 9:30 4/6/05; Courtroom 700 (rtra) (Entered: 04/05/2005) |
| 04/06/2005 | | Jury trial proceedings as to Ali Al–Timimi continued before Judge Leonie M. Brinkema. ( Reporter:Thomson) USA appeared through: Gordon Kromberg, John Gibbs Dft(s) appeared through: Edward MacMahon, Alan Yamamoto. Govt. continued to aduce evidence. Court adjourned to reconvene 04/07/2005 at 9:30 a.m. Deft. continued to on current bond. (rtra) (Entered: 04/06/2005) |
| 04/06/2005 | | Jury trial proceedings as to Ali Al–Timimi before Judge Leonie M. Brinkema set at 9:30 4/7/05; Courtroom 700 (rtra) (Entered: 04/06/2005) |
| 04/07/2005 | | Jury trial proceedings as to Ali Al–Timimi continued before Judge Leonie M. Brinkema. ( Reporter: Thomson) USA appeared through: Gordon Kromberg, John Gibbs Dft(s) appeared through: Edward MacMahon, Alan Yamamoto. Govt. continued to adduce evidence. Court adjourned to reconvene 04/11/2005 at 9:30 a.m. Deft. continued on current bond. (rtra) (Entered: 04/07/2005) |
| 04/07/2005 | | Jury trial proceedings as to Ali Al–Timimi before Judge Leonie M. Brinkema set at 9:30 4/11/05; Courtroom 700 (rtra) (Entered: 04/07/2005) |
| 04/11/2005 | 95 | Proposed Jury Instructions by Ali Al–Timimi (rtra) (Entered: 04/11/2005) |
| 04/11/2005 | 96 | OBJECTION by defendant Ali Al–Timimi to Government's Proposed Jury Instructions (rtra) (Entered: 04/11/2005) |
| 04/11/2005 | 97 | TRANSCRIPT EXCERPT filed in case as to Ali Al–Timimi for dates of April 5, 2005; Jury Trial before Judge Brinkema (rtra) (Entered: 04/11/2005) |
| 04/11/2005 | 98 | TRANSCRIPT EXCERPT filed in case as to Ali Al–Timimi for dates of April 7, 2005; Jury Trial before Judge Brinkema (rtra) (Entered: 04/11/2005) |
| 04/11/2005 | | Jury trial proceedings as to Ali Al–Timimi continued before Judge Leonie M. Brinkema. ( Reporter: Thomson) USA appeared through: Gordon Kromberg, John Gibbs Dft(s) appeared through: Edward Macmahon, Alan Yamamoto. Govt. continued to adduce evidence. Court adjourned to reconvene 04/12/2005 at 9:30 a.m. Deft. continued on current bond. (rtra) (Entered: 04/11/2005) |
| 04/11/2005 | | Jury trial proceedings as to Ali Al–Timimi before Judge Leonie M. Brinkema set at 9:30 4/12/05; Courtroom 700 (rtra) (Entered: 04/11/2005) |
| 04/12/2005 | | Jury trial proceedings as to Ali Al–Timimi continued before Judge Leonie M. Brinkema. ( Reporter: Thomson) USA appeared through: Gordon Kromberg, John Gibbs Dft(s) appeared through: Edward MacMahon, Alan Yamamoto. Govt. continued to adduce evidence. Court adjourned to reconvene 04/13/2005 at 9:30 a.m. Deft. continued on current bond. (rtra) (Entered: 04/12/2005) |
| 04/12/2005 | | Jury trial proceedings as to Ali Al–Timimi before Judge Leonie M. Brinkema set at 9:30 4/13/05; Courtroom 700 (rtra) (Entered: 04/12/2005) |

| 04/13/2005 | | Jury trial proceedings as to Ali Al–Timimi continued before Judge Leonie M. Brinkema. ( Reporter: Thomson) USA appeared through: Gordon Kromberg, John Gibbs Dft(s) appeared through: Edward MacMahon, Alan Yamamoto. Govt. continued to adduce evidence and rests. Deft's Rule 29 Motion for Judgment of Acquittal as to all Counts of the Indictment–Argued and Denied. Deft. adduced evidence. Court adjourned to reconvene 04/14/2005 at 10:00 a.m. Deft. continued on current bond. (rtra) (Entered: 04/13/2005) |
| 04/13/2005 | | Jury trial proceedings as to Ali Al–Timimi before Judge Leonie M. Brinkema set at 10:00 4/14/05; Courtroom 700 (rtra) (Entered: 04/13/2005) |
| 04/14/2005 | 99 | TRANSCRIPT EXCERPT filed in case as to Ali Al–Timimi for dates of April 4, 2005; Jury trial before Judge Brinkema (rtra) (Entered: 04/14/2005) |
| 04/14/2005 | | Jury trial proceedings as to Ali Al–Timimi continued before Judge Leonie M. Brinkema. ( Reporter: Thomson) USA appeared through: Gordon Kromberg, John Gibbs Dft(s) appeared through: Edward MacMahon, Alan Yamamoto. Deft. continued to adduce evidence and rests. Govt. adduced rebuttal evidence and rests. Court adjourned to reconvene 04/18/2005 at 9:00 a.m. for charging conference; 10:00 a.m. for Closing Arguments, Jury Charge. Deft. continued on current bond. (rtra) (Entered: 04/14/2005) |
| 04/14/2005 | | Jury trial proceedings as to Ali Al–Timimi before Judge Leonie M. Brinkema set at 9:00 4/18/05; Courtroom 700 (rtra) (Entered: 04/14/2005) |
| 04/15/2005 | 100 | MOTION by USA as to Ali Al–Timimi to Admit Summary Chart (rtra) (Entered: 04/19/2005) |
| 04/15/2005 | 101 | ORDER as to Ali Al–Timimi; ORDERED that Government's Exhibits 7F5D and 7F24(a),(b), and (c) be and are admitted and Defendant's Exhibit 52 is excluded. ( Signed by Judge Leonie M. Brinkema ) Copies Mailed: 04/15/05 (rtra) (Entered: 04/19/2005) |
| 04/18/2005 | 102 | Entered Exhibit list by USA as to Ali Al–Timimi (rtra) (Entered: 04/19/2005) |
| 04/18/2005 | 103 | Index of Audio Clips From Lectures by the Defendant filed by USA as to Ali Al–Timimi (rtra) (Entered: 04/19/2005) |
| 04/18/2005 | 104 | RESPONSE to Court's Proposed Jury Instructions by USA as to Ali Al–Timimi (rtra) (Entered: 04/19/2005) |
| 04/18/2005 | 105 | Admitted Exhibit list by Ali Al–Timimi (rtra) (Entered: 04/19/2005) |
| 04/18/2005 | 106 | ORDER as to Ali Al–Timimi in re: Proposed Jury Charge [See Order for Details] ( Signed by Judge Leonie M. Brinkema ) Copies Mailed: 04/18/05 (rtra) (Entered: 04/19/2005) |
| 04/18/2005 | | Jury trial proceedings as to Ali Al–Timimi continued before Judge Leonie M. Brinkema. ( Reporter: Thomson) USA appeared through: Gordon Kromberg, John Gibbs Dft(s) appeared through: Edward MacMahon, Alan Yamamoto. Charge conference held. Closing arguments heard. Jury charged and retired to begin deliberations. Court adjourned to reconvene 04/19/2005 at 9:00 a.m. for further deliberation. Deft. continued on current bond. (rtra) (Entered: 04/19/2005) |
| 04/18/2005 | | Jury trial proceedings as to Ali Al–Timimi before Judge Leonie M. Brinkema set at 9:00 4/19/05; Courtroom 600 (rtra) (Entered: 04/19/2005) |
| 04/19/2005 | | Jury trial proceedings as to Ali Al–Timimi continued before Judge Leonie M. Brinkema. ( Reporter: Thomson) USA appeared through: Gordon Kromberg, John Gibbs Dft(s) appeared through: Edward MacMahon. Jury returned to continue deliberations. Court adjourned to reconvene 04/20/2005 at 9:00 a.m. for further deliberations. Deft. continued on current bond. (rtra) (Entered: 04/20/2005) |
| 04/19/2005 | | Jury trial proceedings as to Ali Al–Timimi before Judge Leonie M. Brinkema set at 9:00 4/20/05; Jury deliberation (rtra) (Entered: 04/20/2005) |
| 04/20/2005 | | Jury trial proceedings as to Ali Al–Timimi continued before Judge Leonie M. Brinkema. ( Reporter: Thomson) USA appeared through: Gordon Kromberg, John Gibbs Dft(s) appeared through: Edward MacMahon, Alan Yamamoto. Jury returned to |

| | | |
|---|---|---|
| | | continue deliberations. Court adjourned to reconvene 04/21/2005 at 9:00 a.m. for further deliberation. Deft. continued on current bond. (rtra) (Entered: 04/20/2005) |
| 04/20/2005 | | Jury trial proceedings as to Ali Al–Timimi before Judge Leonie M. Brinkema set at 9:00 4/21/05; Jury deliberation (rtra) (Entered: 04/20/2005) |
| 04/21/2005 | | Jury trial proceedings as to Ali Al–Timimi continued before Judge Leonie M. Brinkema. ( Reporter: Thomson) USA appeared through: Gordon Kromberg, John Gibbs Dft(s) appeared through: Edward MacMahon, Alan Yamamoto. Jury returned to continue deliberations. Court adjourned to reconvene 04/22/2005 at 9:00 a.m. for further deliberation. Deft. continued on current bond. (rtra) (Entered: 04/25/2005) |
| 04/22/2005 | | Jury trial proceedings as to Ali Al–Timimi continued before Judge Leonie M. Brinkema. ( Reporter: Thomson) USA appeared through: Gordon Kromberg, John Gibbs Dft(s) appeared through: Edward MacMahon, Alan Yamamoto. Jury returned to continue deliberations. Court adjourned to reconvene 04/25/2005 at 9:00 a.m. for further deliberation. Deft. continued on current bond. (rtra) (Entered: 04/25/2005) |
| 04/25/2005 | | Jury trial proceedings as to Ali Al–Timimi continued before Judge Leonie M. Brinkema. ( Reporter: Thomson) USA appeared through: Gordon Kromberg, John Gibbs Dft(s) appeared through: Edward MacMahon, Alan Yamamoto. Jury returned to continue deliberations. Court adjourned to reconvene 04/26/2005 at 9:00 a.m. for further deliberation. Deft. continued on current bond. (rtra) (Entered: 04/25/2005) |
| 04/25/2005 | | Jury trial proceedings as to Ali Al–Timimi before Judge Leonie M. Brinkema set at 9:00 4/26/05; Jury Deliberation (rtra) Modified on 04/25/2005 (Entered: 04/25/2005) |
| 04/26/2005 | | Jury trial proceedings as to Ali Al–Timimi continued before Judge Leonie M. Brinkema. ( Reporter: Thomson) USA appeared through: Gordon Kromberg, John Gibbs Dft(s) appeared through: Edward MacMahon, Alan Yamamoto. Jury returned to continue deliberations. Jury returned verdicts of Guilty as to Counts 1 through 10. Verdict filed in open court. Jury excused. Post trial motions to be filed w/in 20 days. Matter referred to USPO for PSIR and continued to Wednesday, 07/13/2005 at 10:00 a.m. for sentencing. Govt's oral Motion to Revoke Conditions of Release–Argued and Denied. Deft. continued on current bond w/additional conditions: deft. to be placed on Home Confinement w/electronic monitoring w/GPS, w/leave as directed by Court. (rtra) (Entered: 04/26/2005) |
| 04/26/2005 | 107 | JURY VERDICT as to Ali Al–Timimi Guilty: Ali Al–Timimi (1) count(s) 1s, 2s, 3s, 4s, 5s, 6s, 7s–8s, 9s–10s (rtra) (Entered: 04/26/2005) |
| 04/26/2005 | | Sentencing before Judge Leonie M. Brinkema set for 10:00 7/13/05 for Ali Al–Timimi , Ali Al–Timimi (1) count(s) 1s, 2s, 3s, 4s, 5s, 6s, 7s–8s, 9s–10s (rtra) (Entered: 04/26/2005) |
| 04/26/2005 | 108 | ORDER as to Ali Al–Timimi Amending [2–1] Order Setting Conditions of Release [See Order for Details] ( Signed by Judge Leonie M. Brinkema ) Copies Mailed: 04/26/05 (rtra) (Entered: 04/26/2005) |
| 04/28/2005 | 109 | MOTION by USA as to Ali Al–Timimi for Additional Restrictions (rtra) (Entered: 04/29/2005) |
| 05/03/2005 | 110 | TRANSCRIPT EXCERPT of Jury Trial Proceedings as to Ali Al–Timimi held on April 18, 2005 before Judge Brinkema. Court Reporter: Anneliese Thomson. (rtra, ) (Entered: 05/04/2005) |
| 05/10/2005 | 111 | MOTION for Additional Time to File his Rule 29 Motion and Motion for New Trial by Ali Al–Timimi. (agil) (Entered: 05/11/2005) |
| 05/10/2005 | 112 | RESPONSE to Motion by Ali Al–Timimi to the Government's 109 Motion for Additional Restrictions (agil) (Entered: 05/11/2005) |
| 05/10/2005 | 113 | ORDER that the government's 109 Motion for Additional Restrictions be and is DENIED. Dft also filed a Motion 111 for Additional Time to File His Rule 29 Motion and Motion for a New Trial. In light of gvt not opposing the motion and the complexity and length of the trial record, that motion is GRANTED, and it is hereby Ordered that the deadline for the dft filing post–trial motions is extended to 6/5/2005 as to Ali Al–Timimi (1). Signed by Judge Leonie M. Brinkema on 5/10/2005. Copies |

| | | sent: 5/10/05 (agil, ) (Entered: 05/11/2005) |
|---|---|---|
| 05/19/2005 | 114 | TRANSCRIPT EXCERPT of Jury Trial Proceedings as to Ali Al–Timimi held on 04/26/2005 before Judge Hon. Leonie M. Brinkema. Court Reporter: Anneliese Thomson. (rtra, ) (Entered: 05/19/2005) |
| 06/01/2005 | 115 | TRANSCRIPT EXCERPT of Proceedings as to Ali Al–Timimi; Jury Trial held on April 7, 2005 (P.M. Session) before Judge Brinkema. Court Reporter: Thomson. (rtra, ) (Entered: 06/02/2005) |
| 06/01/2005 | 116 | TRANSCRIPT EXCERPT of Proceedings as to Ali Al–Timimi; Jury Trial held on April 11, 2005 before Judge Brinkema. Court Reporter: Thomson. (rtra, ) (Entered: 06/02/2005) |
| 06/01/2005 | 117 | TRANSCRIPT EXCERPT of Proceedings as to Ali Al–Timimi; Jury Trial held on April 14, 2005 (P.M. Session) before Judge Brinkema. Court Reporter: Thomson. (rtra, ) (Entered: 06/02/2005) |
| 06/03/2005 | 120 | TRANSCRIPT EXCERPT of Jury Trial Proceedings as to Ali Al–Timimi held on April 4, 2005 before Judge Brinkema. (Afternoon Session) Court Reporter: Thomson. (rtra, ) (Entered: 06/08/2005) |
| 06/03/2005 | 121 | TRANSCRIPT EXCERPT of Jury Trial Proceedings as to Ali Al–Timimi held on April 5, 2005 before Judge Brinkema. (Morning Session) Court Reporter: Thomson. (rtra, ) (Entered: 06/08/2005) |
| 06/03/2005 | 122 | TRANSCRIPT EXCERPT of Jury Trial Proceedings as to Ali Al–Timimi held on April 14, 2005 before Judge Brinkema. (Afternoon Session) Court Reporter: Thomson. (rtra, ) (Entered: 06/08/2005) |
| 06/03/2005 | 123 | TRANSCRIPT EXCERPT of Jury Trial Proceedings as to Ali Al–Timimi held on April 18, 2005 before Judge Brinkema. (Morning Session) Court Reporter: Thomson. (rtra, ) (Entered: 06/08/2005) |
| 06/06/2005 | 118 | MOTION for Judgment of Acquittal by Ali Al–Timimi. (rtra, ) (Entered: 06/07/2005) |
| 06/06/2005 | 119 | MOTION for a New Trial by Ali Al–Timimi. (rtra, ) (Entered: 06/07/2005) |
| 06/14/2005 | 124 | Corrected MOTION by Ali Al–Timimi for a New Trial. (agil) (Entered: 06/14/2005) |
| 06/20/2005 | 125 | Government's Response to Defendant's Post–Trial Motions (rtra, ) (Entered: 06/27/2005) |
| 06/28/2005 | 126 | Defendant's Reply to the Government's Response to Defendant's Post–Trial Motions (rtra, ) (Entered: 06/30/2005) |
| 07/07/2005 | 127 | MOTION to Amend Conditions of Release by Ali Al–Timimi. (agil) (Entered: 07/07/2005) |
| 07/07/2005 | 128 | Position with Respect to Sentencing Factors by USA as to Ali Al–Timimi (agil) (Entered: 07/07/2005) |
| 07/07/2005 | 129 | ORDER granting 127 Motion to Modify Conditions of Release as to Ali Al–Timimi (1). Signed by Judge Leonie M. Brinkema on 07/07/2005. (rtra, ) (Entered: 07/12/2005) |
| 07/11/2005 | 130 | Position on Sentencing Factors by Ali Al–Timimi (rtra, ) (Entered: 07/12/2005) |
| 07/13/2005 | | Minute Entry for proceedings held before Judge Leonie M. Brinkema:Sentencing held on 7/13/2005 for Ali Al–Timimi (1), Count(s) 1, 2, 3–4, 5–6, 7–10. Appearances by AUSA Gordon Kromberg/John Gibbs. Counsel for deft Edward MacMahon/Alan Yamamoto. USPO Kurt Bubenhofer. Deft's objection to obstruction of justice enhancement – granted; Deft's objection to leadership enhancement – denied. Govt's request for terrorism enhancement – denied. Deft's motion for New Trial – denied. Deft's motion for Rule 29 Motion for Judgment of Acquittal –denied. Court adopts factual findings in PSIR, except the Court adjusts the offense level 2 points to a level 32. JUDGMENT: BOP for Life Imprisonment, consisting of 121 months concurrent as to each of Counts 1, 2, and 3; 120 months concurrent as to Counts 4 and 5, to be served concurrently with the terms of imprisonment imposed in Counts 1, 2, and 3; 60 |

| | | |
|---|---|---|
| | | months as to Count 6, to be served concurrently with the terms of imprisonment imposed in Counts 1, 2, 3, 4, and 5; 360 months as to Count 7, to be served consecutively to the terms of imprisonment imposed in Counts 1, 2, 3, 4, 5, and 6; Life Imprisonment as to Count 8; 120 months as to Count 9, to be served consecutively to the terms of imprisonment imposed in Counts 1, 2, 3, 4, 5, 6, 7, and 8; 240 months as to Count 10, to be served consecutively to the terms of imprisonment imposed in Counts 1, 2, 3, 4, 5, 6, 7, 8, and 9. 3 Years Supervised Release with conditions as to all counts to be served concurrently; Deft shall have no contact with co–defts. Drug testing waived. Fine/Costs waived. S/A $1000.00 ($100.00 per count). Deft to be designated to a facility as close to the Washington DC area as possible. Court recommends deft not be placed under Special Administrative Measures (SAM) while in custody. Deft advised of right to appeal conviction and sentence w/in 10 days. Deft's oral motion to continue bond pending appeal – denied. Deft remanded. (Court Reporter Thomson.) (karn, ) (Entered: 07/18/2005) |
| 07/13/2005 | 131 | For the reasons stated in open court, ORDER denying 124 Corrected Motion for New Trial and Motion for Judgment of Acquittal as to Ali Al–Timimi (1). Signed by Judge Leonie M. Brinkema on 7/13/05. (karn, ) (Entered: 07/18/2005) |
| 07/13/2005 | 132 | JUDGMENT as to Ali Al–Timimi (1), Count(s) 1, 2, 3–4, 5–6, DISMISSED per filing of Superseding Indictment; Count(s) 10s, BOP for 240 months, to served consecutively to the terms of imprisonment imposed in Counts 1, 2, 3, 4, 5, 6, 7, 8, and 9; 3 years Supervised Release with conditions, S/A $100.00; Count(s) 1s, BOP for 121 months concurrent as to each of Counts 1,2, and 3; 3 years Supervised Release with conditions, S/A $100.00; Count(s) 2s, BOP for 121 months concurrent as to each of Counts 1, 2 and 3; 3 years Supervised Release with conditions, S/A $100.00; Count(s) 3s, BOP for 121 months concurrent as to each of Counts 1, 2, and 3; 3 years Supervised Release with conditions, S/A $100.00; Count(s) 4s, 5s, BOP for 120 months concurrent as to each of Counts 4 and 5, to be served concurrently with the terms of imprisonment imposed in Counts 1, 2 and 3; 3 years Supervised Release with conditions, S/A $100.00; Count(s) 6s, BOP for 60 months, to be served concurrently with the terms of imprisonment imposed in Counts 1, 2, 3, 4, and 5; 3 years Supervised Release with conditions, S/A $100.00; Count(s) 7s, BOP for 360 months, to be served consecutively to the terms of imprisonment imposed in Counts 1, 2, 3, 4, 5, and 6; 3 years Supervised Release with conditions, S/A $100.00; Count(s) 8s, Life Imprisonment; 3 years Supervised Release with conditions, S/A $100.00; Count(s) 9s, BOP for 120 months, to be served consecutively to the terms of imprisonment imposed in Counts 1, 2, 3, 4, 5, 6, 7, and 8; 3 years Supervised Release with conditions, S/A $100.00. Signed by Judge Leonie M. Brinkema on 7/13/05. (karn, ) (Entered: 07/18/2005) |
| 07/15/2005 | 133 | NOTICE OF APPEAL by Ali Al–Timimi (1) re 132 Judgment dated 7/13/05 count(s) 1s,2s,3s,4s,5s,6s,7s,8s,9s,10s. Appeal fee not paid. Copy sent to USCA. Copy sent to parties. (nmck, ) (Entered: 07/18/2005) |
| 07/22/2005 | 134 | MOTION by Ali Al–Timimi for Court–Appointed Counsel on appeal. (karn, ) (Entered: 07/25/2005) |
| 07/22/2005 | 135 | CJA 23 Financial Affidavit by Ali Al–Timimi (karn, ) (Entered: 07/25/2005) |
| 07/22/2005 | 136 | MOTION to Remain in the Alexandria Detention Center pending appeal by Ali Al–Timimi. (karn, ) (Entered: 07/25/2005) |
| 07/26/2005 | 137 | ORDER granting 134 Motion for Court–Appointed Counsel on appeal as to Ali Al–Timimi (1); and it is hereby ORDERED that deft's trial counsel confer with each other and the deft to determine if one of the trial counsel can handle the appeal and so advise the Court within the next 5 business days. If neither counsel has sufficient time to take this appeal, then a different attorney will be appointed. Deft's 136 Motion to Remain in the Alexandria Detention Center is DENIED, although the Court has no objection to deft remaining at the Alexandria Adult Detention Center until the Bureau of Prisons makes a final designation. Signed by Judge Leonie M. Brinkema on 7/26/05. (karn, ) (Entered: 07/27/2005) |
| 07/29/2005 | | USCA Case Number 05–4761, Case Manager Sharon Wiley for 133 Notice of Appeal – Final Judgment filed by Ali Al–Timimi,. (nmck, ) (Entered: 08/01/2005) |

**J.A. 018**

| 08/03/2005 | | CJA 24/Transcript requests as to Ali Al–Timimi re: motions hearings, trial proceedings, and sentencing proceedings (karn, ) (Entered: 08/04/2005) |
|---|---|---|
| 08/08/2005 | 138 | ORDER of USCA (copy) as to Ali Al–Timimi, the court appoints Edward B. MacMahon, Jr. Esq. as counsel for the appellant pursuant to the provisions of the CJA. (nmck, ) (Entered: 08/09/2005) |
| 09/21/2005 | 139 | PARTIAL TRANSCRIPT of Proceedings (Motions) as to Ali Al–Timimi held on April 1, 2005 before Judge Brinkema. Court Reporter: Linnell. (karn, ) (Entered: 09/22/2005) |
| 10/18/2005 | 140 | TRANSCRIPT of CIPA Hearing Proceedings as to Ali Al–Timimi held on April 13, 2005 before Judge Brinkema [Filed with the Court Security Officer]. Court Reporter: A. Thomson. (jwhe, ) (Entered: 10/21/2005) |
| 10/18/2005 | 141 | TRANSCRIPT of CIPA Hearing Proceedings as to Ali Al–Timimi held on April 14, 2005 before Judge Brinkema [Filed with the Court Security Officer]. Court Reporter: A. Thomson. (jwhe, ) (Entered: 10/21/2005) |
| 10/18/2005 | 142 | TRANSCRIPT of CIPA Hearing Proceedings as to Ali Al–Timimi held on March 23, 2005 before Judge Brinkema [Filed with the Court Security Officer]. Court Reporter: A. Thomson. (jwhe, ) (Entered: 10/21/2005) |
| 10/18/2005 | 143 | TRANSCRIPT of CIPA Hearing Proceedings as to Ali Al–Timimi held on January 19, 2005 before Judge Brinkema [Filed with the Court Security Officer]. Court Reporter: A. Thomson. (jwhe, ) (Entered: 10/21/2005) |
| 10/21/2005 | 144 | TRANSCRIPT of Motion Hearing Proceedings as to Ali Al–Timimi held on December 3, 2004 before Judge Brinkema. Court Reporter: A. Thomson. (jwhe, ) (Entered: 10/21/2005) |
| 10/21/2005 | 145 | TRANSCRIPT of Motions Hearing Proceedings as to Ali Al–Timimi held on January 28, 2005 before Judge Brinkema. Court Reporter: A. Thomson. (jwhe, ) (Entered: 10/21/2005) |
| 10/21/2005 | 146 | TRANSCRIPT of Motions Hearing Proceedings as to Ali Al–Timimi held on March 18, 2005 before Judge Brinkema. Court Reporter: A. Thomson. (jwhe, ) (Entered: 10/21/2005) |
| 10/21/2005 | 147 | TRANSCRIPT of Sentencing Proceedings as to Ali Al–Timimi held on July 13, 2005 before Judge Brinkema. Court Reporter: A. Thomson. (jwhe, ) (Entered: 10/21/2005) |
| 10/21/2005 | 148 | EXCERPT TRANSCRIPT of Jury Trial Proceedings (Vol. 1 of 14) as to Ali Al–Timimi held on April 4, 2005 before Judge Brinkema. Court Reporter: A. Thomson. (jwhe, ) (Entered: 10/21/2005) |
| 10/21/2005 | 149 | TRANSCRIPT of Jury Trial Proceedings (Vol. 2 of 14) as to Ali Al–Timimi held on April 5, 2005 before Judge Brinkema. Court Reporter: A. Thomson. (jwhe, ) (Entered: 10/21/2005) |
| 10/21/2005 | 150 | TRANSCRIPT of Jury Trial Proceedings (Vol. 3 of 14) as to Ali Al–Timimi held on April 6, 2005 before Judge Brinkema. Court Reporter: A. Thomson. (jwhe, ) (Entered: 10/21/2005) |
| 10/21/2005 | 151 | TRANSCRIPT of Jury Trial Proceedings (Vol. 4 of 14) as to Ali Al–Timimi held on April 7, 2005 before Judge Brinkema. Court Reporter: A. Thomson. (jwhe, ) (Entered: 10/21/2005) |
| 10/21/2005 | 152 | TRANSCRIPT of Jury Trial Proceedings (Vol. 5 of 14) as to Ali Al–Timimi held on April 11, 2005 before Judge Brinkema. Court Reporter: A. Thomson. (jwhe, ) (Entered: 10/21/2005) |
| 10/21/2005 | 153 | TRANSCRIPT of Jury Trial Proceedings (Vol. 6 of 14) as to Ali Al–Timimi held on April 12, 2005 before Judge Brinkema. Court Reporter: A. Thomson. (jwhe, ) (Entered: 10/21/2005) |
| 10/21/2005 | 154 | TRANSCRIPT of Jury Trial Proceedings (Vol. 7 of 14) as to Ali Al–Timimi held on April 13, 2005 before Judge Brinkema. Court Reporter: A. Thomson. (jwhe, ) (Entered: 10/21/2005) |

| 10/21/2005 | 155 | TRANSCRIPT of Jury Trial Proceedings (Vol. 8 of 14) as to Ali Al–Timimi held on April 14, 2005 before Judge Brinkema. Court Reporter: A. Thomson. (jwhe, ) (Entered: 10/21/2005) |
| 10/21/2005 | 156 | TRANSCRIPT of Jury Trial Proceedings (Vol. 9 of 14) as to Ali Al–Timimi held on April 18, 2005 before Judge Brinkema. Court Reporter: A. Thomson. (jwhe, ) (Entered: 10/21/2005) |
| 10/21/2005 | 157 | TRANSCRIPT of Jury Trial Proceedings (Vol. 10 of 14) as to Ali Al–Timimi held on April 19, 2005 before Judge Brinkema. Court Reporter: A. Thomson. (jwhe, ) (Entered: 10/21/2005) |
| 10/21/2005 | 158 | TRANSCRIPT of Jury Trial Proceedings (Vol. 11 of 14) as to Ali Al–Timimi held on April 20, 2005 before Judge Brinkema. Court Reporter: A. Thomson. (jwhe, ) (Entered: 10/21/2005) |
| 10/21/2005 | 159 | TRANSCRIPT of Jury Trial Proceedings (Vol. 12 of 14) as to Ali Al–Timimi held on April 22, 2005 before Judge Brinkema. Court Reporter: A. Thomson. (jwhe, ) (Entered: 10/21/2005) |
| 10/21/2005 | 160 | TRANSCRIPT of Jury Trial Proceedings (Vol. 13 of 14) as to Ali Al–Timimi held on April 25, 2005 before Judge Brinkema. Court Reporter: A. Thomson. (jwhe, ) (Entered: 10/21/2005) |
| 10/21/2005 | 161 | TRANSCRIPT of Jury Trial Proceedings (Vol. 14 of 14) as to Ali Al–Timimi held on April 26, 2005 before Judge Brinkema. Court Reporter: A. Thomson. (jwhe, ) (Entered: 10/21/2005) |
| 10/25/2005 | 162 | Judgment Returned Executed as to Ali Al–Timimi on 9/29/05. (karn, ) (Entered: 10/26/2005) |
| 10/28/2005 | 163 | Certificate of Completion re 133 Notice of Appeal – Final Judgment (nmck, ) (Entered: 10/28/2005) |
| 04/28/2006 | 164 | ORDER of USCA (copy) as to Ali Al–Timimi re 133 Notice of Appeal – Final Judgment, Appellant's motion to vacate and to remand his case pending further proceedings is GRANTED, It is further ordered, without ruling on the government's jurisdictional question regarding the prison conditions, that the district court may consider upon remand issues raised by appellant and order whatever relief or changes in the case, if any, that it considers appropriate. It is further Ordered that, following a final order by the district court, appellant may timely file without prejudice a new notice of appeal with this court. (Copy of judgment attached) (nmck, ) (Entered: 05/02/2006) |
| 05/03/2006 | 165 | Government's Response to Motion for Admission Pro Hac Vice. (agil) (Entered: 05/04/2006) |
| 05/04/2006 | 166 | ORDER ***VACATED*** for Pro hac vice as to Jonathan Turley. Filing fee $ 50, receipt number 100 187723. Signed by Judge Leonie M. Brinkema on 5/4/06. (agil) Modified on 5/22/2006 to Vacate (agil). (Entered: 05/05/2006) |
| 05/11/2006 | 167 | NOTICE OF ATTORNEY APPEARANCE: Katherine Joanne Seikaly, William Edward Olson appearing for Ali Al–Timimi. (agil) (Entered: 05/12/2006) |
| 05/15/2006 | 169 | ORDER that the Motion for Admission Pro Hac Vice filed be and is DENIED. The Application for admission Pro Hac Vice filed in May be and is Granted as to Ali Al–Timimi. Signed by Judge Leonie M. Brinkema on 5/15/06. c/s (agil) (Entered: 05/22/2006) |
| 05/15/2006 | 170 | ORDER for Pro hac vice as to Jonathan Turley. Filing fee $ 50, receipt number 100 187979. Signed by Judge Leonie M. Brinkema on 5/15/06. (agil) (Entered: 05/22/2006) |
| 05/19/2006 | 168 | CORRECTED JUDGMENT of USCA (certified copy) as to Ali Al–Timimi re 133 Notice of Appeal – Final Judgment, the court hereby corrects a clerical error in its judgment of April 15, 2006. The court's judgment, as corrected, is as follows: In accordance with the court's order of April 25, 2006, this appeal is Vacated and the case is Remanded to the district court for furhter proceedings consistent with that order. A certified copy of this judgment will be provided to the district court upon issuance of |

| | | |
|---|---|---|
| | | the mandate. The judgment will take effect upon issuance of the mandate. (Mandate issued) (nmck, ) (Entered: 05/22/2006) |
| 05/19/2006 | | Case reopened as to Ali Al–Timimi (karn, ) (Entered: 07/24/2006) |
| 05/30/2006 | 171 | OPPOSED MOTION to Substitute Copies for Original Trial Exhibits by USA as to Ali Al–Timimi. (jwhe, ) (Entered: 05/30/2006) |
| 05/30/2006 | 172 | NOTICE OF HEARING ON MOTION in case as to Ali Al–Timimi 171 OPPOSED MOTION to Substitute Copies for Original Trial Exhibits: Motion Hearing set for 6/9/2006 09:00 AM before District Judge Leonie M. Brinkema. (jwhe, ) (Entered: 05/30/2006) |
| 06/07/2006 | 173 | ORDER that the United States is Authorized to substitute copies for the originals of the following government exhibits now in custody of the Clerk of the Court: 10T1, 10T2, 10T4, 10T7, 10T9, 10T10, 10T11, 10T13, 10T15, 10T16 171 as to Ali Al–Timimi (1). Signed by Judge Leonie M. Brinkema on 6/7/06. c/s (agil) (Entered: 06/07/2006) |
| 06/07/2006 | | Per LMB chambers motion set for 6/9/06, order entered. (jwhe, ) (Entered: 06/07/2006) |
| 06/20/2006 | 174 | MOTION for a Briefing Schedule to Deal With Matters on Remand by Ali Al–Timimi. (agil) (Entered: 06/21/2006) |
| 06/20/2006 | 175 | Memorandum of Points and Authorities in Support of 174 MOTION for a Briefing Schedule to Deal With Matters on Remand by Ali Al–Timimi. (agil) (Entered: 06/21/2006) |
| 06/20/2006 | 176 | MOTION for an Order for Transfer to the Alexandria Detention Center by Ali Al–Timimi. (agil) (Entered: 06/21/2006) |
| 06/20/2006 | 177 | Memorandum of Points and Authorities in Support of 176 MOTION for an Order for Transfer to the Alexandria Detention Center by Ali Al–Timimi. (agil) (Entered: 06/21/2006) |
| 06/20/2006 | 178 | NOTICE OF HEARING ON MOTION in case as to Ali Al–Timimi 174 MOTION for a Briefing Schedule to Deal With Matters on Remand, 176 MOTION for an Order for Transfer to the Alexandria Detention Center: Motion Hearing set for 7/22/2006 09:00 AM before District Judge Leonie M. Brinkema. (atty to re–ntc ) (agil) (Entered: 06/21/2006) |
| 06/21/2006 | 179 | Revised NOTICE OF HEARING ON MOTION in case as to Ali Al–Timimi 174 MOTION for a Briefing Schedule to Deal With Matters on Remand, 176 MOTION for an Order for Transfer to the Alexandria Detention Center: Motion Hearing set for 7/21/2006 09:00 AM before District Judge Leonie M. Brinkema. (agil ) (Entered: 06/21/2006) |
| 07/17/2006 | 180 | RESPONSE to Post–Remand Motions 174 , 176 by USA as to Ali Al–Timimi (agil ) (Entered: 07/18/2006) |
| 07/19/2006 | | Reset Deadlines in case as to Ali Al–Timimi 174 MOTION for a Briefing Schedule to Deal With Matters on Remand, 176 MOTION for an Order for Transfer to the Alexandria Detention Center. Motion Hearing reset for 7/21/2006 10:30 AM before District Judge Leonie M. Brinkema. (jwhe, ) (Entered: 07/19/2006) |
| 07/19/2006 | 181 | ORDER that the motions hearing be and is rescheduled to 10:30 a.m., 7/21/06 in Courtroom 600, which will be sealed; the attys for both sides submit the names of any cleared personnel who they want to attend the hearing to the Court Security Officer by noon, 7/20/06; the transcript in this hearing be prepared forthwith and submitted for classification review w/in 72 house of the hearing to expedite public access to these proceedings as to Ali Al–Timimi Signed by Judge Leonie M. Brinkema on 7/19/06. c/s (Entered: 07/19/2006) |
| 07/21/2006 | | Minute Entry for proceedings held before Judge Leonie M. Brinkema: Motion Hearing and Under Seal CIPA Hearing as to Ali Al–Timimi held on 7/21/2006 re 174 MOTION for a Briefing Schedule to Deal With Matters on Remand filed by Ali Al–Timimi, 176 MOTION for an Order for Transfer to the Alexandria Detention Center filed by Ali Al–Timimi. USA appeared through: Gordon Kromberg and John |

| | | Gibb. Deft appeared through: Jonathan Turley. Deft's Motion for an Order of Transfer – granted in part. Deft's Motion for a Briefing Schedule – granted in part, denied in part. Order to follow. (Court Reporter Thomson.) (karn, ) (Entered: 07/24/2006) |
|---|---|---|
| 07/21/2006 | 182 | For the reasons stated in a sealed proceeding, ORDER granting in part 176 MOTION for an Order for Transfer to the Alexandria Detention Center by Ali Al–Timimi, and it is hereby ORDERED that the U.S. Bureau of Prisons shall arrange for the immediate return of the deft to the Eastern District of Virginia where he will be detained at a facility designated, in its discretion, by the U.S. Marshals Service. Deft's 174 MOTION for a Briefing Schedule to Deal With Matters on Remand is GRANTED IN PART and DENIED IN PART, and it is hereby ORDERED that within 45 days of the deft's return to this district, defense counsel serve the govt with the deft's discovery request specifying the particular individuals for whom government surveillance information is sought. Also within this time period, the govt must file with the Court, ex parte and under seal, all documents used to support the FISA warrant referenced in this case. Signed by Judge Leonie M. Brinkema on 7/21/06. (karn, ) (Entered: 07/24/2006) |
| 07/24/2006 | 183 | TRANSCRIPT of CIPA Hearing as to Ali Al–Timimi held on 7/21/06 before Judge Brinkema. Court Reporter: Thomson. [Transcript unsealed 8/14/06 – Clerk's Office was orally advised by CSO that this transcript is unclassified and can be publicly filed] (karn, ) Modified on 8/15/2006 to update docket (karn, ). (Entered: 07/24/2006) |
| 07/31/2006 | 184 | MOTION for Clarification of Ruling by USA as to Ali Al–Timimi. (agil) (Entered: 07/31/2006) |
| 07/31/2006 | 185 | EX PARTE, IN CAMERA and UNDER SEAL Classified Memorandum in Support of Government's Response to Defendant's Post–Remand Motions by USA as to Ali Al–Timimi. (orig. filed w/Court Security Officer) (agil) (Entered: 08/02/2006) |
| 08/03/2006 | 186 | ORDER that the gvt's 184 Motion for Clarification is DENIED. The gvt comply with the Order of 7/21/06. The Court will not issue any of the proposed order submitted w/docket #185 until a more complete record has been established as to Ali Al–Timimi (1). Signed by Judge Leonie M. Brinkema on 8/3/06. c/s (agil) (Entered: 08/04/2006) |
| 08/22/2006 | | Original Exhibit (10T1, 10T2, 10T4, 10T7, 10T9, 10T10, 10T11, 10T13, 10T16) returned to U.S. Attorney with substituted copies. (klau, ) (Entered: 08/25/2006) |
| 08/24/2006 | 187 | Opposed MOTION to Substitute Copies for Original Trial Exhibits by USA as to Ali Al–Timimi. (agil) (Entered: 08/25/2006) |
| 08/24/2006 | 188 | NOTICE OF HEARING ON MOTION in case as to Ali Al–Timimi 187 MOTION to Substitute Copies for Original Trial Exhibits: Motion Hearing set for 9/15/2006 09:00 AM before District Judge Leonie M. Brinkema. (agil) (Entered: 08/25/2006) |
| 09/13/2006 | 189 | ORDER that the government's 187 MOTION to Substitute Copies for Original Trial Exhibits is GRANTED, and that the passports and jacket be returned to the government once adequate photographs that fully depict the exhibits are tendered to the Clerk of Court as substitutes for these exhibits. The Clerk is authorized to reject any photograph that does not completely and accurately capture the entire exhibit as to Ali Al–Timimi (1). Signed by Judge Leonie M. Brinkema on 9/13/06. c/s (agil) (Entered: 09/14/2006) |
| 09/15/2006 | 190 | Per Order of 9/13/06 Exhibits 7A41, 7H1 and 7H2 of Gvt replaced with color photos. (agil) (Entered: 09/15/2006) |
| 09/19/2006 | 191 | MOTION for Enlargement of Timeby USA as to Ali Al–Timimi. (agil) (Entered: 09/20/2006) |
| 09/22/2006 | | SO ORDER granting 191 Motion for Extension of Time to File as to Ali Al–Timimi (1). Signed by Judge Leonie M. Brinkema on 9/22/06. c/s: 9/25/06 (agil) (Entered: 09/25/2006) |
| 10/02/2006 | 192 | Memorandum of Law by USA as to Ali Al–Timimi re: Evidence obtained pursuant to the Foreign Intelligence Surveillance Act(U) [Filed Under Seal with the Court Security Officer] (karn, ) (Entered: 10/02/2006) |

| 10/05/2006 | 193 | EX PARTE MOTION for receipt of a copy of the transcript of the 7/21/06 hearing at no expense by Ali Al–Timimi. (kbar ) (Entered: 10/05/2006) |
|---|---|---|
| 10/05/2006 | 194 | CONSENT MOTION to Unseal and release transcript of the 7/21/06 hearing for copying by Ali Al–Timimi. (kbar ) (Entered: 10/05/2006) |
| 10/05/2006 | 195 | Memorandum in Support by Ali Al–Timimi re 193 MOTION for recipet of a cioy of the transcript of the 7/21/06 hearing at no expense (kbar ) (Entered: 10/05/2006) |
| 10/05/2006 | 196 | NOTICE OF HEARING ON MOTION in case as to Ali Al–Timimi 193 MOTION for recipet of a cioy of the transcript of the 7/21/06 hearing at no expense: Motion Hearing set for 10/13/2006 09:00 AM before District Judge Leonie M. Brinkema. (kbar ) (Entered: 10/05/2006) |
| 10/12/2006 | 197 | ORDER that the transcript of the 7/21/06 hearing was unsealed on 8/14/06, and has been in the public file ever since. The Consent Motion is DENIED as moot. Because counsel are pro bono, the Motion for Free Copy is Granted and that the court reporter provide dft counsel with one free copy of the transcript 193 , 194 as to Ali Al–Timimi (1). Signed by Judge Leonie M. Brinkema on 10/12/06. (agil) (Entered: 10/12/2006) |
| 10/16/2006 | 198 | MOTION for for Enlargement of Time to Serve Discovery Requests and for a Hearing to Discuss the Issues Raised by the 9/26/06 Letter from Edward B. MacMahon, Jr. filed by Ali Al–Timimi. (agil) Modified on 2/22/2007 to Unseal entry. (agil) (Entered: 10/18/2006) |
| 10/18/2006 | 199 | Memorandum in Support of 198 MOTION for for Enlargement of Time to Serve Discovery Requests and for a Hearing to Discuss the Issues Raised by the 9/26/06 Letter from Edward B. MacMahon, Jr. filed by Ali Al–Timimi. (agil) Modified on 2/22/2007 to Unseal entry. (agil) (Entered: 10/18/2006) |
| 12/06/2006 | 200 | Ex Parte and In Camera UNDER SEAL Filing Regarding the Dft Ali Al– Timimi (Orig filed w/court security )(agil) (Entered: 12/06/2006) |
| 12/07/2006 | 201 | MOTION for Enlargement of Time to Serve Discovery Requests and to Compel Disclosure of the Documents Identified in the 9/26/06 Letter from Edward B. MacMahon, Jr. filed by Ali Al–Timimi. (agil) Modified on 2/22/2007 to Unseal entry.(agil) (Entered: 12/11/2006) |
| 12/07/2006 | 202 | Memorandum of Points and Authorities in Support of the Motion 201 for Enlargement of Time to Serve Discovery Requests and to Compel Disclosure of the Documents Identified in the 9/26/06 Letter from Edward B. MacMahon, Jr. filed by Ali Al–Timimi. (agil) Modified on 2/22/2007 to Unseal entry (agil). (Entered: 12/11/2006) |
| 12/07/2006 | 203 | NOTICE of Hearing Motion 201 for Enlargement of Time to Serve Discovery Requests and to Compel Disclosure of the Documents Identified in the 9/26/06 Letter from Edward B. MacMahon, Jr. filed by Ali Al–Timimi set for 1/12/07. (agil) Modified on 2/22/2007 to Unseal entry. (agil) (Entered: 12/11/2006) |
| 12/15/2006 | 204 | Opposition to Dft's Motion 201 to Compel Disclosure of the Documents Identified in the 9/26/06 Letter from Edward B. MacMahon, Jr. filed by USA. (agil) Modified on 2/22/2007 to Unseal entry. (agil) (Entered: 12/15/2006) |
| 12/22/2006 | 205 | MOTION for Extension of time to reply in support of his sealed motion for an enlargement of time to serve discovery requests by Ali Al–Timimi. (rban, ) (Entered: 12/26/2006) |
| 12/22/2006 | 206 | MOTION to Compel disclosure of the documents identified in the September 26, 2006 letter from Edward B. Macmahon, Jr. by Ali Al–Timimi. (rban, ) (Entered: 12/26/2006) |
| 12/27/2006 | 207 | ORDER that the time by which the dft must file his reply be and is extended to 1/5/07 [205, 206] as to Ali Al–Timimi (1). Signed by Judge Leonie M. Brinkema on 12/27/06. c/s (agil) (Entered: 12/28/2006) |
| 01/05/2007 | 208 | Reply Memorandum in Support of Motion to Compel Disclosure of Documents Identified in the 9/26/06 Letter from Edward B. Macmahon, Jr. filed by Ali Al–Timimi. (agil) Modified on 2/22/2007 to Unseal entry (agil). (Entered: 01/08/2007) |

**J.A. 023**

| 01/10/2007 | 209 | UNDER SEAL ORDER as to Ali Al–Timimi. Signed by Judge Leonie M. Brinkema on 1/10/07. c/s (agil) (Entered: 01/10/2007) |
| 01/16/2007 | | Minute Entry for proceedings held before Judge Leonie M. Brinkema :Motion Hearing as to Ali Al–Timimi held on 1/16/2007 re 201 SEALED MOTION filed by Ali Al–Timimi. US appeared through: Gordon Kromberg and John Gibson. Dft appeared through counsel: William Edward Olson and Jonathan Turley. Evidentiary hearing held. Witnesses C/S/T. Dft's oral request to unseal ex parte documents – Granted. Court grants access to the documents. Motion for Enlargement of Time 201 is GRANTED IN PART. Motion to compel disclosure of the documents identified in the MacMahon letter is STAYED. Court to issue order.(Court Reporter Thomson.) (lhin, ) (Entered: 01/25/2007) |
| 01/24/2007 | 210 | ORDER: For the reasons stated on the record in a sealed hearing, dft Ali Al–Timimis Mtn for Enlargement of Time to Serve Discovery Requests and to Compel Disclosure of the Documents Identified in the September 26, 2006 Letter from Edward MaMahon, Jr. (Docket #201) is GRANTED IN PART. Specifically, his mtn for more time to serve discovery requests is GRANTED, but his mtn to compel disclosure of the documents identified in the MacMahon letter is STAYED. It is further ORDERED that by February 15, 2007, the govt file with the Court a clear stmt from the archivist at the U.S. Archives as to whether an electronic database of documents relating to the 9/11 Commission exists and if so, whether that database is searchable. It is further ORDERED that the deadline for the dft to serve discovery requests will be set in a further Order of the Court after disclosure issues relating to the MacMahon letter are resolved. Within the dfts Mtn for Enlargement of Time, he also requested access to several ex parte pleadings fld by the Govt. The Court initially indicated a willingness to grant partial relief, but has since re–read the docs and has modified its ruling. The Court reverses its oral ruling, and will not require the disclosure of the in camera submissions. Within the Govts reply to the dfts Mtn for Enlargement of time, the Govt requested that the pleadings related to the MacMahon letter be unsealed. For the reasons stated on the record in the sealed proceeding, the Mtn to unseal the pleadings is GRANTED, and it is hereby ORDERED that if the Court Security Officer determines after the completion of a classification review that the pleadings and transcript contain no classification material, the pleadings related to the September 26, 2006 letter from Edward MacMahon, Jr. (Docket #s 198, 199, 201, 202, 203, 204, 208) and the transcript of the January 16, 2007 hearing will be UNSEALED.Signed by Judge Leonie M. Brinkema on 1/24/2007. (Copies sent) (lhin, ) (Entered: 01/25/2007) |
| 02/15/2007 | 211 | NOTIFICATION of Filing of Statement From the National Archives and Records Administration by USA as to Ali Al–Timimi. (agil) (Entered: 02/16/2007) |
| 02/20/2007 | 212 | Govt's Ex Parte and UNDER SEAL Classified filing regarding documents from the NARA DMS DATABASE. (Orig filed w/court security )(lhin, ). (Entered: 02/20/2007) |
| 02/22/2007 | 213 | Order the docket #s 198, 199, 201, 202, 203, 204, and 208 be and are UNSEALED. If a transcript of the 1/16/07 hearing is ordered, the court reporter must first provide it to the Court Security Officer for a classification review. Signed by Judge Leonie M. Brinkema on 2/22/07. c/s (agil) (Entered: 02/22/2007) |
| 04/10/2007 | 214 | Consent MOTION for the Transcript of the 1/16/2007 Hearing to be Released fpr Copying and Unsealed by Ali Al–Timimi. (rban, ) (Entered: 04/11/2007) |
| 04/10/2007 | 215 | EX PARTE MOTION for Receipt of a Copy of the Transcript of the 1/16/07 Hearing at No Expense by Ali Al–Timimi. (rban, ) (Entered: 04/11/2007) |
| 04/10/2007 | 216 | Memorandum in Support by Ali Al–Timimi re 215 EX PARTE MOTION for Receipt of a Copy of the Transcript of the 1/16/07 Hearing at No Expense.(rban, ) (Entered: 04/11/2007) |
| 04/10/2007 | 217 | NOTICE OF HEARING ON MOTION in case as to Ali Al–Timimi 215 EX PARTE MOTION for Receipt of a Copy of the Transcript of the 1/16/07 Hearing at No Expense: Motion Hearing set for 4/20/2007 09:00 AM before District Judge Leonie M. Brinkema. (rban, ) (Entered: 04/11/2007) |
| 04/12/2007 | 218 | ORDER that the 215 Motion establishes good cause and it, therefore, GRANTED. The transcript of 1/16/07 sealed hearing be produced and provided to th Court Security Officer for appropriate classification review as to Ali Al–Timimi (1). Signed by Judge |

| | | |
|---|---|---|
| | | Leonie M. Brinkema on 4/12/07. c/s (agil) (Entered: 04/12/2007) |
| 04/17/2007 | 219 | ORDER that because counsel are pro bono, the Motion for Free Copy is GRANTED; that subject to any redactions required after a classification review, the court report provide dft's counsel w/one free copy of the 1/16/07 transcript as to Ali Al–Timimi (1). Signed by Judge Leonie M. Brinkema on 4/17/07. c/s (agil) (Entered: 04/17/2007) |
| 05/17/2007 | 220 | TRANSCRIPT of Proceedings as to Ali Al–Timimi held on 01/16/07 before Judge Leonie M. Brinkema filed with the court security officer. (krob) Modified on 8/17/2007 to reflect that this transcript is no longer under seal. (The transcript has been placed in the public file.) (rban, ). (Entered: 05/21/2007) |
| 07/23/2007 | 221 | MOTION for Access to Ex Parte Filings by Ali Al–Timimi. (rban, ) Modified on 8/21/2007 motion no longer under seal (rban, ). (Entered: 07/24/2007) |
| 07/23/2007 | 222 | Memorandum in Support by Ali Al–Timimi re 221 MOTION for Access to Ex Parte filings (rban, ) Modified on 8/21/2007 document no longer sealed (rban, ). (Entered: 07/24/2007) |
| 08/06/2007 | 223 | RESPONSE in Opposition by USA as to Ali Al–Timimi re 221 MOTION for Access to Ex Parte Filings. (rban, ) Modified on 8/21/2007 document no longer under seal (rban, ). (Entered: 08/06/2007) |
| 08/09/2007 | 224 | MOTION for Access to the National Archives by Ali Al–Timimi. (rban, ) Modified on 8/21/2007 document no longer sealed (rban, ). (Entered: 08/09/2007) |
| 08/09/2007 | 225 | Memorandum in Support by Ali Al–Timimi re 224 MOTION for Access to the National Archives. (rban, ) Modified on 8/21/2007 document no longer sealed (rban, ). (Entered: 08/09/2007) |
| 08/09/2007 | 226 | NOTICE OF HEARING ON MOTION in case as to Ali Al–Timimi 221 UNDER SEAL MOTION, 224 UNDER SEAL MOTION : Motion Hearing set for 8/24/2007 at 09:00 AM before District Judge Leonie M. Brinkema. (rban, ) (Entered: 08/09/2007) |
| 08/14/2007 | 227 | ORDERED that the entire transcript of 1/16/07 hearing will be unsealed at 4PM 8/16/07, unless, before that time, the Court receives a detailed objection from the government. Any objection must propose the narrowest possible redactions and include a detailed justification for each proposed redaction. A copy of the objection must be transmitted to counsel of record, each of whom has a national security clearance as to Ali Al–Timimi. Signed by Judge Leonie M. Brinkema on 8/14/2007. (rban, ) (Entered: 08/15/2007) |
| 08/16/2007 | 228 | ORDERED that the 1/16/07 transcript be and is UNSEALED as to Ali Al–Timimi. Signed by Judge Leonie M. Brinkema on 8/16/2007. (rban, ) (Entered: 08/17/2007) |
| 08/20/2007 | 229 | ORDERED that the defendant's Motion for Access to Ex Parte Filings and Motion for Access to the National Archives and their supporting memoranda (docket #s 221, 222, 224, and 225) as well as the government's response (docket # 223) be and are UNSEALED as to Ali Al–Timimi. The hearing on these motions scheduled for 8/27/07 will be held in open court. Signed by Judge Leonie M. Brinkema on 8/20/2007. (rban, ) (Entered: 08/21/2007) |
| 08/21/2007 | 230 | RESPONSE in Opposition by USA as to Ali Al–Timimi re 224 MOTION for Access to the National Archives. (rban, ) (Entered: 08/21/2007) |
| 08/24/2007 | | Minute Entry for proceedings held before Judge Leonie M. Brinkema :Motion Hearing as to Ali Al–Timimi held on 8/24/2007. US appeared through Gordon Kromberg. Dft appeared w/counsel Jonathan Turley and Will Olsen. 221 MOTION re Ex Parte Filings filed by Ali Al–Timimi is DENIED. 224 MOTION for Access to the National Archives filed by Ali Al–Timimi is DENIED. Court to issue order. Dft remanded. (Court Reporter Thomson.) (lhin, ) (Entered: 08/28/2007) |
| 08/24/2007 | 231 | ORDER: For the reasons stated in open court, the dft's 221 Motion for Access to Ex Parte Filings as to Ali Al–Timimi (1) and 224 Motion for Access to the National Archives as to Ali Al–Timimi (1) are DENIED. It is hereby ordered that within 21 days of this Order, defense counsel file and serve the govt with the deft's discovery request specifying the particular individuals for whom government surveillance information is sought in accordance with the Court's Order of July 21, 2006. Signed by |

| | | |
|---|---|---|
| | | Judge Leonie M. Brinkema on 8/24/2007. (copies sent) (lhin, ) (Entered: 08/28/2007) |
| 09/26/2007 | 232 | Consent MOTION for the Transcript of the 8/24/07 Hearing to be Released for Copying by Ali Al–Timimi. (rban, ) (Entered: 09/26/2007) |
| 09/26/2007 | 233 | MOTION for Receipt of a Copy of the Transcript of the 8/24/07 Hearing at No Expense by Ali Al–Timimi. (rban, ) (Entered: 09/27/2007) |
| 09/26/2007 | 234 | Memorandum in Support by Ali Al–Timimi re 233 MOTION for Receipt of a Copy of the Transcript of the 8/24/07 Hearing at No Expense. (rban, ) (Entered: 09/27/2007) |
| 09/26/2007 | 235 | NOTICE OF HEARING ON MOTION in case as to Ali Al–Timimi 233 MOTION for Receipt of a Copy of the Transcript of the 8/24/07 Hearing at No Expense : Motion Hearing set for 10/5/2007 at 09:00 AM before District Judge Leonie M. Brinkema. (rban, ) (Entered: 09/27/2007) |
| 09/26/2007 | 236 | ORDER granting 232 Consent MOTION for the Transcript of the 8/24/07 Hearing to be Released for Copying as to Ali Al–Timimi (1). ORDERED that the court reporter provide defendant's counsel with one free cop of the transcript of 8/24/07 hearing. Signed by Judge Leonie M. Brinkema on 9/26/07. (rban, ) (Entered: 09/27/2007) |
| 10/19/2007 | 237 | MOTION to Quash Defendant's Request for Discovery by USA as to Ali Al–Timimi. (rban, ) (Entered: 10/22/2007) |
| 10/19/2007 | 238 | NOTICE OF HEARING ON MOTION in case as to Ali Al–Timimi 237 MOTION to Quash Defendant's Request for Discovery: Motion Hearing set for 11/9/2007 at 09:00 AM before District Judge Leonie M. Brinkema. (rban, ) (Entered: 10/22/2007) |
| 10/29/2007 | 239 | TRANSCRIPT of Motions Hearing as to Ali Al–Timimi held on 8/24/07 before Judge Leonie M. Brinkema. Court Reporter: Anneliese J. Thomson. (jlan) (Entered: 10/29/2007) |
| 10/29/2007 | 240 | UNCONTESTED MOTION for an Extension of Time to Respond to the Government's 237 MOTION to Quash by Ali Al–Timimi. (jlan) (Entered: 10/29/2007) |
| 10/29/2007 | 241 | NOTICE OF HEARING ON MOTION in case as to Ali Al–Timimi 240 MOTION for Extension of Time to File Response/Reply as to 237 MOTION to Quash : Motion Hearing set for 11/16/2007 at 09:00 AM before District Judge Leonie M. Brinkema. (jlan) (Entered: 10/29/2007) |
| 11/06/2007 | 242 | ORDER granting 240 Motion for Extension of Time to File Response to Government's Motion to Quash as to Ali Al–Timimi (1):<br>ORDERED that the defendant file his response to the Government's Motion to Quash on or before November 9, 2007.<br>ORDERED that the parties appear before this Court on Tuesday, November 20, 2007, at 9:45 a.m. for oral argument of the Motion to Quash.<br>Signed by Judge Leonie M. Brinkema on 11/6/2007.<br>(kbro) (Entered: 11/06/2007) |
| 11/06/2007 | | Set Deadlines re 237 MOTION to Quash in case as to Ali Al–Timimi:<br>Motion Hearing set for 11/20/2007 at 09:45 AM before District Judge Leonie M. Brinkema.<br>(kbro ) (Entered: 11/06/2007) |
| 11/06/2007 | 243 | Government's Ex Parte, In Camera, Classified Supplemenal Memorandum in Support of Government's Response to Defendant's Post–Remand Motions Concerning Surveillance by the National Security Agency. (lhin, ) Modified on 10/1/2013 (yguy). (Entered: 11/07/2007) |
| 11/09/2007 | 244 | (Under Seal) RESPONSE in Opposition by Ali Al–Timimi re 237 MOTION to Quash. (kbro) Modified on 4/23/2008 (jlan). (Redacted copy available within pleading 254) (Entered: 11/09/2007) |
| 11/20/2007 | 245 | TRANSCRIPT of Proceedings as to Ali Al–Timimi held on 11/20/2007 before Judge Leonie M. Brinkema. Court Reporter: Anneliese J. Thomson. (rban, ) (Entered: 11/21/2007) |
| 11/20/2007 | | Minute Entry for proceedings held before Judge Leonie M. Brinkema :Motion Hearing as to Ali Al–Timimi held on 11/20/2007 re 237 MOTION to Quash filed by USA. |

|  |  | USA appeared through: Gordon Kromberg. Deft appeared with: Jonathan Turley and Will Olson. Govt's motion to quash will be held in abeyance. Order to follow. (Court Reporter A. Thomson.) (dper) (Entered: 11/21/2007) |
|---|---|---|
| 11/20/2007 | 246 | ORDER, for the reasons stated in open court, it is hereby Ordered that the govt's 237 Motion to Quash Deft's Request for Discovery is held in abeyance until the line AUSA, the lead defense counsel, and the Court's law clerk receive sufficient clearance to be enabled to examine the classified, ex–parte pleadings associated with the deft's discovery request. (See Order for details). Signed by Judge Leonie M. Brinkema on 11/20/07. (dper) (Entered: 11/21/2007) |
| 11/26/2007 | 247 | ORDERED that within eleven (11) days of the filed date of this order the parties notify the Court of any requested redactions. If no timely requests are made, the Court will order that the pleading be unsealed in its entirety as to Ali Al–Timimi re 244 Response in Opposition filed by Ali Al–Timimi re 244 Response in Opposition filed by Ali Al–Timimi on 11/26/07. (jlan) (Entered: 11/26/2007) |
| 03/06/2008 | 248 | Unclassified status report regarding discover related to NSA by USA as to Ali Al–Timimi (jlan) (Entered: 03/06/2008) |
| 03/06/2008 | 249 | Government's Ex Parte, In Camera, Classified Status Report as to Ali Al–Timimi (filed with the court securty officer). (lhin, ) Modified on 3/6/2008 (lhin, ). (Entered: 03/06/2008) |
| 03/13/2008 | 250 | ORDER that the government has an additional 60 days to complete this process re: additional time to continue searching for discoverable material as to Ali Al–Timimi. Signed by Judge District Leonie M. Brinkema on 3/13/08. Copies sent. (krob, ) (Entered: 03/14/2008) |
| 04/18/2008 | 251 | MOTION for Modification of the Courts March 14, 2008 order and a Hearing on Access to Ex Parte Filings by Ali Al–Timimi. (jlan) (Entered: 04/21/2008) |
| 04/18/2008 | 252 | Memorandum in Support by Ali Al–Timimi re 251 MOTION for Modification of the Courts March 14, 2008 order and a Hearing on Access to Ex Parte Filings (jlan) (Entered: 04/21/2008) |
| 04/21/2008 | 253 | NOTICE OF HEARING ON MOTION in case as to Ali Al–Timimi 251 MOTION for Modification of the Courts March 14, 2008 order and a Hearing on Access to Ex Parte Filings : Motion Hearing set for 5/16/2008 at 09:00 AM before District Judge Leonie M. Brinkema. (jlan) (Entered: 04/21/2008) |
| 04/21/2008 | 254 | Consent Motion for an Order to Unseal A Redacted Version of his Opposition to the Governments Motion to Quash by Ali Al–Timimi (jlan) Modified on 4/23/2008 no longer under seal (jlan). (Entered: 04/21/2008) |
| 04/22/2008 | 255 | Consent to Motion for Unsealing by USA as to Ali Al–Timimi (jlan) (Entered: 04/22/2008) |
| 04/22/2008 | 256 | ORDERED that the defendant's Consent Motion 254 and its attachments, which include a redacted version of the defendant's Opposition to the Government's Motion to Quash and an accompanying exhibit, be and are UNSEALED as to Ali Al–Timimi (1). Signed by District Judge Leonie M. Brinkema on 04/22/2008. (jlan) (Entered: 04/23/2008) |
| 05/14/2008 | 258 | EXPARTE, IN CAMERA, CLASSIFIED STATUS REPORT by USA as to Ali Al–Timimi (filed w/Court Security Officer) (tarm, ) (Entered: 05/19/2008) |
| 05/15/2008 | 257 | Second Unclassified Status Report Regarding Discovery Related to NSA by USA as to Ali Al–Timimi (jlan) (Entered: 05/15/2008) |
| 05/15/2008 |  | Minute Entry for proceedings held before District Judge Leonie M. Brinkema: Motion Hearing as to Ali Al–Timimi held on 5/15/2008. U.S. appeared through Gordon Kromberg. Deft appeared w/counsel Jonathan Turley. In re:Deft's 251 MOTION for Modification of the Courts March 14, 2008 order. Matter was called but not ruled on at this time. Court will reschedule with counsel.(Court Reporter Thomson.) (yguy) (Entered: 05/20/2008) |

| 05/27/2008 | 259 | Government's Ex Parte, In Camera, Classified Status Report as to Ali Al–Timimi (filed with the court security officer) (jlan) (Entered: 05/27/2008) |
| 05/27/2008 | 260 | IN CAMERA EX PARTE Motion as to Ali Al–Timimi (filed with the court security officer) (jlan) (Entered: 05/27/2008) |
| 05/27/2008 | 262 | Order granting 260 Motion Ex Parte as to Ali Al–Timimi (1). Signed by District Judge Leonie M. Brinkema on 05/27/2008. (jlan) (Entered: 05/29/2008) |
| 05/28/2008 | 261 | Unclassified Revised Order granting 260 Motion Ex Parte as to Ali Al–Timimi (1). Signed by District Judge Leonie M. Brinkema on 05/28/2008. (jlan) (Entered: 05/28/2008) |
| 06/06/2008 | 263 | TRANSCRIPT of Proceedings as to Ali Al–Timimi held on 5/16/2008 before Judge Leonie M. Brinkema. Court Reporter: Anneliese Thomson. (sbak, ) (Entered: 06/06/2008) |
| 08/01/2008 | 264 | DEFENDANT DR. ALI AL–TIMIMI'S SEALED MOTION TO DE–CLASSIFY AND UNSEAL THE GOVERNMENT'S EX–PARTE FILING AND THE INSTANT MOTION (filed w/Court Security Officer) (yguy) (Entered: 08/04/2008) |
| 10/08/2008 |  | (CLOSED HEARING)as to Ali Al–Timimi: Status Hearing set for 10/23/2008 at 10:00 AM before District Judge Leonie M. Brinkema. (yguy) (Entered: 10/08/2008) |
| 10/09/2008 | 265 | Defendant Dr. Ali Al–Timimi's Motion For A Finding Of Materiality Regarding His Intercepted Communications With Dr. Al–Buthe (filed w/Court Security Officer) (yguy) (Entered: 10/10/2008) |
| 10/09/2008 | 266 | Defendant Dr. Ali Al–Timimi's Memorandum Of Points And Authorities In Support Of His Motion For A Finding Of Materiality Regarding His Intercepted Communications With Dr. Al–Buthe. (filed w/court security officer) (yguy) (Entered: 10/10/2008) |
| 10/10/2008 | 267 | Defendant Dr. Ali Al–Timimi's Memorandum Of Points And Authorities In Support Of His Motion To Compel Discovery Of Undisclosed Surveillance Evidence(filed w/court security officer) (yguy) (Entered: 10/15/2008) |
| 10/10/2008 | 268 | Defendant Dr. Ali Al–Timimi's Motion To Compel Discovery Of Undisclosed Surveillance Evidence (filed w/court security officer) (yguy) (Entered: 10/15/2008) |
| 10/15/2008 | 269 | Defendant Dr. Ali Al–Timimi's Motion to Compel Discovery Of (filed w/court security officer). (yguy) (rban, ). (Entered: 10/16/2008) |
| 10/15/2008 | 270 | Defendant Dr. Ali Al–Timimi's Memorandum Of Points And Authorities In Support Of His Motion To Compel Discovery Of (filed w/court security officer).(yguy) (Entered: 10/16/2008) |
| 10/23/2008 |  | Minute Entry for proceedings held before District Judge Leonie M. Brinkema:Motion Hearing as to Ali Al–Timimi held on 10/23/2008. US appeared through Gordon Kromberg. Deft appeared w/counsels Jonathan Turley & William Olsen. For the reasons stated in open court, the government is ordered to provide a response to the five specific inquiries. Deft's 264 MOTION to Unseal Document and 268 MOTION to Compel Discovery of Undisclosed Surveillance Evidence are DENIED. Deft's 269 MOTION to Compel Discovery is GRANTED IN PART. Deft is remanded.(Court Reporter Thomson.) (yguy) (Entered: 10/23/2008) |
| 10/23/2008 | 271 | ORDER: For the reasons stated in open court, the defendant's Motion to Compel Discovery 269 is GRANTED IN PART; and it is hereby ORDERED that the government provide a response to the five specific inquiries in the accompanying memorandum 270 . The response must include what, if any, relevant information was generated by, or is in the possession of, the Central Intelligence Agency, the Department of Defense, the Federal Bureau of Investigation, and the National Security Agency; and it is further ORDERED that the defendant's Sealed Motion to De–Classify and Unseal the Government's Ex–Parte Filing and the Instant Motion 264 and his Motion to Compel Discovery of Undisclosed Surveillance Evidence 268 be and are DENIED; and it is further ORDERED that in an abundance of caution, the transcript of the October 23, 2008 hearing will remain classified and under seal for (7) days pending classification review. Signed by District Judge Leonie M. Brinkema on 10/23/08. (yguy) (Entered: 10/23/2008) |

| 10/30/2008 | 272 | TRANSCRIPT of Proceedings as to Ali Al–Timimi held on October 23, 2008 before Judge Leonie M. Brinkema. Court Reporter: Anneliese Thomson. (tbul, ) Modified to edit text on 11/6/2008 (yguy) (Entered: 10/30/2008) |
| 10/30/2008 | 274 | Memorandum in Support by Ali Al–Timimi re 273 Ex Parte Motion (jlan) (Entered: 10/31/2008) |
| 10/30/2008 | 275 | NOTICE OF HEARING ON MOTION in case as to Ali Al–Timimi 273 Ex Parte Motion : Motion Hearing set for 11/7/2008 at 09:00 AM before District Judge Leonie M. Brinkema. (jlan) (Entered: 10/31/2008) |
| 12/16/2008 | 277 | UNDER SEAL MOTION by Ali Al–Timimi. (jlan) Modified on 12/24/2008 (jlan) (Originals are with the Court Security Officer) Modified on 1/29/2009 (krob, ). (Entered: 12/16/2008) |
| 12/16/2008 | 278 | Under Seal Memorandum in Support by Ali Al–Timimi re 277 UNDER SEAL MOTION (jlan) Modified on 12/24/2008 (jlan) (Originals are with the Court Security Officer) (Entered: 12/16/2008) |
| 12/16/2008 | 279 | NOTICE OF HEARING ON MOTION in case as to Ali Al–Timimi 277 UNDER SEAL MOTION: Motion Hearing set for 1/30/2009 at 09:00 AM before District Judge Leonie M. Brinkema. (jlan) Modified on 12/24/2008 (jlan ) (Entered: 12/16/2008) |
| 12/22/2008 | <u>280</u> | UNDER SEAL Government's Supplemental Report Regarding the Search for Five Categories of Discoverable Materials (Orig. w/ Court Security) (tbul, ) (Entered: 12/22/2008) |
| 12/23/2008 | 281 | ORDERED that pleadings 277 and 278 be and are removed from the public file and placed under seal with the Court Security Officer until further order of the Court; and, it is further ORDERED that defense counsel scrupulously adhere to the Protective Order of December 3, 2004, as further violations of the Order could result in counsel losing his clearance; and, it is further ORDERED that any half sheets prepared for the public file be presented to the Court Security Officer before being tendered to the Clerk's Office to avoid any inadvertent disclosure of classified information as to Ali Al–Timimi. Signed by District Judge Leonie M. Brinkema on 12/23/2008. (jlan, ) (Entered: 12/24/2008) |
| 01/13/2009 | 282 | UNDER SEAL Government's Motion for Treatment of Certain Defense Filings as Classified, filed by USA as to Ali Al–Timimi (original w/ Court Security). (tbul, ) (Entered: 01/13/2009) |
| 01/15/2009 | 283 | UNDER SEAL – Defendant Dr. Ali Al–Timimi's Memorandum Of Points In Response To Government's Motion For The Treatment Of Certain Defense Filings As Classified (filed w/Court Security Officer) (yguy) (Entered: 01/21/2009) |
| 01/27/2009 | 284 | Consent Motion for a Continuance of the January 30, 2009 hearing by Ali Al–Timimi. (jlan) (Entered: 01/27/2009) |
| 01/28/2009 | | Reset Deadlines re Motion as to Ali Al–Timimi 277 UNDER SEAL MOTION. Motion Hearing set for 2/19/2009 at 11:00 AM before District Judge Leonie M. Brinkema. (krob ) (Entered: 01/29/2009) |
| 01/28/2009 | 285 | ORDER granting 284 Motion to Continue hearing from 1/30/09 to 2/19/09 @ 11:00 a.m. and that the court will hold a closed hearing because classified information may be discussed in resolving the pending motions as to Ali Al–Timimi (1). Signed by District Judge Leonie M. Brinkema on 1/28/09. (krob) (Entered: 01/29/2009) |
| 02/12/2009 | 286 | UNDER SEAL Defendant Dr. Ali Al–Timimi's Reply To Government Response To The Motion For Disclosure Of Evidence Derived From (filed w/Court Security Officer) (yguy) (Entered: 02/12/2009) |
| 02/13/2009 | 287 | UNDER SEAL – Defendant Dr. Ali Al–Timimi's MOTION to Compel Discovery (filed w/Court Security Officer) (yguy) (Entered: 02/18/2009) |
| 02/19/2009 | | Minute Entry for proceedings held before District Judge Leonie M. Brinkema:CLOSED HEARING held on 2/19/2009. US appeared through Gordon Kromberg.Deft appeared w/counsel Johnathan Turley. Pltf motion was argued in open court and deemed resolved. (Order to follow). (Court Reporter Thomson.) (yguy) (Entered: 02/24/2009) |

| 02/19/2009 | 288 | For the reasons stated in an under seal hearing, the Government's Motion for Treatment of Certain Defense Filings as Classified 282 is deemed resolved; and, it is hereby ORDERED that the transcript of the closed portion of the February 19, 2009 hearing will remain classified and under seal pending classification review. The government is directed to carefully review the transcript and make only those redactions necessary to protect classified information.Signed by District Judge Leonie M. Brinkema on 02/19/08. (yguy) (Entered: 02/24/2009) |
| --- | --- | --- |
| 02/27/2009 | 289 | MOTION for Withdrawal of Appearance of Katherine J. Seikaly as Co−Counsel for Dr. Al−Timimi by Ali Al−Timimi. (rban, ) (Entered: 02/27/2009) |
| 02/27/2009 | 290 | ORDER granting 289 Motion to Withdraw as Attorney. Katherine Joanne Seikaly withdrawn from case as to Ali Al−Timimi (1). Signed by District Judge Leonie M. Brinkema on 2/27/2009. (rban, ) (Entered: 02/27/2009) |
| 02/27/2009 | 291 | NOTICE OF ATTORNEY APPEARANCE: Philip James Meitl appearing for Ali Al−Timimi (jlan) (Entered: 03/10/2009) |
| 05/15/2009 | 292 | Notification Regarding Security Clearance by USA as to Ali Al−Timimi (jlan) (Entered: 05/15/2009) |
| 05/27/2009 | 293 | NOTICE of Change of Address of Co−Counsel by Ali Al−Timimi (jlan) (Entered: 05/28/2009) |
| 02/22/2010 | 294 | TRANSCRIPT of Proceedings held on April 4, 2005, before Judge Leonie M. Brinkema. Court Reporter/Transcriber Anneliese J. Thomson, Telephone number 703−299−8595. The transcript is a paper document which may be viewed at the Clerk's Office. (jlan) (Entered: 02/23/2010) |
| 06/15/2010 | 295 | MOTION to Withdraw as Attorney by William E. Olson. by Ali Al−Timimi. (krob ) (Entered: 06/15/2010) |
| 06/16/2010 | 296 | ORDER granting 295 Motion to Withdraw as Attorney. William Edward Olson withdrawn from case as to Ali Al−Timimi (1). Signed by District Judge Leonie M. Brinkema on 06/16/2010. (jlan) (Entered: 06/16/2010) |
| 09/18/2012 | 298 | TRANSCRIPT OF CIPA HEARING as to Ali Al−Timimi held on 2/19/2009 before Judge Brinkema. Court Reporter/Transcriber Anneliese J. Thomson. (yguy) (Entered: 09/20/2012) |
| 09/19/2012 | 297 | TRANSCRIPT of Proceedings (open hearing) held on 2/19/2009, before Judge Brinkema. Court reporter Anneliese Thomson, Telephone number 703−299−8595. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov <br><br> Transcript may be viewed at the court public terminal or purchased through the court reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 10/19/2012. Redacted Transcript Deadline set for 11/19/2012. Release of Transcript Restriction set for 12/18/2012.(thomson, anneliese) (Entered: 09/19/2012)** |
| 12/19/2012 | 299 | NOTICE OF ATTORNEY APPEARANCE: Vishant Manu Krishnan appearing for Ali Al−Timimi (Krishnan, Vishant) (Entered: 12/19/2012) |
| 07/19/2013 | 300 | Under Seal Motion to Compel Discovery filed Ali Al−Timimi (original filed w/Court Security Officer)(jlan) (Entered: 07/19/2013) |
| 07/19/2013 | 301 | Under Seal Memorandum in Support by Ali Al−Timimi re 300 MOTION to Compel (original filed w/Court Security Officer)(jlan) (Entered: 07/19/2013) |
| 07/19/2013 | 302 | Notice of Hearing Date set for August 16, 2013 re 300 MOTION to Compel (Krishnan, Vishant) (Entered: 07/19/2013) |
| 07/22/2013 | | Set Deadlines re Motion or Report and Recommendation in case as to Ali Al−Timimi 300 MOTION to Compel. Motion Hearing set for 8/16/2013 at 09:00 AM in Alexandria Courtroom 600 before District Judge Leonie M. Brinkema. (clar, ) (Entered: 07/22/2013) |

| | | |
|---|---|---|
| 07/29/2013 | 303 | ORDERED that defendant's Motion to Compel [Dkt. No. 300] and any other motions counsel files will be argued on Friday, October 4, 2013 at 11:00 a.m.. Signed by District Judge Leonie M. Brinkema on 7/29/13. (krob) (Entered: 07/29/2013) |
| 07/29/2013 | | Reset Deadlines re 300 MOTION to Compel. Motion Hearing set for 10/4/2013 at 11:00 AM in Alexandria Courtroom 600 before District Judge Leonie M. Brinkema as to Ali Al–Timimi. (krob, ) (Entered: 07/29/2013) |
| 07/31/2013 | 304 | RESPONSE in Opposition by USA as to Ali Al–Timimi re 300 MOTION to Compel *Discovery* (Kromberg, Gordon) (Entered: 07/31/2013) |
| 08/02/2013 | 305 | DEFENDANT DR. ALI AL–TIMIMI'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY (yguy) (Main Document 305 replaced on 10/7/2013) (rban, ). (Additional attachment(s) added on 10/7/2013: # 1 Exhibit A, # 2 Exhibit B) (rban, ). (Entered: 08/05/2013) |
| 08/02/2013 | 306 | DEFENDANT DR. ALI AL–TIMIMI'S MOTION TO COMPEL DISCOVERY. (yguy) (Main Document 306 replaced on 10/7/2013) (rban, ). (Additional attachment(s) added on 10/7/2013: # 1 Proposed Order) (rban, ). (Entered: 08/05/2013) |
| 08/05/2013 | 307 | DEFENDANT DR. ALI AL–TIMIMI'S REBUTTAL TO GOVERNMENT'S RESPONSE TO MOTION TO COMPEL DISCOVERY (yguy) (Main Document 307 replaced on 10/7/2013) (rban, ). (Entered: 08/06/2013) |
| 08/14/2013 | 308 | RESPONSE in Opposition by USA as to Ali Al–Timimi re 306 MOTION to Compel *Discovery Re: Ajmal Khan* (Attachments: # 1 Exhibit Discovery Letter #5, # 2 Exhibit FD–302 of Hasan, # 3 Exhibit Discovery Letter #7, # 4 Exhibit Statement of Kwon with Letter from UK Prosecutors)(Kromberg, Gordon) (Entered: 08/14/2013) |
| 08/15/2013 | 309 | MOTION to Seal by USA as to Ali Al–Timimi. (Attachments: # 1 Exhibit Redacted version of Document 308–2, # 2 Proposed Order to Seal)(Kromberg, Gordon) (Entered: 08/15/2013) |
| 08/15/2013 | 310 | ORDER granting 309 Motion to Seal document 308–2 (attached exhibit)as to Ali Al–Timimi (1). Signed by District Judge Leonie M. Brinkema on 8/15/13. (krob, ) (Entered: 08/15/2013) |
| 08/22/2013 | 311 | Defendant Dr. Ali Al–Timimi's Rebuttal to Government Response to Motion to Compel Discovery (yguy) (Main Document 311 replaced on 10/7/2013) (rban, ). (Entered: 08/23/2013) |
| 09/06/2013 | 312 | DEFENDANT DR. ALI AL–TIMIMI'S MOTION TO COMPEL DISCOVERY OF UNDISCLOSED MATERIAL INTERCEPT EVIDENCE CAPTURED PURSUANT TO FOREIGN INTELLIGENCE SURVEILLANCE ACT and Accompanying Memorandum (yguy) Modified on 10/8/2013 (rban, ). (Entered: 09/06/2013) |
| 09/06/2013 | 338 | MOTION to Compel Discovery of Undisclosed Material Intercept Evidence Caputured Pursuant to Foreign Intelligence Surveillance Act by Ali Al–Timimi. (Half Sheet Originally filed at docket entry 312 .) (Attachments: # 1 Proposed Order)(rban, ) (Entered: 10/09/2013) |
| 09/06/2013 | 339 | Redacted Memorandum in Support re 338 MOTION to Compel filed by Ali Al–Timimi. (Half Sheet Originally filed at docket entry 312 .) (rban, ) (Entered: 10/09/2013) |
| 09/10/2013 | 313 | **Docketed in error and removed.** (Entered: 09/10/2013) |
| 09/10/2013 | 314 | **Docketed in error and removed.** (Entered: 09/10/2013) |
| 09/10/2013 | 315 | **Docketed in Error and Removed.** (Entered: 09/10/2013) |
| 09/10/2013 | 316 | **Docketed in Error and Removed.** (Entered: 09/10/2013) |
| 09/10/2013 | 317 | **Docketed in Error and Removed.** (Entered: 09/10/2013) |
| 09/10/2013 | 318 | **Docketed in Error and Removed.** (Entered: 09/10/2013) |
| 09/10/2013 | 319 | DEFFENDANT DR. ALI AL–TIMIMI'S MOTION TO COMPEL DISCOVERY OF EVIDENCE GATHEREDPURSUANT TO THE PRESIDENTIAL SURVEILLANCE PROGRAM AND "OTHER INTELLIGENCE ACTIVITIES" and Accompanying |

| | | |
|---|---|---|
| | | Memorandum. (yguy) (Main Document 319 replaced on 10/7/2013) (rban, ). (Additional attachment(s) added on 10/7/2013: # 1 Proposed Order) (rban, ). Modified on 10/8/2013 (rban, ). (Entered: 09/11/2013) |
| 09/16/2013 | 320 | UNDER SEAL:DEFENDANT DR. ALI AL–TIMIMI'S MOTION TO COMPEL DISCOVERY. (yguy) Modified on 9/17/2013 (yguy). (Main Document 320 replaced on 9/17/2013) (yguy, ). (Main Document 320 replaced on 11/13/2015) (rban, ). (Additional attachment(s) added on 11/13/2015: # 1 Memorandum in Support, # 2 Proposed Order) (rban, ). (Entered: 09/16/2013) |
| 09/16/2013 | 321 | Defendant Dr. Ali Al–Timimi's Memorandum in Support re 319 DEFFENDANT DR. ALI AL–TIMIMI'S MOTION TO COMPEL DISCOVERY OF EVIDENCE GATHEREDPURSUANT TO THE PRESIDENTIAL SURVEILLANCE PROGRAM AND "OTHER INTELLIGENCE ACTIVITIES" (yguy) (Main Document 321 replaced on 10/7/2013) (rban, ). (Additional attachment(s) added on 10/7/2013: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C) (rban, ). Modified on 10/7/2013 (rban, ). (Entered: 09/17/2013) |
| 09/20/2013 | 322 | RESPONSE in Opposition by USA as to Ali Al–Timimi re 312 MOTION to Compel *Discovery Re: FISA* (Kromberg, Gordon) (Entered: 09/20/2013) |
| 09/20/2013 | 323 | Under Seal Motion to Compel by Ali Al–Timimi. (yguy) (Main Document 323 replaced on 11/13/2015) (rban, ). (Entered: 09/23/2013) |
| 09/20/2013 | 324 | Memorandum in Support by Ali Al–Timimi re 323 Under Seal Motion (yguy) (yguy, ). (Entered: 09/23/2013) |
| 09/20/2013 | 325 | DEFENDANT DR. ALI AL–TIMIMI'S MOTION TO COMPEL DISCOVERY RELATED TO. (yguy) (Main Document 325 replaced on 10/7/2013) (rban, ). (Additional attachment(s) added on 10/7/2013: # 1 Proposed Order) (rban, ). (Entered: 09/23/2013) |
| 09/20/2013 | 326 | DEFENDANT DR. ALI AL–TIMIMI'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY RELATED TO(yguy) (Main Document 326 replaced on 10/7/2013) (rban, ). (Additional attachment(s) added on 10/7/2013: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C) (rban, ). (Entered: 09/23/2013) |
| 09/23/2013 | 327 | MOTION to Seal *and File Redacted Exhibit* by Ali Al–Timimi. (Attachments: # 1 Exhibit B – REDACTED, # 2 Proposed Order)(Krishnan, Vishant) (Entered: 09/23/2013) |
| 09/26/2013 | 328 | DEFENDANT DR. ALI AL–TIMIMI'S REBUTTAL TO THE GOVERNMENT'S RESPONSE TO MOTION TO COMPEL DISCOVERY CAPTURED PURSUANT TO FOREIGN INTELLIGENCE SURVEILLANCE ACT (yguy) (Main Document 328 replaced on 8/21/2015) (rban, ). (Additional attachment(s) added on 8/21/2015: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit 1 To Exhibit E, # 7 Exhibit F) (rban, ). (Entered: 09/27/2013) |
| 09/27/2013 | 329 | RESPONSE in Opposition by USA as to Ali Al–Timimi re 323 Sealed Motion, 325 MOTION to Compel *Re: Hasan's Phone Records* (Attachments: # 1 Exhibit Excerpts of Trial Testimony of Hasan, # 2 Exhibit Defense Trial Exhibit 90 – Chart of Timimi Calls, # 3 Exhibit Government Trial Exhibit 10A9 – Timimi Phone Records)(Kromberg, Gordon) (Entered: 09/27/2013) |
| 09/30/2013 | 330 | RESPONSE in Opposition by USA as to Ali Al–Timimi re 319 MOTION to Compel *Re: Presidential Surveillance Program* (Kromberg, Gordon) (Entered: 09/30/2013) |
| 09/30/2013 | 331 | EX PARTE DECLARATION in Support of 330 Response in Opposition filed by USA (Kromberg, Gordon) Modified on 10/1/2013 to edit text (pmil, ). (Entered: 09/30/2013) |
| 10/03/2013 | 332 | Defendant Dr. Ali Al–Timimi's Rebuttal To The Government's Response To Motion Regarding President's Surveillance Program And "Other Intelligence Activities"(yguy) (Main Document 332 replaced on 8/20/2015) (rban, ). (Entered: 10/04/2013) |
| 10/03/2013 | 333 | Defendant Dr. Ali Al–Timimi's Rebuttal To The Government's Response To Motion To Compel Discovery Related Khwaja Mahmood Hasan (yguy) (Main Document 333 replaced on 8/20/2015) (rban, ). (Entered: 10/04/2013) |

| | | |
|---|---|---|
| 10/04/2013 | 334 | Redacted version of 300 MOTION to Compel filed by Ali Al–Timimi (Krishnan, Vishant) (Entered: 10/04/2013) |
| 10/04/2013 | 335 | Redacted version of 301 Memorandum in Support of Motion filed by Ali Al–Timimi (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Errata D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Proposed Order)(Krishnan, Vishant) (Entered: 10/04/2013) |
| 10/04/2013 | 336 | NOTICE OF ATTORNEY APPEARANCE: Liana Wei Ping Yung appearing for Ali Al–Timimi (Yung, Liana) (Entered: 10/04/2013) |
| 10/04/2013 | 337 | Minute Entry for proceedings held before District Judge Leonie M. Brinkema:Motion Hearing as to Ali Al–Timimi held on 10/4/2013. U.S. appeared through Gordon Kromberg. Deft appeared w/counsel Jonathan Turley. Deft's underseal motions are argued in open court and TAKEN UNDER ADVISEMENT. Deft remanded. (Court Reporter A. Thomson.)(yguy) (Entered: 10/07/2013) |
| 11/13/2013 | 340 | TRANSCRIPT of Proceedings held on 10/4/2013, before Judge Leonie M. Brinkema. Court reporter Anneliese Thomson, Telephone number 703–299–8595. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov <br><br>** Transcript may be viewed at the court public terminal or purchased through the court reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 12/13/2013. Redacted Transcript Deadline set for 1/13/2014. Release of Transcript Restriction set for 2/11/2014.(thomson, anneliese) (Entered: 11/13/2013) |
| 12/18/2013 | 341 | MOTION to Withdraw as Attorney by Liana W. Yung. by Ali Al–Timimi. (Attachments: # 1 Proposed Order)(Krishnan, Vishant) (Entered: 12/18/2013) |
| 12/19/2013 | 342 | ORDER granting 341 Motion to Withdraw as Attorney. Liana Wei Ping Yung withdrawn from case as to Ali Al–Timimi (1). Signed by District Judge Leonie M. Brinkema on 12/19/13. (pmil, ) (Entered: 12/19/2013) |
| 02/03/2014 | 343 | NOTICE OF ATTORNEY APPEARANCE: Samuel Cagle Juhan appearing for Ali Al–Timimi (Juhan, Samuel) (Entered: 02/03/2014) |
| 04/28/2014 | 344 | MEMORANDUM OPINION as to Ali Al–Timimi. Signed by District Judge Leonie M. Brinkema on 4/28/14. (yguy) Modified on 5/12/2014––(See Dkt No. 350) (yguy). (Entered: 04/28/2014) |
| 04/28/2014 | 345 | ORDER as to Ali Al–Timimi. Signed by District Judge Leonie M. Brinkema on 4/28/14. (yguy) Modified on 5/12/2014––(See Dkt No. 349) (yguy). (Entered: 04/28/2014) |
| 04/28/2014 | 349 | ORDERED that defendant's Motion to Compel Discovery Related to Anwar al–Aulaqi [Wet. No. 300]; Motion to Compel Discovery Related to Abu Khalid [Dkt. No. 306]; Motion to Compel Discovery of Undisclosed Material Intercept Evidence Captured Pursuant to Foreign intelligence Surveillance Act [Dkt. Nos. 312, 338] ;Motion to Compel Discovery of Evidence Gathered Pursuant to the Presidential Surveillance Program and Other Intelligence Activities" [Dkt. No.319];Motion to Compel Discovery of Any Classified Evidence Gathered Pursuant to the Presidential Surveillance Program and "Other intelligence Activities" [Dkt. No. 320] ;Motion to Compel Classified Discovery Related to Khwaja Mahmood Hasan [Dkt. No. 323] ;and Motion to Compel Discovery Related to Khwaja Mahmood Hasan [Dkt. No. 325] be and are DENIED. Signed by District Judge Leonie M. Brinkema on 4/28/14. (replaces Dkt. No. 345) (yguy) (Entered: 05/12/2014) |
| 04/28/2014 | 350 | (REDACTED)MEMORANDUM OPINION as to Ali Al–Timimi: For all these reasons, each of defendant's motions to compel will be denied by an Order to be issued with this Memorandum Opinion. (replaces Dkt No. 344). Signed by District Judge Leonie M. Brinkema on 04/28/14. (yguy) (Entered: 05/12/2014) |
| 05/06/2014 | 346 | MOTION Emergency Motion for Public Clarification of the Court's April 28, 2014 Memorandum Opinion and Order by Ali Al–Timimi. (Attachments: # 1 Proposed |

| | | |
|---|---|---|
| | | Order)(Krishnan, Vishant) (Entered: 05/06/2014) |
| 05/06/2014 | 347 | Memorandum in Support by Ali Al–Timimi re 346 MOTION Emergency Motion for Public Clarification of the Court's April 28, 2014 Memorandum Opinion and Order (Krishnan, Vishant) (Entered: 05/06/2014) |
| 05/08/2014 | 348 | ORDER as to Ali Al–Timimi (1): ORDERED that defendant's Emergency Motion for Public Clarification of the Court's Memorandum Opinion and Order [Dkt. No.346] be and is DENIED. (see order for details). Signed by District Judge Leonie M. Brinkema on 5/8/14. (yguy) (Entered: 05/08/2014) |
| 05/13/2014 | 351 | MOTION for Reconsideration *of April 28th and May 8th Orders, and for a Status Hearing* by Ali Al–Timimi. (Juhan, Samuel) (Entered: 05/13/2014) |
| 05/13/2014 | 352 | Memorandum in Support by Ali Al–Timimi re 351 MOTION for Reconsideration *of April 28th and May 8th Orders, and for a Status Hearing* (Attachments: # 1 Exhibit)(Juhan, Samuel) (Entered: 05/13/2014) |
| 05/13/2014 | 353 | PROPOSED ORDER by Ali Al–Timimi re: 351 MOTION for Reconsideration *of April 28th and May 8th Orders, and for a Status Hearing* (Juhan, Samuel) Modified on 5/15/2014 to edit text (pmil, ). (Entered: 05/13/2014) |
| 05/13/2014 | 354 | Notice of Hearing Date set for 6/13/2014 re 351 MOTION for Reconsideration *of April 28th and May 8th Orders, and for a Status Hearing* (Juhan, Samuel) (Entered: 05/13/2014) |
| 05/16/2014 | 355 | Reply to Motion by USA as to Ali Al–Timimi re 351 MOTION for Reconsideration *of April 28th and May 8th Orders, and for a Status Hearing* (Attachments: # 1 Exhibit Order of November 4, 2008)(Kromberg, Gordon) (Entered: 05/16/2014) |
| 05/16/2014 | | Set Deadlines re Motion or Report and Recommendation in case as to Ali Al–Timimi 351 MOTION for Reconsideration *of April 28th and May 8th Orders, and for a Status Hearing*. Motion Hearing set for 6/13/2014 at 09:00 AM in Alexandria Courtroom 600 before District Judge Leonie M. Brinkema. (klau, ) (Entered: 05/16/2014) |
| 05/21/2014 | 357 | ORDER as to Ali Al–Timimi (1): Accordingly, consistent with the grounds for denial stated in the Memorandum Opinion of April 28, 2014, it is hereby ORDERED that defendant's Motion for a Finding of Materiality Regarding His Intercepted Communications with Dr. Al–Buthe [Dkt. No. 265]; Under Seal Motion [Dkt. No. 277]; and Under Seal Motion to Compel Discovery [Dkt. No. 287] be and are DENIED; and it is further ORDERED that defendant's Motion for Reconsideration [Dkt. No. 351] be and is DENIED; and it is further ORDERED that the hearing currently scheduled for June 13, 2014, at 9:00 a.m. be and is CANCELLED. Signed by District Judge Leonie M. Brinkema on 5/21/14. (yguy) (Entered: 05/21/2014) |
| 05/22/2014 | 356 | Reply by Ali Al–Timimi re 351 MOTION for Reconsideration *of April 28th and May 8th Orders, and for a Status Hearing* (Juhan, Samuel) (Entered: 05/22/2014) |
| 06/04/2014 | 358 | NOTICE OF APPEAL *of Final Order* by Ali Al–Timimi as to 357 Order on Motion for Miscellaneous Relief,,,,,, Order on Motion to Compel,,, Order on Motion for Reconsideration,, 132 Judgment,,,,,, Filing fee $ 505, receipt number 0422–3986941. (Attachments: # 1 4th Circuit Remand Order of 4/25/06)(Juhan, Samuel) (Entered: 06/04/2014) |
| 06/05/2014 | 359 | Transmission of Notice of Appeal to 4CCA as to Ali Al–Timimi to US Court of Appeals re: 358 Notice of Appeal, (All case opening forms, plus the transcript guidelines, may be obtained from the Fourth Circuit's website at www.ca4.uscourts.gov) (pmil, ) (Entered: 06/05/2014) |
| 06/06/2014 | 360 | USCA Case Number 14–4451 4th Circuit, Case Manager C. Bennett for 358 Notice of Appeal, filed by Ali Al–Timimi. (rban, ) (Entered: 06/06/2014) |
| 06/12/2014 | 361 | MOTION to Compel *Declassification Review of Sealed Documents for Appeal* by Ali Al–Timimi. (Attachments: # 1 Proposed Order)(Juhan, Samuel) (Entered: 06/12/2014) |
| 06/12/2014 | 362 | Memorandum in Support by Ali Al–Timimi re 361 MOTION to Compel *Declassification Review of Sealed Documents for Appeal* (Juhan, Samuel) (Entered: 06/12/2014) |

**J.A. 034**

| 06/13/2014 | 363 | ORDER granting 361 MOTION to Compel Declassification Review of Sealed Documents for Appeal as to Ali Al–Timimi (1). See Order for details. Signed by District Judge Leonie M. Brinkema on 6/13/2014. (rban, ) (Entered: 06/13/2014) |
| 06/17/2014 | 364 | TRANSCRIPT REQUEST by Ali Al–Timimi for proceedings held on 3/23/2005, 4/4/2005 before Judge Brinkema, (Attachments: # 1 Certificate of Service of Transcript Order)(Juhan, Samuel) (Entered: 06/17/2014) |
| 06/17/2014 | 365 | TRANSCRIPT REQUEST by Ali Al–Timimi for proceedings held on 3/31/2005, 4/1/2005 before Judge Brinkema, (Attachments: # 1 Certificate of Service of Transcript Order)(Juhan, Samuel) (Entered: 06/17/2014) |
| 06/19/2014 | 366 | MOTION Inclusion of Materials for Record on Appeal Under Local Rule 57.3(D) by Ali Al–Timimi. (Attachments: # 1 Proposed Order)(Juhan, Samuel) (Entered: 06/19/2014) |
| 06/19/2014 | 367 | Memorandum in Support by Ali Al–Timimi re 366 MOTION Inclusion of Materials for Record on Appeal Under Local Rule 57.3(D) (Juhan, Samuel) (Entered: 06/19/2014) |
| 06/19/2014 | 368 | ORDER granting 366 Motion Inclusion of Materials for Record on Appeal Under Local Rule 57.3(D) as to Ali Al–Timimi (1). Signed by District Judge Leonie M. Brinkema on 6/19/2014. (rban, ) (Entered: 06/19/2014) |
| 06/20/2014 | 369 | ORDER of USCA as to Ali Al–Timimi re 358 Notice of Appeal. The court appoints Jonathan R. Turley to represent Ali Al–Timimi. (rban, ) (Entered: 06/20/2014) |
| 06/24/2014 | 370 | Transcript Order Acknowledgment from USCA re 358 Notice of Appeal, : Court Reporter/Transcriber Norman Linnell. (rban, ) (Entered: 06/24/2014) |
| 06/24/2014 | 371 | Transcript Order Acknowledgment from USCA re 358 Notice of Appeal, : Court Reporter/Transcriber Anneliese Thomson. (rban, ) (Entered: 06/24/2014) |
| 07/07/2014 | 372 | NOTICE OF ATTORNEY APPEARANCE as Local Counsel by Attorney Thomas Lee Simmons as to Ali Al–Timimi. (Simmons, Thomas) Modified on 7/9/2014 to edit text to reflect correct event (pmil, ) (Entered: 07/07/2014) |
| 07/08/2014 | 373 | MOTION to Withdraw as Attorney by S. Cagle Juhan. by Ali Al–Timimi. (Attachments: # 1 Proposed Order)(Juhan, Samuel) (Entered: 07/08/2014) |
| 07/08/2014 | 374 | MOTION to Withdraw as Attorney by Vishant Manu Krishnan. by Ali Al–Timimi. (Attachments: # 1 Proposed Order Regarding Motion by Vishant Manu Krishnan to Withdraw as Attorney)(Krishnan, Vishant) (Entered: 07/08/2014) |
| 07/08/2014 | 375 | ORDER granting 373 Motion to Withdraw as Attorney. Samuel Cagle Juhan withdrawn from case as to Ali Al–Timimi (1). Signed by District Judge Leonie M. Brinkema on 07/08/14. (pmil, ) (Entered: 07/09/2014) |
| 07/08/2014 | 376 | ORDER granting 374 Motion to Withdraw as Attorney. Vishant Manu Krishnan withdrawn from case as to Ali Al–Timimi (1). Signed by District Judge Leonie M. Brinkema on 07/08/14. (pmil, ) (Entered: 07/09/2014) |
| 07/16/2014 | 377 | TRANSCRIPT of proceedings as to Ali Al–Timimi for date of 3/23/2005 before Judge Leonie M. Brinkema, re 358 Notice of Appeal, Court Reporter Anneliese Thomson, Telephone number 703–299–8595. **NOTICE RE REDACTION OF TRANCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov** *Does this satisfy all appellate orders for this reporter? n* **Transcript may be viewed at the court public terminal or purchased through the court reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 8/15/2014. Redacted Transcript Deadline set for 9/15/2014. Release of Transcript Restriction set for 10/14/2014.(thompson, anneliese) (Entered: 07/16/2014)** |
| 07/16/2014 | 378 | TRANSCRIPT excerpt of proceedings (Jury Selection) as to Ali Al–Timimi for date of 4–4–2005 before Judge Leonie M. Brinkema, re 358 Notice of Appeal, Court Reporter Anneliese Thomson, Telephone number 703–299–8595. **NOTICE RE** |

| | | |
|---|---|---|
| | | *REDACTION OF TRANCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov Does this satisfy all appellate orders for this reporter? y Transcript may be viewed at the court public terminal or purchased through the court reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 8/15/2014. Redacted Transcript Deadline set for 9/15/2014. Release of Transcript Restriction set for 10/14/2014.(thomson, anneliese) (Entered: 07/16/2014)* |
| 08/05/2014 | 379 | TRANSCRIPT of Jury Selection Proceedings (Day 1 of 2) held on 3–31–2005 re 358 Notice of Appeal before Judge L.M. Brinkema. Court reporter Norman Linnell, telephone number 703–549–4626. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the court reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 9/4/2014. Redacted Transcript Deadline set for 10/6/2014. Release of Transcript Restriction set for 11/3/2014.(linnell, norman) Modified on 8/6/2014 to add association to notice of appeal (ltun, ). (Entered: 08/05/2014) |
| 08/05/2014 | 380 | TRANSCRIPT of Jury Selection Proceedings (Day 2 of 2) as to Ali Al–Timimi for date of 4–1–2005 before Judge L.M. Brinkema re 358 Notice of Appeal, Court reporter Norman Linnell, telephone number 703–549–4626. *REDACTION OF TRANCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov Does this satisfy all appellate orders for this reporter? y* **Transcript may be viewed at the court public terminal or purchased through the court reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 9/4/2014. Redacted Transcript Deadline set for 10/6/2014. Release of Transcript Restriction set for 11/3/2014.(linnell, norman) (Entered: 08/05/2014)** |
| 09/19/2014 | 381 | Redacted version of 192 Memorandum filed by USA (Kromberg, Gordon) (Entered: 09/19/2014) |
| 09/19/2014 | 382 | Redacted version of (Kromberg, Gordon) (Entered: 09/19/2014) |
| 09/19/2014 | 383 | Redacted version of (Kromberg, Gordon) (Entered: 09/19/2014) |
| 09/19/2014 | 384 | Redacted version of 66 Response/Reply – Miscellaneous (Kromberg, Gordon) (Entered: 09/19/2014) |
| 09/19/2014 | 385 | Redacted version of 61 Response/Reply – Miscellaneous, (Kromberg, Gordon) (Entered: 09/19/2014) |
| 09/19/2014 | 386 | Redacted version of 39 Response/Reply – Miscellaneous (Kromberg, Gordon) (Entered: 09/19/2014) |
| 09/19/2014 | 387 | Redacted version of 48 Status Report (Kromberg, Gordon) (Entered: 09/19/2014) |
| 09/24/2014 | 388 | MOTION to Appoint Counsel by Ali Al–Timimi. (Attachments: # 1 Proposed Order)(Simmons, Thomas) (Entered: 09/24/2014) |
| 09/24/2014 | 389 | Memorandum in Support by Ali Al–Timimi re 388 MOTION to Appoint Counsel (Simmons, Thomas) (Entered: 09/24/2014) |
| 10/10/2014 | 390 | ORDER denying without prejudice 388 Motion to Appoint Counsel as to Ali Al–Timimi (1). Signed by District Judge Leonie M. Brinkema on 10/10/14. (Copy |

| | | mailed to pro hac vice lead counsel (jonathan Turley) per LMB chambers) (pmil, ) (Entered: 10/10/2014) |
|---|---|---|
| 11/03/2014 | 391 | MOTION to Withdraw as Attorney by Thomas Lee Simmons. by Ali–Timimi. (Attachments: # 1 Proposed Order)(Simmons, Thomas) (Entered: 11/03/2014) |
| 11/04/2014 | 392 | ORDER granting 391 Motion to Withdraw as Attorney. Thomas Lee Simmons withdrawn from case as to Ali Al–Timimi (1). Signed by District Judge Leonie M. Brinkema on 11/4/14. (krob, ) (Entered: 11/04/2014) |
| 11/26/2014 | 393 | NOTICE OF ATTORNEY APPEARANCE: Thomas Michael Huff appearing for Ali Al–Timimi (Huff, Thomas) (Entered: 11/26/2014) |
| 03/27/2015 | 394 | Redacted version of 32 Motion to Continue (Huff, Thomas) (Entered: 03/27/2015) |
| 03/27/2015 | 395 | Redacted version of 36 Utility – Miscellaneous (Huff, Thomas) (Entered: 03/27/2015) |
| 03/27/2015 | 396 | Redacted version of 41 Response/Reply – Miscellaneous (Huff, Thomas) (Entered: 03/27/2015) |
| 03/27/2015 | 397 | Redacted version of 49 Response in Opposition (Huff, Thomas) (Entered: 03/27/2015) |
| 03/27/2015 | 398 | Redacted version of 58 Utility – Miscellaneous (Huff, Thomas) (Entered: 03/27/2015) |
| 03/27/2015 | 399 | Redacted version of 264 MOTION to Unseal Document filed by Ali Al–Timimi (Huff, Thomas) (Entered: 03/27/2015) |
| 03/27/2015 | 400 | Redacted version of 265 MOTION (Huff, Thomas) (Entered: 03/27/2015) |
| 03/27/2015 | 401 | Redacted version of 268 MOTION to Compel (Huff, Thomas) (Entered: 03/27/2015) |
| 03/27/2015 | 402 | Redacted version of 269 MOTION to Compel (Huff, Thomas) (Entered: 03/27/2015) |
| 03/27/2015 | 403 | Redacted version of 283 Status Report (Huff, Thomas) (Entered: 03/27/2015) |
| 03/27/2015 | 404 | Redacted version of 286 Status Report (Huff, Thomas) (Entered: 03/27/2015) |
| 06/19/2015 | 405 | Letter from Ali Al–Timi requesting a copy of the docket sheet. Copy mailed on 6/19/15. (Attachments: # 1 Envelope) (krob, ) (Entered: 06/19/2015) |
| 08/04/2015 | 406 | ORDER of USCA as to Ali Al–Timimi re 358 Notice of Appeal. Upon consideration of submissions relative to appellant's motion to remand,the court grants the motion and remands this case to the district court for further proceedings. The appeal will remain on this court's active docket. The parties shall file a status report on September 3, 2015 and every thirty days thereafter and shall immediately notify this court in writing when the district court has rendered a decision. (gwalk, ) (Entered: 08/04/2015) |
| 08/06/2015 | 407 | ORDER: In light of the remand from the Court of Appeals, it is herebyORDERED that the parties meet and confer to select a mutually agreeable date for a hearing on the issues raised in Al–Timimi's Motion for Remand, or, in the Alternative, an Order Allowing the Inclusion of the FBI Document. The Court is available for a hearing any time on Wednesday, August 12 and Thursday, August 13, 2015; at 9:30 a.m. on Friday, August 14, 2015; any time on Thursday, August 27, 2015; or at 9:00 a.m. on Friday, August 28, 2015. Signed by District Judge Leonie M. Brinkema on 8/6/15. (yguy) (Entered: 08/06/2015) |
| 08/11/2015 | 408 | ORDER as to Ali Al–Timimi : In light of the remand from the Court of Appeals, it is hereby ORDERED that the parties appear at 9:00 a.m. on Friday, September 4, 2015, for a hearing on the issues raised in Al–Timimi's Motion for Remand, or, in the Alternative, an Order Allowing the Inclusion of the FBI Document. Signed by District Judge Leonie M. Brinkema on 8/11/15. (yguy) (Entered: 08/11/2015) |
| 08/13/2015 | 409 | NOTICE of New Evidence on Remand by Ali Al–Timimi (Attachments: # 1 Exhibit (Remand motion exhibit A –– original Squad IT–3 document), # 2 Exhibit (Remand motion exhibit B –– Squad IT–3 with defense annotations and analysis))(Huff, Thomas) (Entered: 08/13/2015) |
| 08/14/2015 | 410 | ORDERED that the government provide the Court with the unredacted version of the "Sqaud IT–3" document. Signed by District Judge Leonie M. Brinkema on 8/14/2015. (rban, ) (Entered: 08/14/2015) |

**J.A. 037**

| 08/20/2015 | 411 | Redacted version of 39 Response/Reply – Miscellaneous (Kromberg, Gordon) (Entered: 08/20/2015) |
| 08/20/2015 | 412 | Redacted version of 48 Status Report (Kromberg, Gordon) (Entered: 08/20/2015) |
| 08/20/2015 | 413 | Redacted version of 61 Response/Reply – Miscellaneous, (Kromberg, Gordon) (Entered: 08/20/2015) |
| 08/20/2015 | 414 | Redacted version of 66 Response/Reply – Miscellaneous (Kromberg, Gordon) (Entered: 08/20/2015) |
| 08/20/2015 | 415 | Redacted version of 192 Memorandum filed by USA (Kromberg, Gordon) (Entered: 08/20/2015) |
| 08/27/2015 | 416 | RESPONSE by USA as to Ali Al–Timimi re 410 Order *of August 14, 2015* (Kromberg, Gordon) (Entered: 08/27/2015) |
| 09/01/2015 | 417 | MOTION to Compel *Disclosure of Unredacted Documents to Cleared Defense Counsel and Production of Index of Undisclosed Evidence* by Ali Al–Timimi. (Huff, Thomas) (Main Document 417 replaced on 10/6/2015) (rban, ). (Entered: 09/01/2015) |
| 09/01/2015 | 418 | Memorandum in Support by Ali Al–Timimi re 417 MOTION to Compel *Disclosure of Unredacted Documents to Cleared Defense Counsel and Production of Index of Undisclosed Evidence* (Huff, Thomas) (Main Document 418 replaced on 10/6/2015) (rban, ). (Main Document 418 replaced on 10/6/2015) (rban, ). (Additional attachment(s) added on 10/6/2015: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 7 Exhibit F) (rban, ). (Entered: 09/01/2015) |
| 09/03/2015 | 419 | ORDERED that the hearing scheduled for 9/4/2015, be and is CANCELLED and will be rescheduled as soon as the classification review has been completed. Signed by District Judge Leonie M. Brinkema on 9/3/2015. (rban, ) (Entered: 09/03/2015) |
| 09/03/2015 | | Terminate Deadlines and Hearings as to Ali Al–Timimi: (rban, ) (Entered: 09/03/2015) |
| 09/03/2015 | | Deadlines Terminated. (rban, ) (Entered: 09/03/2015) |
| 11/05/2015 | 420 | RESPONSE in Opposition by USA as to Ali Al–Timimi re 417 MOTION to Compel *Disclosure of Unredacted Documents to Cleared Defense Counsel and Production of Index of Undisclosed Evidence* (Attachments: # 1 Exhibit Discovery Letter #2 with FBI FD–302s)(Kromberg, Gordon) (Attachment 1 replaced on 11/6/2015) (pmil, ). (Entered: 11/05/2015) |
| 11/06/2015 | 421 | NOTICE by USA as to Ali Al–Timimi re 420 Response in Opposition, (Attachments: # 1 Exhibit)(Kromberg, Gordon) (Entered: 11/06/2015) |
| 11/08/2015 | 422 | Consent MOTION for Extension of Time to File Response/Reply as to 420 Response in Opposition, by Ali Al–Timimi. (Huff, Thomas) (Entered: 11/08/2015) |
| 11/08/2015 | 423 | NOTICE *of supplementation* by Ali Al–Timimi re 422 Consent MOTION for Extension of Time to File Response/Reply as to 420 Response in Opposition, (Attachments: # 1 Proposed Order in support of Motion for Extension of Time)(Huff, Thomas) (Entered: 11/08/2015) |
| 11/09/2015 | 424 | ORDER granting 422 Motion for Extension of Time to File Response/Reply; Deft will have until 11/19/15 to file a memorandum in reply to the government's filing at Dkt. No. 420 as to Ali Al–Timimi (1). Signed by District Judge Leonie M. Brinkema on 11/09/15. (pmil, ) (Entered: 11/09/2015) |
| 11/16/2015 | 425 | Consent MOTION for Extension of Time to File Response/Reply as to 420 Response in Opposition, by Ali Al–Timimi. (Attachments: # 1 Exhibit Aug 21 Turley letter to Warden Oliver, # 2 Exhibit Sept 17 reply letter from Warden Oliver, # 3 Exhibit Nov 16 new Turley letter to Warden Oliver, # 4 Proposed Order)(Huff, Thomas) (Entered: 11/16/2015) |
| 11/16/2015 | 426 | Redacted version of 324 Memorandum in Support of Motion filed by Ali Al–Timimi (Huff, Thomas) (Entered: 11/16/2015) |
| 11/17/2015 | 427 | ORDER granting 425 Motion for Extension of Time to File Response/Reply; the deadline for deft's reply brief is extended to 11/30/15 as to Ali Al–Timimi (1). Signed |

| | | |
|---|---|---|
| | | by District Judge Leonie M. Brinkema on 11/17/15. (Copy sent to J. Turley per LMB chambers) (pmil, ) (Entered: 11/18/2015) |
| 11/23/2015 | 428 | Consent MOTION for Extension of Time to File Response/Reply as to 420 Response in Opposition, by Ali Al–Timimi. (Attachments: # 1 Proposed Order)(Huff, Thomas) (Entered: 11/23/2015) |
| 11/24/2015 | 429 | ORDER granting 428 Motion for Extension of Time to File Response/Reply. ORDERED that the deadline for defendant's reply brief is extended to December 7, 2015 as to Ali Al–Timimi (1). Signed by District Judge Gerald Bruce Lee on 11/24/2015. (lbru, ) (Entered: 11/24/2015) |
| 12/07/2015 | 430 | Reply by Ali Al–Timimi re 420 Response in Opposition, *re 417 Motion to Compel Disclosure of Unredacted Documents to Cleared Defense Counsel and Production of Index of Undisclosed Evidence* (Huff, Thomas) (Main Document 430 replaced on 1/12/2016) (rban, ). (Entered: 12/07/2015) |
| 07/26/2016 | 431 | ORDER of USCA as to Ali Al–Timimi re 358 Notice of Appeal. Upon consideration of the unopposed motion for modification of remand order in light of intervening Supreme Court authority, the court grants the motion and modifies the current remand order to allow the district court to reconsider the appellant's section 924(c) convictions in light of Johnson v. United States, 135 S. Ct. 2551 (2015). (lbru, ) (Entered: 07/27/2016) |
| 10/25/2016 | 432 | Second MOTION for Acquittal *on Counts 7 and 8 in light of intervening Supreme Court authority* by Ali Al–Timimi. (Attachments: # 1 Proposed Order)(Huff, Thomas) (Entered: 10/25/2016) |
| 10/25/2016 | 433 | Memorandum in Support by Ali Al–Timimi re 432 Second MOTION for Acquittal *on Counts 7 and 8 in light of intervening Supreme Court authority* (Attachments: # 1 Exhibit A – residual clause analysis re jury instruction 44, # 2 Exhibit B – jury instruction 44, # 3 Exhibit C – excerpted transcript page re general verdict, # 4 Exhibit D – legal rulings re jury instruction 44, # 5 Exhibit E – Judgment form)(Huff, Thomas) (Entered: 10/25/2016) |
| 10/25/2016 | 434 | Notice of Hearing Date set for 11/18/2016 re 432 Second MOTION for Acquittal *on Counts 7 and 8 in light of intervening Supreme Court authority* (Huff, Thomas) (Entered: 10/25/2016) |
| 10/25/2016 | 435 | NOTICE *regarding CISO clearance to file motion papers on public docket* by Ali Al–Timimi re 432 Second MOTION for Acquittal *on Counts 7 and 8 in light of intervening Supreme Court authority*, 433 Memorandum in Support of Motion, (Huff, Thomas) (Entered: 10/25/2016) |
| 10/26/2016 | | Set Deadlines re Motion or Report and Recommendation in case as to Ali Al–Timimi 432 Second MOTION for Acquittal *on Counts 7 and 8 in light of intervening Supreme Court authority*. Motion Hearing set for 11/18/2016 at 10:00 AM in Alexandria Courtroom 600 before District Judge Leonie M. Brinkema. (clar, ) (Entered: 10/26/2016) |
| 10/27/2016 | 436 | ORDER that the hearing noticed for Friday, November 18, 2016 be and is cancelled; the United States respond to defendant's motion within fourteen (14)days and any reply be filed by the defendant within seven (7) days from the filing of the United States' response. Signed by District Judge Leonie M. Brinkema on 10/27/16. (pmil, ) (Entered: 10/27/2016) |
| 11/04/2016 | 437 | Opposition by USA as to Ali Al–Timimi re 436 Order, (Attachments: # 1 Exhibit Government's Petition for Certiorari in Dimaya, # 2 Exhibit Government's Reply to Opposition to Petition for Certiorari in Dimaya)(Kromberg, Gordon) (Entered: 11/04/2016) |
| 11/10/2016 | | Reset Deadlines re Motion or Report and Recommendation in case as to Ali Al–Timimi 432 Second MOTION for Acquittal *on Counts 7 and 8 in light of intervening Supreme Court authority*. Motion Hearing set for 11/18/2016 at 09:00 AM in Alexandria Courtroom 600 before District Judge Leonie M. Brinkema. (clar, ) (Entered: 11/10/2016) |

| | | |
|---|---|---|
| 11/10/2016 | | Deadlines terminated – Please see Order dated 10/27/16 document #436(clar, ) (Entered: 11/10/2016) |
| 11/14/2016 | 438 | Reply by Ali Al–Timimi re 437 Opposition, (Huff, Thomas) (Entered: 11/14/2016) |
| 11/21/2016 | 439 | ORDER 432 Renewed Motion for Acquittal on Counts 7 and 8 in Light of Intervening Supreme Court Authority be and is STAYED until further Order of the Court as to Ali Al–Timimi (1). Signed by District Judge Leonie M. Brinkema on 11/21/16. (pmil, ) (Entered: 11/21/2016) |
| 04/18/2018 | 440 | NOTICE of Supplemental Authority by Ali Al–Timimi re 432 Second MOTION for Acquittal on Counts 7 and 8 in light of intervening Supreme Court authority (Attachments: # 1 Exhibit Supreme Court slip op in Sessions v Dimaya)(Huff, Thomas) (Entered: 04/18/2018) |
| 04/19/2018 | 441 | ORDER that the stay of the Motion be and is LIFTED; the United States of America SHOW CAUSE within thirty (30) days why the Motion should not be granted; the deft will have fourteen (14) days to file any reply to the government's response as to Ali Al–Timimi. Signed by District Judge Leonie M. Brinkema on 04/19/18. (pmil, ) (Entered: 04/19/2018) |
| 04/19/2018 | | Case reopened as to Ali Al–Timimi (pmil, ) (Entered: 04/19/2018) |
| 05/21/2018 | 442 | RESPONSE by USA as to Ali Al–Timimi re 441 Order to Show Cause, to Order of April 19th (Attachments: # 1 Exhibit Transcript of Hearing (Excerpt), US v. Chapman, 1:03cr296–6, May 27, 2016)(Kromberg, Gordon) (Entered: 05/21/2018) |
| 06/04/2018 | 443 | REPLY TO RESPONSE to by Ali Al–Timimi re 442 Response to show–cause order (Huff, Thomas) (Entered: 06/04/2018) |
| 06/20/2018 | 444 | NOTICE of Relevant Appellate Activity by USA as to Ali Al–Timimi (Attachments: # 1 Exhibit Order Providing for Rehearing En Banc, # 2 Exhibit Order Directing Supplemental Briefing)(Kromberg, Gordon) (Entered: 06/20/2018) |
| 08/17/2018 | 445 | Second MOTION for Acquittal re Count 1 by Ali Al–Timimi. (Attachments: # 1 Proposed Order)(Huff, Thomas) (Entered: 08/17/2018) |
| 08/17/2018 | 446 | Memorandum in Support by Ali Al–Timimi re 445 Second MOTION for Acquittal re Count 1 (Huff, Thomas) (Entered: 08/17/2018) |
| 08/29/2018 | 447 | RESPONSE in Opposition by USA as to Ali Al–Timimi re 445 Second MOTION for Acquittal re Count 1 (Kromberg, Gordon) (Entered: 08/29/2018) |
| 08/30/2018 | 448 | NOTICE OF ATTORNEY APPEARANCE John T. Gibbs appearing for USA. (Gibbs, John) (Entered: 08/30/2018) |
| 09/04/2018 | 449 | Reply by Ali Al–Timimi re 447 Response in Opposition re Count 1 motion for acquittal (Huff, Thomas) (Entered: 09/04/2018) |
| 01/24/2019 | 450 | NOTICE of Supplemental Authority by Ali Al–Timimi re 432 Second MOTION for Acquittal on Counts 7 and 8 in light of intervening Supreme Court authority (Attachments: # 1 Exhibit Fourth Circuit en banc opinion in United States v. Simms)(Huff, Thomas) (Entered: 01/24/2019) |
| 02/05/2019 | 451 | NOTICE of Supplemental Authority by Ali Al–Timimi re 432 Second MOTION for Acquittal on Counts 7 and 8 in light of intervening Supreme Court authority (Attachments: # 1 Exhibit Fourth Circuit ordering staying mandate in Simms)(Huff, Thomas) (Entered: 02/05/2019) |
| 06/24/2019 | 452 | NOTICE of Supplemental Authority by Ali Al–Timimi re 432 Second MOTION for Acquittal on Counts 7 and 8 in light of intervening Supreme Court authority, 445 Second MOTION for Acquittal re Count 1 (Attachments: # 1 Exhibit Exh A –– Supreme Court Davis opinion, # 2 Proposed Order Exh B –– proposed order granting acquittal on counts 1, 7, and, 8, # 3 Exhibit Exh C –– DOJ letter to Fourth Circuit, acquiescing to issuance of Simms mandate in light of Davis)(Huff, Thomas) (Entered: 06/24/2019) |
| 06/25/2019 | 453 | ORDER that the United States SHOW CAUSE within thirty (30) days of the date ofentry of this Order why defendant's motions for acquittal should not be granted; defendant will have fourteen (14) days to file any reply to the UnitedStates' response. |

| | | |
|---|---|---|
| | | The parties should address not only whether defendant is entitled to acquittal but also what the appropriate remedy would be in the event of such an acquittal as to Ali Al–Timimi. Signed by District Judge Leonie M. Brinkema on 06/25/19. (pmil, ) (Entered: 06/25/2019) |
| 07/25/2019 | 454 | NOTICE OF ATTORNEY APPEARANCE Daniel Taylor Young appearing for USA. (Young, Daniel) (Entered: 07/25/2019) |
| 07/25/2019 | 455 | Supplemental Memorandum by USA as to Ali Al–Timimi re 432 Second MOTION for Acquittal *on Counts 7 and 8 in light of intervening Supreme Court authority*, 445 Second MOTION for Acquittal *re Count 1* (Attachments: # 1 Exhibit Jury Instructions Part 1, # 2 Exhibit Jury Instructions Part 2, # 3 Exhibit Compilation of Record Citations)(Young, Daniel) (Entered: 07/25/2019) |
| 07/26/2019 | 456 | NOTICE *of Addendum to Supplemental Memorandum* by USA as to Ali Al–Timimi re 455 Supplemental Memorandum, (Attachments: # 1 Exhibit (Record Citations Regarding the Neutrality Act))(Young, Daniel) (Entered: 07/26/2019) |
| 07/30/2019 | 457 | MOTION for Extension of Time to File Response/Reply as to 456 Notice (Other), 455 Supplemental Memorandum, by Ali Al–Timimi. (Attachments: # 1 Exhibit Ex A –– letter to BOP, # 2 Proposed Order proposed order)(Huff, Thomas) (Entered: 07/30/2019) |
| 07/31/2019 | 458 | ORDER that the deft's 457 Unopposed Motion for an Extension of Time to File a Reply Brief is GRANTED and the deadline for deft's reply brief is extended to 08/19/19 as to Ali Al–Timimi (1). Signed by District Judge Leonie M. Brinkema on 07/31/19. (pmil, ) (Entered: 07/31/2019) |
| 08/19/2019 | 459 | Reply by Ali Al–Timimi re 455 Supplemental Memorandum, (Attachments: # 1 Proposed Order)(Huff, Thomas) (Entered: 08/19/2019) |
| 08/19/2019 | 460 | MOTION for Leave to File *Motion for New Trial on Counts 9 and 10* by Ali Al–Timimi. (Attachments: # 1 Proposed Order)(Huff, Thomas) (Entered: 08/19/2019) |
| 08/26/2019 | 461 | REPLY TO RESPONSE to USA as to Ali Al–Timimi re 455 Supplemental Memorandum, 459 Reply (Attachments: # 1 Exhibit (Record Citations re Knowledge of Firearms at LET Camps))(Young, Daniel) (Entered: 08/26/2019) |
| 08/27/2019 | 462 | Consent MOTION for Leave to File *response to government's new brief, or, in the alternative*, MOTION to Strike by Ali Al–Timimi. (Attachments: # 1 Proposed Order)(Huff, Thomas) (Entered: 08/27/2019) |
| 08/30/2019 | 463 | ORDER granting 462 Unopposed Motion for Leave to Respond to New Brief by the Government, or, in the Alternative, To Strike ("Motion for Leave or to Strike"), the defendant's Motion for Leave or to Strike; ORDERED that the defendant may file a response brief on or before extended to September 10, 2019 as to Ali Al–Timimi. Signed by District Judge Leonie M. Brinkema on 08/30/2019. (jlan) (Entered: 08/30/2019) |
| 09/10/2019 | 464 | REPLY TO RESPONSE to by Ali Al–Timimi re 461 Reply to Response (Attachments: # 1 Exhibit Bill of Particulars filed in United States v Khan)(Huff, Thomas) (Entered: 09/10/2019) |
| 04/27/2020 | 465 | Emergency MOTION for Release from Custody *pending appeal in light of COVID–19 Emergency* by Ali Al–Timimi. (Attachments: # 1 Proposed Order)(Huff, Thomas) (Entered: 04/27/2020) |
| 04/27/2020 | 466 | Memorandum in Support by Ali Al–Timimi re 465 Emergency MOTION for Release from Custody *pending appeal in light of COVID–19 Emergency* (Attachments: # 1 Exhibit Declaration of Chris Beyrer, MD, MPH, # 2 Exhibit Declaration of Dr. Sahera Al–Timimi, # 3 Exhibit Declaration of Thomas M. Huff, # 4 Exhibit Probation Office status report, # 5 Exhibit August 2019 letter to ADX Florence)(Huff, Thomas) (Entered: 04/27/2020) |
| 05/01/2020 | 467 | ORDER that the government file a response to defendant's Emergency Motion for Release from Custody Pending Appeal in Light of the COVID–19 Emergency no later than May 15,2020. Signed by District Judge Leonie M. Brinkema on 05/01/20. (pmil, ) (Entered: 05/01/2020) |

| 05/15/2020 | 468 | MOTION to Seal *Declaration of Susan Conroy, D.O., and Attachment* by USA as to Ali Al–Timimi. (Attachments: # 1 Proposed Order)(Young, Daniel) (Entered: 05/15/2020) |
| 05/15/2020 | 469 | NOTICE *of Filing of the Government's Motion to Seal* by USA as to Ali Al–Timimi re 468 MOTION to Seal *Declaration of Susan Conroy, D.O., and Attachment* (Young, Daniel) (Entered: 05/15/2020) |
| 05/15/2020 | 470 | Sealed Motion to Seal by USA as to Ali Al–Timimi. (Attachments: # 1 Proposed Order)(rban, ) (Entered: 05/15/2020) |
| 05/15/2020 | 471 | Sealed Notice re 470 Sealed Motion to Seal filed by USA (rban, ) (Entered: 05/15/2020) |
| 05/15/2020 | 472 | Sealed Document (rban, ) (Entered: 05/15/2020) |
| 05/15/2020 | 473 | RESPONSE in Opposition by USA as to Ali Al–Timimi re 465 Emergency MOTION for Release from Custody *pending appeal in light of COVID–19 Emergency* (Attachments: # 1 Exhibit (Declaration of Shari Himlie), # 2 Exhibit (Special Administrative Measures Applicable to Al–Timimi))(Young, Daniel) (Entered: 05/15/2020) |
| 05/18/2020 | 474 | SEALING ORDER granting 468 Motion to Seal as to Ali Al–Timimi (1) (see Order for details). Signed by Magistrate Judge John F. Anderson on 05/18/20. (pmil, ) (Entered: 05/18/2020) |
| 05/20/2020 | 475 | Consent MOTION for Extension of Time to File Response/Reply as to 473 Response in Opposition, by Ali Al–Timimi. (Attachments: # 1 Proposed Order)(Huff, Thomas) (Entered: 05/20/2020) |
| 05/20/2020 | 476 | ORDER granting 475 Motion for Extension of Time to File Response/Reply as to Ali Al–Timimi (1). Signed by Magistrate Judge John F. Anderson on 5/20/20. (yguy) (Entered: 05/20/2020) |
| 05/26/2020 | 477 | Reply by Ali Al–Timimi re 473 Response in Opposition, (Attachments: # 1 Exhibit Second Declaration of Chris Beyrer, MD, MPH, # 2 Exhibit Declaration of Ali Al–Timimi, # 3 Exhibit Sturm College of Law letter to ADX re COVID–19, # 4 Exhibit NHLBI asthma charts)(Huff, Thomas) (Entered: 05/26/2020) |
| 05/28/2020 | 478 | Notice of Hearing Date *on June 11 at 2 p.m.* re 465 Emergency MOTION for Release from Custody *pending appeal in light of COVID–19 Emergency* (Huff, Thomas) (Entered: 05/28/2020) |
| 05/29/2020 | | Set Deadlines re Motion or Report and Recommendation in case as to Ali Al–Timimi 465 Emergency MOTION for Release from Custody *pending appeal in light of COVID–19 Emergency*. Motion Hearing set for 6/11/2020 at 02:00 PM in Alexandria Courtroom 700 before District Judge Leonie M. Brinkema. (clar, ) (Entered: 05/29/2020) |
| 06/09/2020 | 479 | ORDER that the hearing on defendant's Emergency Motion for Release from Custody Pending Appeal will be conducted telephonically on June 11, 2020 at 2:00 p.m. To join the tele–conference, the parties should dial 1–877–336–1829 and use the access code 8896301. Signed by District Judge Leonie M. Brinkema on 06/09/20. (pmil, ) (Entered: 06/09/2020) |
| 06/11/2020 | 480 | Minute Entry for proceedings held before District Judge Leonie M. Brinkema:Motion Hearing as to Ali Al–Timimi held on 6/11/2020. Hearing held by teleconference. Govt appeared by Daniel Young & Gordon Kromberg. Deft appeared through counsels Thomas Huff & Jonathan Turley. Deft's 465 Emergency MOTION for Release from Custody *pending appeal in light of COVID–19 Emergency is argued and TAKEN UNDER ADVISEMENT. (Court Reporter A. Thomson.)(yguy) (Entered: 06/12/2020) |
| 06/14/2020 | 481 | TRANSCRIPT of Proceedings held on 6/11/2020, before Judge Leonie M. Brinkema. Court reporter Anneliese Thomson, Telephone number 703–299–8595. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov Transcript may be viewed at the court** |

J.A. 042

| | | |
|---|---|---|
| | | **public terminal or purchased through the court reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 7/14/2020. Redacted Transcript Deadline set for 8/14/2020. Release of Transcript Restriction set for 9/14/2020.(thomson, anneliese) (Entered: 06/14/2020)** |
| 06/18/2020 | 482 | Supplemental Memorandum by USA as to Ali Al-Timimi re 465 Emergency MOTION for Release from Custody *pending appeal in light of COVID–19 Emergency* (Attachments: # 1 Exhibit Declaration of Kimberly Gempler and Attachments)(Young, Daniel) (Entered: 06/18/2020) |
| 06/18/2020 | 483 | MOTION to Seal *Supplemental Pleading and Exhibits Relating to Dangerousness and Imposition of Special Administrative Measures* by USA as to Ali Al–Timimi. (Attachments: # 1 Proposed Order)(Young, Daniel) (Entered: 06/18/2020) |
| 06/18/2020 | 484 | MOTION to Seal *Attachments 5 and 7 to the Declaration of Kimberly Gempler* by USA as to Ali Al–Timimi. (Attachments: # 1 Proposed Order)(Young, Daniel) (Entered: 06/18/2020) |
| 06/18/2020 | 485 | ORDER granting 483 Motion to Seal as to Ali Al–Timimi (1). Signed by District Judge Leonie M. Brinkema on 6/18/2020. (jlan) (Entered: 06/18/2020) |
| 06/18/2020 | 486 | ORDER granting 484 Motion to Seal as to Ali Al–Timimi (1). Signed by District Judge Leonie M. Brinkema on 06/18/2020. (jlan) (Entered: 06/18/2020) |
| 06/18/2020 | 487 | Sealed Attachments (Attachments: # 1 Attachment 5, # 2 Attachment 7)(dest, ) (Entered: 06/19/2020) |
| 06/18/2020 | 488 | Sealed Supplemental Response filed by USA re 465 Emergency MOTION for Release from Custody *pending appeal in light of COVID–19 Emergency* by Ali Al–Timimi (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12)(dest, ) (Entered: 06/19/2020) |
| 06/19/2020 | 489 | Consent MOTION for Leave to File *Reply to Government's Supplemental Response* by Ali Al–Timimi. (Attachments: # 1 Proposed Order)(Huff, Thomas) (Entered: 06/19/2020) |
| 06/19/2020 | 490 | ORDER granting 489 Motion for Leave; ORDERED that the defendant may file a reply brief on or before June 25, 2020 to File as to Ali Al–Timimi (1). Signed by District Judge Leonie M. Brinkema on 06/19/2020. (jlan) (Entered: 06/19/2020) |
| 06/24/2020 | 491 | Consent MOTION for Extension of Time to File Response/Reply as to 484 MOTION to Seal *Attachments 5 and 7 to the Declaration of Kimberly Gempler*, 482 Supplemental Memorandum, 483 MOTION to Seal *Supplemental Pleading and Exhibits Relating to Dangerousness and Imposition of Special Administrative Measures* by Ali Al–Timimi. (Attachments: # 1 Proposed Order)(Huff, Thomas) (Entered: 06/24/2020) |
| 06/24/2020 | 492 | Joint MOTION for Protective Order *as to Materials Filed Under Seal at ECF Nos. 487 & 488* by USA as to Ali Al–Timimi. (Attachments: # 1 Proposed Order)(Young, Daniel) (Entered: 06/24/2020) |
| 06/24/2020 | 493 | ORDER granting 491 Motion for Extension of Time to File Response/Reply, ORDERED that the defendant may file a reply brief on or before July 6, 2020 as to Ali Al–Timimi. Signed by District Judge Leonie M. Brinkema on 06/24/2020. (jlan) (Entered: 06/24/2020) |
| 06/25/2020 | 494 | Protective Order as to Ali Al–Timimi (see Order for details). Signed by District Judge Leonie M. Brinkema on 06/25/2020. (pmil, ) (Entered: 06/25/2020) |
| 07/06/2020 | 495 | REPLY TO RESPONSE to by Ali Al–Timimi re 482 Supplemental Memorandum, (Attachments: # 1 Exhibit Exhibit B –– letter to ADX)(Huff, Thomas) (Entered: 07/06/2020) |
| 07/06/2020 | 496 | MOTION to Seal *Supporting Declaration* by Ali Al–Timimi. (Attachments: # 1 Proposed Order)(Huff, Thomas) (Entered: 07/06/2020) |

| 07/06/2020 | 497 | MOTION to Seal *Pleading and Exhibits* by Ali–Timimi. (Attachments: # 1 Proposed Order)(Huff, Thomas) (Entered: 07/06/2020) |
| 07/06/2020 | 498 | ORDER granting 496 Motion to Seal as to Ali–Timimi (1). Signed by District Judge Leonie M. Brinkema on 07/06/20. (pmil, ) (Entered: 07/06/2020) |
| 07/06/2020 | 499 | ORDER granting 497 Motion to Seal as to Ali–Timimi (1). Signed by District Judge Leonie M. Brinkema on 07/06/20. (pmil, ) (Entered: 07/06/2020) |
| 07/06/2020 | 500 | NOTICE *of filing of defendant's motion to seal per Rule 49(E) [Motion has been granted]* by Ali–Timimi re 496 MOTION to Seal *Supporting Declaration* (Huff, Thomas) (Entered: 07/06/2020) |
| 07/06/2020 | 501 | NOTICE *of filing of defendant's motion to seal per Local Criminal Rule 49(E) [Motion has been granted]* by Ali–Timimi re 497 MOTION to Seal *Pleading and Exhibits* (Huff, Thomas) (Entered: 07/06/2020) |
| 07/06/2020 | 502 | Sealed Document re: 495 Reply to Response filed by Ali–Timimi (pmil, ) (Entered: 07/07/2020) |
| 07/06/2020 | 503 | UNDER SEAL Reply re: 488 Sealed Document filed by USA (Attachments: # 1 Exhibit A – Part 1)(pmil, ) (Entered: 07/07/2020) |
| 07/06/2020 | 504 | NOTICE OF CONTINUATION OF EXHIBITS re: 503 UNDER SEAL Reply filed by Ali Al–Timimi (Attachments: # 1 Under Seal Exhibit A – Part 2, # 2 Under Seal Exhibit B)(pmil, ) (Entered: 07/07/2020) |
| 07/13/2020 | 505 | NOTICE *of Withdrawal of Certain Arguments in Opposition to Emergency Motion for Bail Pending Appeal* by USA as to Ali–Timimi re 465 Emergency MOTION for Release from Custody *pending appeal in light of COVID–19 Emergency* (Young, Daniel) (Entered: 07/13/2020) |
| 07/16/2020 | 506 | NOTICE *of Filing of Additional Declaration Regarding Testing for COVID–19 at FCC Florence* by USA as to Ali–Timimi re 465 Emergency MOTION for Release from Custody *pending appeal in light of COVID–19 Emergency* (Attachments: # 1 Exhibit Second Declaration of Shari Himlie with Attachments)(Young, Daniel) (Entered: 07/16/2020) |
| 07/17/2020 | 507 | NOTICE *of Filing of Government's First Proffer as to COVID–19 Testing at FCC Florence* by USA as to Ali–Timimi re 465 Emergency MOTION for Release from Custody *pending appeal in light of COVID–19 Emergency* (Young, Daniel) (Entered: 07/17/2020) |
| 07/21/2020 | 508 | MOTION to Seal *Second Declaration of Dr. Susan Conroy* by USA as to Ali Al–Timimi. (Attachments: # 1 Proposed Order)(Young, Daniel) (Entered: 07/21/2020) |
| 07/21/2020 | 509 | ORDER granting 508 Motion to Seal as to Ali–Timimi (1). Signed by District Judge Leonie M. Brinkema on 07/21/2020. (jlan) (Entered: 07/21/2020) |
| 07/21/2020 | 510 | Sealed Document (jlan) (Entered: 07/21/2020) |
| 07/22/2020 | 511 | NOTICE *of Filing of Government's Second Proffer as to COVID–19 Testing at FCC Florence* by USA as to Ali–Timimi re 465 Emergency MOTION for Release from Custody *pending appeal in light of COVID–19 Emergency* (Young, Daniel) (Entered: 07/22/2020) |
| 07/29/2020 | 512 | Consent MOTION to Modify Protective Order re 494 Protective Order by USA as to Ali Al–Timimi. (Attachments: # 1 Proposed Order)(Young, Daniel) (Entered: 07/29/2020) |
| 08/03/2020 | 513 | ORDER granting 512 Motion to Modify the Terms of the Protective Order as to Ali Al–Timimi (1)(see Order for details). Signed by District Judge Leonie M. Brinkema on 08/03/20. (pmil, ) (Entered: 08/03/2020) |
| 08/03/2020 | 514 | NOTICE *of Intervening Developments* by Ali Al–Timimi re 465 Emergency MOTION for Release from Custody *pending appeal in light of COVID–19 Emergency* (Attachments: # 1 Proposed Order)(Huff, Thomas) (Entered: 08/03/2020) |
| 08/03/2020 | 515 | NOTICE *of Supplemental Authority* by USA as to Ali Al–Timimi re 465 Emergency MOTION for Release from Custody *pending appeal in light of COVID–19 Emergency* |

| | | |
|---|---|---|
| | | (Attachments: # 1 Exhibit (Second Circuit's slip opinion in Hassoun))(Young, Daniel) (Entered: 08/03/2020) |
| 08/04/2020 | 516 | RESPONSE by Ali Al–Timimi re 515 Notice (Other), (Huff, Thomas) (Entered: 08/04/2020) |
| 08/10/2020 | 517 | NOTICE *of Filing of Government's Third Proffer as to COVID–19 Testing at FCC Florence* by USA as to Ali Al–Timimi re 465 Emergency MOTION for Release from Custody *pending appeal in light of COVID–19 Emergency* (Young, Daniel) (Entered: 08/10/2020) |
| 08/18/2020 | 518 | Under Seal Memorandum Opinion (c/s) (yguy) (Entered: 08/18/2020) |
| 08/18/2020 | 519 | REDACTED MEMORANDUM OPINION as to Ali Al–Timimi: For the reasons stated above, Al–Timimi's Motion for Release from Custody Pending Appeal will be granted by an Order accompanying this Memorandum Opinion. (c/s) Signed by District Judge Leonie M. Brinkema on 8/18/20. (yguy) (Entered: 08/18/2020) |
| 08/18/2020 | 520 | ORDER as to Ali Al–Timimi: For the reasons stated in the accompanying Memorandum Opinion, defendant Ali Al–Timimi's ("defendant" or "Al–Timimi") Motion for Release from Custody Pending Appeal [Dkt. 465] is GRANTED, and it is hereby ORDERED that the Bureau of Prisons ("BOP") immediately place Al–Timimi in a 14–day quarantine after which he must be released and must fully comply with the following conditions of release: 1. He must serve the entirety of his term of release pending appeal under home confinement in his mother Dr. Sehara AI–Timimi's home in Washington, D.C. with electronic monitoring or global positioning satellite ("GPS") tracking. Al–Timimi is allowed out of his mother's home only for the following reasons: (a) to meet with his Probation Officer; (b) to meet with his legal counsel; (c) to appear at any courthearings; (d) to attend to any of his medical needs; and (e) to attend religious services on Fridays. Al–Timimi must give advance notice to his Probation Officer of any departure from his mother's home, including departure for the reasons listed above, and must receive advance approval from the Court for any departure from his mother's home for any other reason. AI–Timimi must pay the costs of the electronic monitoring or GPS tracking to the extent he is able and must fully comply with the Probation Office's policies governing the monitoring. The Probation Office will immediately alert the designated officials at the Federal Bureau of Investigation if Al–Timimi violates any of these travel restrictions. 1 1 The request that Al–Timimi be allowed to exercise outside of his mother's home by walking in the neighborhood is not unreasonable; however, until he has settled into supervision, this requestwill not be granted. It may be renewed in the future. 2. He must contact United States Probation Office Home Confinement/Location Monitoring Specialist Jeffrey M. Smihal at 703–366–2103 no later than two business days after being released from BOP custody to arrange for the installation of theelectronic monitoring or GPS tracking device. 3. He must not possess or use any device to access any online computer services at any location, including any internet service providers, bulletin board systems, and any other public or private computer network, without the prior approval of his ProbationOfficer. 4. He must comply with the requirements of the Probation Office's computer monitoring program, and must consent to the installation of computer monitoring software on any computer to which he has access. The software will be installed by the supervising Probation Officer and it will restrict and/or record any and all activity on the computer, including the capture of keystrokes, application information, internet use history, email correspondence, and chat conversations, with the exception of any communications between Al–Timimi and his legal counsel. A notice will beplaced on the computer at the time of the software's installation to warn others of the existence of the software. Al–Timimi must also notify others of the existence of the software, and must not remove, tamper with, reverse engineer, or in any way circumvent the software. 5. He shall not have on–line communications in any language other than English unless approved in advance by his Probation Officer, and he must not have any communications with: (a) any of the other defendants prosecuted as a result of conduct originating at the Dar al–Arqam Islamic Center; (b) any of the witnesses who testified at his trial; (c) any of the jurors at his trial; or (d) any cooperating witness whose identity was revealed during the litigation of his Motion for Release from Custody Pending Appeal. (c/s) Signed by District Judge Leonie M. Brinkema on 8/18/20. (yguy) (Entered: 08/18/2020) |

| 08/25/2020 | 521 | NOTICE OF APPEAL *of Grant of Bail Pending Appeal* by USA as to Ali Al–Timimi as to 519 Memorandum Opinion, 520 Order,,,,,,,,,,,,, (Young, Daniel) (Entered: 08/25/2020) |
| 08/25/2020 | 522 | Transmission of Subsequent Notice of Appeal to 4CCA as to Ali Al–Timimi to US Court of Appeals re: 521 Notice of Appeal (All case opening forms, plus the transcript guidelines, may be obtained from the Fourth Circuit's website at www.ca4.uscourts.gov) (pmil, ) (Entered: 08/25/2020) |
| 08/26/2020 | 523 | USCA Case Number 20–4441 4th Circuit, Case Manager C. Bennett for 521 Notice of Appeal filed by USA. (rban, ) (Entered: 08/26/2020) |
| 08/26/2020 | 524 | ORDER of USCA as to Ali Al–Timimi re 521 Notice of Appeal. The court appoints Jonathan R. Turley to represent Ali AL–Timimi for this appeal. (rban, ) (Entered: 08/26/2020) |
| 08/26/2020 | 525 | MOTION to Stay re 520 Order,,,,,,,,,,,,,, *Granting Bail Pending Appeal*. (Attachments: # 1 Proposed Order)(Young, Daniel) (Entered: 08/26/2020) |
| 08/26/2020 | 526 | MOTION To Appoint as CJA Co–Counsel re 524 USCA Order *for the instant Appeal* by Ali Al–Timimi. (Attachments: # 1 Proposed Order)(Huff, Thomas) (Entered: 08/26/2020) |
| 08/26/2020 | 527 | ORDER that the Deft's 526 Motion to Appoint CJA Co–Counsel be sent to the Fourth Circuit as to Ali Al–Timimi (1). Signed by District Judge Leonie M. Brinkema on 08/26/20. (pmil, ) (Entered: 08/26/2020) |
| 08/27/2020 | 528 | ORDER of USCA as to Ali Al–Timimi re: 521 Notice of Appeal. The court grants the motion and appoints Thomas M. Huff as co–counsel to represent AliAl–Timimi for this appeal. (pmil, ) (Entered: 08/27/2020) |
| 08/27/2020 | 529 | ORDER: Given that the Fourth Circuit has set an expedited briefing schedule in the government's pending appeal and that the defendant is scheduled to be released from custody on Tuesday, September 1, 2020, it is hereby ORDERED that any response to the government's Motion for a Stay of the Court's Bail Order Pending Appeal [Dkt. No. 525] be filed by Friday, August 28, 2020 at 4:00 p.m. Signed by District Judge Leonie M. Brinkema on 8/27/20. (yguy) (Entered: 08/27/2020) |
| 08/28/2020 | 530 | Opposition by Ali Al–Timimi re 525 MOTION to Stay re 520 Order,,,,,,,,,,,,,, *Granting Bail Pending Appeal* (Attachments: # 1 Exhibit August 20 email correspondence among counsel)(Huff, Thomas) (Entered: 08/28/2020) |
| 08/28/2020 | 531 | REPLY TO RESPONSE to USA as to Ali Al–Timimi re 530 Opposition *with Update as to Status at the Fourth Circuit* (Young, Daniel) (Entered: 08/28/2020) |
| 08/28/2020 | 532 | ORDER as to Ali Al–Timimi (1): ORDERED that the government's Motion [Dkt. No. 525] be and is DENIED.(see order for details). Signed by District Judge Leonie M. Brinkema on 8/28/20. (yguy) (Entered: 08/28/2020) |
| 08/28/2020 | 533 | Consent MOTION for Supplemental Modification of Release Order re 520 Order,,,,,,,,,,,,,, by Ali Al–Timimi. (Attachments: # 1 Exhibit August 28 ADX email correspondence, # 2 Proposed Order)(Huff, Thomas) (Entered: 08/28/2020) |
| 08/31/2020 | 534 | NOTICE *of Withdrawal of Motion* by Ali Al–Timimi re 533 Consent MOTION for Supplemental Modification of Release Order re 520 Order,,,,,,,,,,,,,, (Huff, Thomas) (Entered: 08/31/2020) |
| 08/31/2020 | 535 | ORDER of USCA as to Ali Al–Timimi re: 521 Notice of Appeal. Upon consideration of the submissions relative to the governments motion for stay pending appeal, the court denies the motion. Upon review of this bail appeal, the court affirms the district courts order regarding release. (pmil, ) (Entered: 09/01/2020) |
| 08/31/2020 | 536 | JUDGMENT of USCA as to Ali Al–Timimi re: 521 Notice of Appeal. In accordance with the decision of this court, the order of the district court is affirmed. (pmil, ) (Entered: 09/01/2020) |
| 09/22/2020 | 537 | USCA Mandate as to Ali Al–Timimi re: 521 Notice of Appeal. The judgment of this court, entered August 31, 2020, takes effect today. This constitutes the formal mandate of this court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure. |

**J.A. 046**

| | | |
|---|---|---|
| | | (pmil, ) (Entered: 09/22/2020) |
| 03/01/2021 | 538 | ORDER of USCA as to Ali Al–Timimi re 521 Notice of Appeal. The court appoints Thomas M. Huff to represent Ali Al–Timimi. Counsel is referred to the CJA Payment Memorandum and the CJA eVoucher Page for information on appointment terms and procedures. (dvanm, ) (Entered: 03/01/2021) |
| 07/07/2021 | 539 | MOTION to Modify Conditions of Release by Ali Al–Timimi. (Attachments: # 1 Proposed Order)(Huff, Thomas) (Entered: 07/07/2021) |
| 07/07/2021 | 540 | Memorandum in Support by Ali Al–Timimi re 539 MOTION to Modify Conditions of Release (Huff, Thomas) (Entered: 07/07/2021) |
| 07/07/2021 | 541 | ORDER granting 539 MOTION to Modify Conditions of Release as by Ali Al–Timimi. Signed by District Judge Leonie M. Brinkema on 7/7/2021. (see Order for further details) (swil)(c/s pursuant to Order) (Entered: 07/07/2021) |
| 06/23/2022 | 542 | NOTICE of Supplemental Authority re US v. Taylor by Ali Al–Timimi re 432 Second MOTION for Acquittal on Counts 7 and 8 in light of intervening Supreme Court authority, 445 Second MOTION for Acquittal re Count 1 (Attachments: # 1 Exhibit US v. Taylor slip opinion)(Huff, Thomas) (Entered: 06/23/2022) |
| 12/15/2022 | 543 | Consent MOTION to Modify Conditions of Release by Ali Al–Timimi. (Attachments: # 1 Proposed Order)(Huff, Thomas) (Entered: 12/15/2022) |
| 12/15/2022 | 544 | Memorandum in Support by Ali Al–Timimi re 543 Consent MOTION to Modify Conditions of Release (Huff, Thomas) (Entered: 12/15/2022) |
| 12/16/2022 | 545 | ORDER granting 543 Motion to Modify Conditions of Release as to Ali Al–Timimi (1). ORDERED that this Court's conditional release orders of August 18, 2020 [Dkt. No.520] and July 7, 2021 [Dkt. No. 541] ("Conditional Release Orders") are modified as follows: Al–Timimi is permitted to obtain and use a non–internet–capable cellular phone, subject to the following conditions: (i) the phone must not provide access to the internet (including, but not limited to, internet browsers, email, or social media); (ii) Al–Timimi may use the phone to send standard SMS text messages, but must limit his sending of such text messages to a list of phone numbers, approved by his Probation Officer, that will include, at minimum, those of his immediate family, his attorneys and their administrative staff, his medical providers, and his Probation Officer. Al–Timimi will not send text messages to any other phone numbers without first obtaining approval from his Probation Officer; (iii) Al–Timimi' s Probation Officer shall be granted administrative access to the logs of the phone numbers and timestamps of all text messages that are sent and received on the phone. The requirement that Al–Timimi "must not have any communications with...any of the witnesses who testified at his trial," 0kt. No. 520,,I 5(b), is amended to permit Al–Timimi to communicate with his former doctoral dissertation advisor, Dr. C. Jamison. Signed by District Judge Leonie M. Brinkema on 12/16/2022. (dvanm, ) (Entered: 12/16/2022) |
| 04/10/2024 | 546 | NOTICE by USA as to Ali Al–Timimi re 452 Notice (Other),, 430 Reply, 453 Order to Show Cause,, 444 Notice (Other), 433 Memorandum in Support of Motion, 423 Notice (Other), 461 Reply to Response, 450 Notice (Other), 440 Notice (Other), 408 Order,, Set/Reset Motion and R&R Deadlines/Hearings, 442 Response, 439 Order on Motion for Acquittal, 464 Reply to Response, 438 Reply, 441 Order to Show Cause, 409 Notice (Other), 451 Notice (Other), 421 Notice (Other), 446 Memorandum in Support of Motion, 416 Response, 437 Opposition, 456 Notice (Other), 431 USCA Order, 455 Supplemental Memorandum, 459 Reply, 447 Response in Opposition, 445 Second MOTION for Acquittal re Count 1, 407 Order,, 420 Response in Opposition, 449 Reply, 542 Notice (Other), 410 Order, 418 Memorandum in Support of Motion, 443 Reply to Response (Kromberg, Gordon) (Entered: 04/10/2024) |
| 05/30/2024 | 547 | USCA Case Number 24–1485 4th Circuit, Case Manager Cathi Bennett as to Ali Al–Timimi. (Dest) (Entered: 05/30/2024) |
| 05/30/2024 | 548 | ORDER of USCA as to Ali Al–Timimi. The court appoints Thomas Huff to represent Ali Al–Timimi on appeal. (Dest) (Entered: 05/30/2024) |

| 07/18/2024 | 549 | MEMORANDUM OPINION as to Ali Al–Timimi. Signed by District Judge Leonie M. Brinkema on 07/18/2024. (jlan) (Entered: 07/18/2024) |
| 07/18/2024 | 550 | ORDERED that Al–Timimi's convictions for Counts 1, 7, and 8 of the Superseding Indictment be and are VACATED; and it is further ORDERED that the Clerk promptly refund any special assessment payments that Al–Timimi has made with respect to his convictions for Counts 1, 7, and 8 as to Ali Al–Timimi. Signed by District Judge Leonie M. Brinkema on 07/18/2024. (jlan) (Entered: 07/18/2024) |
| 07/22/2024 | 551 | ORDER of USCA as to Ali Al–Timimi. Upon consideration of the petition for writ of mandamus filed by the United States, the court dismisses the petition as moot in light of the district court's opinion and order entered July 18, 2024. Entered at the direction of Senior Judge Keenan with the concurrence of Judge Thacker and Judge Harris. (Dest) (Entered: 07/23/2024) |
| 07/22/2024 | 552 | JUDGMENT of USCA as to Ali Al–Timimi. In accordance with the decision of this court, the petition for writ of mandamus is denied. (Dest) (Entered: 07/23/2024) |
| 10/23/2024 | 553 | ORDER of USCA as to Ali Al–Timimi in re 358 Notice of Appeal. The court grants the motion to relieve Jonathan Turley from further representation on appeal. The court appoints the Federal Public Defender for the Eastern District of Virginia to represent Ali Al–Timimi on appeal. Former counsel shall provide new counsel with all case papers, including any prepared transcripts, and information of relevance to representation. (Dest) (Entered: 10/24/2024) |

**J.A. 048**

FILED
IN OPEN COURT

IN THE UNITED STATES DISTRICT COURT FOR THE

SEP 2 3 2004

EASTERN DISTRICT OF VIRGINIA

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA

v.

ALI AL-TIMIMI

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL NO. 1:04cr $385$

Count 1: 18 USC §§ 371 and 2   Conspiracy

Count 2: 50 USC § 1705   Attempt to
Contribute Services to the Taliban

Counts 3- 4: 18 USC §§ 924(c) and 2
Aiding & Abetting the Use of Firearms in
Connection with a Crime of Violence

Counts 5 - 6: 18 USC §§ 844(h) and 2
Aiding & Abetting the Carrying of Explosives
During Commission of a Felony

## INDICTMENT

### September 2004 Term - At Alexandria

### General Allegations

THE GRAND JURY CHARGES THAT:

1. As used in this Indictment, "jihad" describes a religious obligation of Muslims to struggle or strive for the defense of and advancement of Islam, and "mujahideen" describes warriors engaged in violent jihad.

2. The Taliban, at all times relevant to this Indictment until early 2002, was the political/military entity headquartered in Kandahar, Afghanistan, that exercised de facto control over the territory of Afghanistan until its defeat in late 2001 and early 2002 by a multi-national coalition that included the United States.

3.  Al-Qaeda, at all times relevant to this Indictment, was an international terrorist group founded by Usama bin Laden and others, dedicated to opposing the United States and many other governments with force and violence. Bin Laden declared a violent jihad against the United States and its citizens, which he carried out through Al-Qaeda and its affiliated organizations. Beginning in or about 1996, bin Laden and others operated Al-Qaeda from Afghanistan, and forged close relations with the Taliban.

4.  Lashkar-e-Taiba, also known as "LET," is the military wing of an organization in Pakistan known as Markaz Dawa Wa'al Irshad, which was founded to organize Pakistani mujahideen participating in the violent jihad against the Russians in Afghanistan. Since the Russians left Afghanistan, the primary - - but not exclusive - - focus of Lashkar-e-Taiba has been on conducting violent jihad against the Government of India. Lashkar-e-Taiba operates training camps for individuals from around the world seeking to be mujahideen, and claims to have trained thousands to fight in Afghanistan, Kashmir, Bosnia, Chechnya, Kosovo, and the Philippines.

5.  On July 4, 1999, President Clinton declared a national emergency to deal with the threat posed by Al-Qaeda and the Taliban. In Executive Order 13129, President Clinton prohibited, among other things, United States persons from making or receiving any contribution of funds, goods, or services to or for the benefit of the Taliban. On June 30, 2000, the national emergency with respect to the Taliban was continued. One year later, the national emergency was again continued, pursuant to a finding by President Bush that "[t]he Taliban continues to allow territory under its control in Afghanistan to be used as a safe haven and base of operations

2

for Usama bin Laden and the Al-Qaida organization who have committed and threaten to continue to commit acts of violence against the United States and its nationals."

6. On September 11, 2001, terrorists hijacked four commercial airplanes. They flew two of the planes into the World Trade Center towers in Manhattan, and one into the Pentagon in Virginia. The fourth plane crashed in Pennsylvania. Thousands of victims were killed or injured, and there was enormous destruction of property.

7. By September 13, 2001, newspapers reported that the Bush administration won NATO support for a possible strike against Usama bin Laden and his supporters in Afghanistan, and was pressuring Pakistan for intelligence and logistical backing. That same day, newspapers further reported that the Taliban was bracing for an imminent attack by the United States and sent its top leader Mullah Mohammad Omar into hiding.

8. In response to the September 11, 2001, attacks, the United States demanded that the Taliban turn over bin Laden. After the Taliban refused those demands, the United States and allied forces entered Afghanistan and engaged the Taliban in combat to prevent it from allowing Al-Qaeda to use Afghanistan as a base for terrorist acts against the United States and around the world.

9. American troops started the ground war against the Taliban on or about October 20, 2001. On or about October 21, 2001, American commandos seized an airfield in southern Afghanistan and then raided a compound of Taliban leader Mullah Mohammed Omar. On or about November 10, 2001, the Taliban lost the key city of Mazar-e-Sharif, and the northern provincial capitals of Shibarghan, Aybak, and Maimana. By November 11, 2001, the Taliban was being routed through northern Afghanistan. On or about November 13, 2001, the Taliban

3

withdrew from the Afghan capital of Kabul and Northern Alliance forces allied with the United States took control of the city. By November 15, Taliban forces had retreated to Kandahar.

10. Defendant ALI AL-TIMIMI, from in or about 2000 to on or about September 11, 2001, was the primary lecturer at the Dar al Arqam Islamic Center, also known as the Center for Islamic Information and Education, an organization in Falls Church, Virginia, that focused on teaching in the English language about Islamic faith, practice, and civilization. Defendant AL-TIMIMI was highly respected by the students at the Dar al Arqam Islamic Center as a scholar who had lectured around the world on topics related to Islam.

## COUNT 1

### Conspiracy

THE GRAND JURY FURTHER CHARGES THAT:

1. The Grand Jury realleges and incorporates by reference the General Allegations listed in this Indictment.

2. From on or about September 16, 2001, and continuing thereafter up to on or about May 2003, within Fairfax County in the Eastern District of Virginia and elsewhere, defendant ALI AL-TIMIMI did unlawfully and knowingly aid, abet, counsel, and induce Masoud Khan, Randall Royer, Yong Kwon, Muhammad Aatique, and Khwaja Hasan and others known and unknown to the grand jury to combine, conspire, confederate and agree together and with others

4

**J.A. 052**

known and unknown to the grand jury, to unlawfully and knowingly commit the following

offenses against the United States:

a.      To levy war against the United States, in violation of Title 18, United States Code, Section 2384;

b.      To violate a regulation issued under Chapter 35 of Title 50, United States Code, by willfully and unlawfully supplying and attempting to supply services to the Taliban, to the territory of Afghanistan controlled by the Taliban, and to persons whose property and interests in property were blocked pursuant to Title 31, Code of Federal Regulations, Section 545.201, in violation of Title 50, United States Code, Section 1705;

c.      To begin, provide for, prepare a means for, and take part in military expeditions and enterprises to be carried on from the United States against the territory and dominion of foreign states, districts and peoples with whom the United States was at peace, in violation of Title 18, United States Code, Section 960;

d.      To use, carry, possess, and discharge firearms, including destructive devices and automatic weapons classified as machine guns under Title 18, United States Code, Sections 921(a)(23) and 924(c)(1)(B)(ii), and Title 26, United States Code, Section 5845, during, in relation to, and in furtherance of crimes of violence for which the defendant may be prosecuted in a court of the United States, in violation of Title 18, United States Code, Section 924(c).

## Overt Acts

In furtherance of the conspiracy, and to accomplish the objects of the conspiracy, the

defendant and the conspirators he aided, abetted, counseled, and induced, committed overt acts in

the Eastern District of Virginia, and elsewhere, including but not limited to the following:

1. On or about September 16, 2001, at a meeting at the house of Yong Kwon in Fairfax,

Virginia, ALI AL-TIMIMI told Kwon, Randall Royer, Masoud Khan, Hammad Abdur-Raheem,

Caliph Basha Ibn Abdur-Raheem, Muhammed Aatique, and Khwaja Hasan that the time had

come for them to go abroad to join the mujahideen engaged in violent jihad in Afghanistan.

5

2. On or about September 16, 2001, at the meeting at Kwon's house, ALI AL-TIMIMI told his listeners that American troops likely to arrive in Afghanistan would be legitimate targets of the violent jihad in which his listeners had a duty to engage.

3. On or about September 16, 2001, the individuals gathered at Kwon's house discussed obtaining military-style training from Lashkar-e-Taiba in order to join the mujahideen expected to engage in violent jihad against American troops in Afghanistan.

4. On or about September 16, 2001, at the meeting at Kwon's house, ALI AL-TIMIMI told the gathered individuals considering whether to obtain military-style training from Lashkar-e-Taiba in Pakistan that the organization was on the correct path.

5. On or about September 16, 2001, at the meeting at Kwon's house, ALI AL-TIMIMI told the conspirators that what he said at the meeting must be kept secret.

6. On or about September 17, 2001, ALI AL-TIMIMI advised Yong Kwon and Khwaja Hasan how to reach the Lashkar-e-Taiba camp undetected.

7. On or about September 17, 2001, Yong Kwon and Khwaja Hasan traveled to the Pakistani Embassy in Washington, D.C., to apply for visas to travel to Pakistan.

8. On or about September 18, 2001, Masoud Khan traveled to the Pakistani Embassy in Washington, D.C., to apply for a visa to travel to Pakistan.

9. On or about September 18, 2001, Yong Kwon and Khwaja Hasan drove Masoud Khan to Pennsylvania to spend the night at the home of Muhammed Aatique.

10. On or about September 19, 2001, Muhammed Aatique and Masoud Khan traveled from JFK Airport in New York, to Karachi, Pakistan.

6

11. On or about September 20, 2001, Yong Kwon and Khwaja Hasan traveled to Dulles Airport to board their flights for Pakistan via New York and Manchester, England.

12. On or about September 20, 2001, Muhammed Aatique and Masoud Khan arrived in Karachi, Pakistan.

13. On or about September 22, 2001, Yong Kwon and Khwaja Hasan arrived in Karachi, Pakistan.

14. In or about late September 2001, Muhammed Aatique traveled to a Lashkar-e-Taiba camp near Muzafrabad, Pakistan.

15. In or about early October 2001, Yong Kwon, Khwaja Hasan, and Masoud Khan traveled to a Lashkar-e-Taiba camp near Muzafrabad, Pakistan.

16. In or about early October 2001, at Lashkar-e-Taiba's Masada camp near Muzafrabad, Pakistan, Muhammed Aatique fired an AK-47 rifle and a machine gun.

17. In or about early October 2001, at Lashkar-e-Taiba's Ibn Masood camp near Muzafrabad, Pakistan, Muhammed Aatique fired an antiaircraft gun and a rocket-propelled grenade.

18. On or about October 15, 2001, at a meeting at his house, ALI AL-TIMIMI told Donald Surratt, Hammad Abdur-Raheem, Caliph Abdur-Raheem, Unindicted Conspirator #2, and others that fighting Americans in Afghanistan was a valid violent jihad for Muslims.

19. On or about October 15, 2001, during the meeting, ALI AL-TIMIMI provided Donald Surratt, Hammad Abdur-Raheem, Caliph Abdur-Raheem, Unindicted Conspirator #2, and others historical examples from Islamic history justifying attacks on civilians.

7

20. On or about October 15, 2001, during the meeting, ALI AL-TIMIMI told Donald Surratt, Hammad Abdur-Raheem, Caliph Abdur-Raheem, Unindicted Conspirator #2, and others that mujahideen killed while fighting Americans in Afghanistan would die as martyrs.

21. On or about October 15, 2001, during the meeting, ALI AL-Timimi recommended to Donald Surratt, Hammad Abdur-Raheem, Caliph Abdur-Raheem, Unindicted Conspirator #2, and others that they obtain jihad training from Lashkar-e-Taiba because its belief system was good and it focused on combat.

22. In or about mid-October 2001, at Lashkar-e-Taiba's Masada camp near Muzafrabad, Pakistan, Masoud Khan, Khwaja Hasan, and Yong Kwon each fired AK-47 rifles and machine guns.

23. In or about late October 2001, at Lashkar-e-Taiba's Ibn Masood camp near Muzafrabad, Pakistan, Masoud Khan, Khwaja Hasan, and Yong Kwon each fired AK-47 rifles, machine guns, an antiaircraft gun, and a rocket-propelled grenade.

24. In or about November 2001, Masoud Khan, Yong Kwon, Khwaja Hasan, and Unindicted Conspirator #2 traveled to a Lashkar-e-Taiba office in Lahore, Pakistan.

25. On February 1, 2003, ALI AL-TIMIMI provided the following message to his followers:

> This morning, the world heard news about the crash of the space shuttle. There is no doubt that Muslims were overjoyed because of the adversity that befell their greatest enemy. Upon hearing the news, my heart felt certain good omens that I liked to spread to my brothers.
>
> **First: The Name of the Shuttle:** "Columbia" is the name of the shuttle, called after the name of "Columbus," the sailor who discovered the American Continent in 1492 after the fall of

8

Grenada, the last Islamic stronghold in Andalusia. Historians know that, after discovering the two American Continents, the Romans (the Christians of Europe) exploited their wealth in order to be able to control the Islamic World. The Columbia crash made me feel, and God is the only One to know, that this is a strong signal that Western supremacy (especially that of America) that began 500 years ago is coming to a quick end, God Willing, as occurred to the shuttle.

**Second: The Shuttle Crew:** The Israeli Ambassador to the UN described the Israeli astronaut as someone carrying all the hopes and ambitions of the Israeli people. And so, God Willing, all these hopes and ambitions were burnt with the crash and the burning of the shuttle and one of its astronauts, the Israeli.

**Third: The Crash Location:** As soon as CNN announced the crash of the space shuttle nearby the city of Palestine, in Texas, I said to myself "God is Great". This way, God Willing, America will fall and disappear (nearby Palestine). The State of Texas is also the state of the foolish, obeyed President Bush the son. And so we hope, God Willing, similar to the crash of the shuttle on his state, his nation would fall upon his head due to his foolish policy.

**Fourth: The President's Condolences to the American People:** In the words that President Bush used to console his people, he referred to the Book of Isiah where there is a praise to God's creation, His stars and planets. I said to myself, Praise the Lord, in this same Book of Isiah there are news about the coming of Prophet Muhammad and a warning of the destruction of the Jews at the end of time. [A citation from the Koran follows].

And so, there are other signs that would take a long time to recount. For example, every time the Americans believe that they control the whole earth and the skies, and act as they wish, there comes a sign that reminds us that God, Almighty, is greater than his creatures, sitting on His Chair, handling everything, and that His angels act according to His commands. And so, he whoever will try to raise the Jews, who are a nation that God covered with humiliation and deserved God's wrath, will be afflicted with divine humiliation and wrath as much as he supports them.

As I mentioned earlier, these are all ideas that came to me when I heard of the accident, and hopes that I wish God would fulfill, and God is the only One to know.

9

26. On or about May 8, 2003, in Gaithersburg, Maryland, Masoud Khan possessed an AK-47-style rifle, a document entitled "The Terrorist's Handbook" containing instructions regarding how to manufacture and use explosives and chemicals as weapons, and a fatwa from Usama bin Laden from October 2001, that declared, in part:

> So here is America, Allah has struck it in one of its vital points, so He destroyed her greatest of buildings. And unto Allah is all praise and He has favored us with this blessing.
>
> And here is America filled with terror from its north to its south, from its east to its west. And unto Allah is all praise and He has favored us with this blessing.

(In violation of Title 18, United States Code, Sections 371, 924(n), 2384 and 2, Title 50, United States Code, Section 1705(b), and Title 31, Code of Federal Regulations, Sections 545.204, 545.206(b), Executive Order No. 13224, 66 Fed.Reg. 49079 (2001), Executive Order 13129, 64 Fed. Reg. 36759 (1999).)

10

J.A. 058

## COUNT 2

### Attempt to Contribute Services to the Taliban

THE GRAND JURY FURTHER CHARGES THAT:

1. The Grand Jury realleges and incorporates by reference the General Allegations and the overt acts listed in Count 1 of this Indictment.

2. Between on or about September 16 and on or about September 18, 2001, in Fairfax County in the Eastern District of Virginia, and elsewhere, defendant ALI AL-TIMIMI did unlawfully, knowingly, and willfully violate a regulation issued under Chapter 35 of Title 50, United States Code, in that defendant attempted to supply services to the Taliban, to the territory of Afghanistan controlled by the Taliban, and to persons whose property and interests in property were blocked pursuant to Title 31, Code of Federal Regulations, Section 545.201.

(In violation of Title 50, United States Code, Section 1705(b), Title 18, United States Code, Section 2, and Title 31, Code of Federal Regulations, Sections 545.204, Executive Order No. 13224, 66 Fed.Reg. 49079 (2001); 65 Fed. Reg. 41549 (2000); Executive Order 13129, 64 Fed. Reg. 36759 (1999).)

11

**J.A. 059**

## COUNTS 3 - 4

### Use of Firearms in Connection with a Crime of Violence

THE GRAND JURY FURTHER CHARGES THAT:

1. The Grand Jury realleges and incorporates by reference the General Allegations and the overt acts listed in Count 1 of this Indictment.

2. Between on or about September 16 and on or about September 18, 2001, in Fairfax County in the Eastern District of Virginia, defendant ALI AL-TIMIMI did unlawfully and knowingly aid, abet, counsel, induce, and procure the commission of an offense against the United States, namely, the discharge of firearms including automatic weapons classified as machine guns under Title 18, United States Code, Sections 921(a)(23) and 924(c)(1)(B)(ii), as identified below, by Khwaja Hasan and Yong Kwon in Pakistan during, in relation to, and in furtherance of crimes of violence for which the defendant, Hasan, and Kwon may be prosecuted in a court of the United States, including the conspiracy alleged in Count 1 of this Indictment, as described below:

| Count | Principal | Date | Firearm | Lashkar Camp |
|-------|-----------|------|---------|--------------|
| 3 | Hasan | Mid-October | M-16 automatic rifle | Masada |
| 4 | Kwon | Early November | LMG light machine gun | Ibn Masood |

(In violation of Title 18, United States Code, Sections 924(c) and 2(a).)

12

J.A. 060

## COUNTS 5 - 6

### Carrying an Explosive During Commission of a Felony

THE GRAND JURY FURTHER CHARGES THAT:

1. The Grand Jury realleges and incorporates by reference the General Allegations and the overt acts listed in Count 1 of this Indictment.

2. Between on or about September 16 and on or about September 18, 2001, in Fairfax County in the Eastern District of Virginia, defendant ALI AL-TIMIMI did unlawfully and knowingly aid, abet, counsel, induce, and procure the commission of offenses against the United States, namely, the carrying of explosives, to wit, rocket-propelled grenades, by Khwaja Hasan and Yong Kwon near Muzafrabad, Pakistan, during the commission of felonies which may be prosecuted in a court of the United States, including the conspiracy alleged in Count 1 of this Indictment, as described below:

| Count | Principal | Date | Explosive | Lashkar Camp |
|-------|-----------|------|-----------|--------------|
| 5 | Kwon | Mid-October | rocket-propelled grenade | Aqsa |
| 6 | Hasan | Early November | rocket-propelled grenade | Ibn Masood. |

(In violation of Title 18, United States Code, Sections 844(h)(2) and 2(a).)

13

**J.A. 061**

## Sentencing Enhancements

If convicted of any of the violations charged in this Indictment, then the United States

will seek enhancements to the defendant's offense level and criminal history category for

sentencing purposes pursuant to the following sections of the *United States Sentencing*

*Guidelines:*

| | |
|---|---|
| §2K2.1 | The firearms involved included destructive devices and automatic weapons constituting machine guns, and at least eight firearms. They were used in connection with another felony offense. |
| §2M5.3 | The offense involved the provision of resources with the intent, knowledge, and reason to believe that they would be used to commit or assist in the commission of a violent act. |
| §3A1.4 & §2X1.1 | The offenses are felonies that involved or were intended to promote a federal crime of terrorism. |
| §3B1.1 | The defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive. |
| §3B1.3 | The defendant abused a position of private trust or used a special skill in a manner that significantly facilitated the commission or concealment of the offenses. |
| §3C1.1 | The defendant willfully obstructed or impeded the administration of justice during the course of the investigation of the offense of conviction, and the obstructive conduct related to his offenses of conviction. |

A TRUE BILL:

FOREPERSON

Paul J. McNulty
United States Attorney

By:

Robert Spencer
Assistant United States Attorney
Chief, Criminal Division

14

**J.A. 062**

Gordon D. Kromberg
Assistant United States Attorney

John T. Gibbs
Department of Justice Trial Attorney

15

**J.A. 063**



IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO. 1:04cr385 |
| ) | |
| v. ) | Count 1: 18 USC §§ 2 and 924(n) |
| ) | Inducing Others to Conspire to Use Firearms |
| ALI AL-TIMIMI ) | |
| ) | Count 2: 18 USC § 373 |
| ) | Soliciting Others to Levy War |
| ) | |
| ) | Count 3: 18 USC §§ 2 and 2384 |
| ) | Inducing Others to Conspire to Levy War |
| ) | |
| ) | Count 4: 50 USC § 1705   Attempting to |
| ) | Contribute Services to the Taliban |
| ) | |
| ) | Count 5: 18 USC § 2 and 50 USC § 1705 |
| ) | Inducing Others to Aid the Taliban |
| ) | |
| ) | Count 6: 18 USC §§ 2 and 371   Inducing |
| ) | Others to Conspire to Violate the Neutrality Act |
| ) | |
| ) | Counts 7-8: 18 USC §§ 924(c) and 2 |
| ) | Inducing Others to Use Firearms |
| ) | |
| ) | Counts 9 -10: 18 USC §§ 844(h) and 2 |
| ) | Inducing Others to Carry Explosives |

## SUPERSEDING INDICTMENT

### February 2005 Term - At Alexandria

### General Allegations

THE GRAND JURY CHARGES THAT:

1. As used in this Superseding Indictment, "jihad" describes a religious obligation of

Muslims to struggle or strive for the defense of and advancement of Islam, and "mujahideen"

describes warriors engaged in violent jihad.



**J.A. 064**

2. The Taliban, at all times relevant to this Superseding Indictment until early 2002, was the political/military entity headquartered in Kandahar, Afghanistan, that exercised de facto control over the territory of Afghanistan until its defeat in late 2001 and early 2002 by a multi-national coalition that included the United States.

3. Al-Qaeda, at all times relevant to this Superseding Indictment, was an international terrorist group founded by Usama bin Laden and others, dedicated to opposing the United States and many other governments with force and violence. Bin Laden declared a violent jihad against the United States and its citizens, which he carried out through al-Qaeda and its affiliated organizations. Beginning in or about 1996, bin Laden and others operated al-Qaeda from Afghanistan, and forged close relations with the Taliban.

4. Lashkar-e-Taiba, also known as "LET," is the military wing of an organization in Pakistan known as Markaz Dawa Wa'al Irshad, which was founded to organize Pakistani mujahideen participating in the violent jihad against the Russians in Afghanistan. Since the Russians left Afghanistan, the primary - - but not exclusive - - focus of Lashkar-e-Taiba has been on conducting violent jihad against the Government of India. Lashkar-e-Taiba operates training camps for individuals from around the world seeking to be mujahideen, and claims to have trained thousands to fight in Afghanistan, Kashmir, Chechnya, Bosnia, Kosovo, and elsewhere.

5. On July 4, 1999, President Clinton declared a national emergency to deal with the threat posed by Al-Qaeda and the Taliban. In Executive Order 13129, President Clinton prohibited, among other things, United States persons from making or receiving any contribution of funds, goods, or services to or for the benefit of the Taliban. On June 30, 2000, the national emergency with respect to the Taliban was continued. One year later, the national emergency

2

was again continued, pursuant to a finding by President Bush that "[t]he Taliban continues to allow territory under its control in Afghanistan to be used as a safe haven and base of operations for Usama bin Laden and the al-Qaida organization who have committed and threaten to continue to commit acts of violence against the United States and its nationals."

6. On September 11, 2001, terrorists hijacked four commercial airplanes. They flew two of the planes into the World Trade Center towers in Manhattan, and one into the Pentagon in Virginia. The fourth plane crashed in Pennsylvania. Thousands of victims were killed or injured, and there was enormous destruction of property.

7. By September 13, 2001, newspapers reported that the Bush Administration won NATO support for a possible strike against Usama bin Laden and his supporters in Afghanistan, and was pressuring Pakistan for intelligence and logistical backing. That same day, newspapers further reported that the Taliban was bracing for an imminent attack by the United States and sent its top leader Mullah Mohammad Omar into hiding.

8. In response to the September 11, 2001, attacks, the United States demanded that the Taliban turn over bin Laden. After the Taliban refused those demands, the United States and allied forces entered Afghanistan and engaged the Taliban in combat to prevent it from allowing al-Qaeda to use Afghanistan as a base for terrorist acts against the United States and around the world.

9. American troops started the ground war against the Taliban on or about October 20, 2001. On or about November 10, 2001, the Taliban lost the key city of Mazar-e-Sharif, and three northern provincial capitals. By November 11, 2001, the Taliban was being routed through northern Afghanistan. On or about November 13, 2001, the Taliban withdrew from the Afghan

3

capital of Kabul and Northern Alliance forces allied with the United States took control of the city. By November 15, Taliban forces had retreated to Kandahar.

10. From in or about 2000 to on or about September 11, 2001, defendant ALI AL-TIMIMI, was the primary lecturer at the Dar al Arqam Islamic Center, also known as the Center for Islamic Information and Education, an organization in Falls Church, Virginia, that focused on teaching in the English language about Islamic faith, practice, and civilization. Defendant AL-TIMIMI was highly respected by the students at the Dar al Arqam Islamic Center as a scholar who had lectured around the world on topics related to Islam.

## COUNT 1

### Counseling and Inducing A Conspiracy to
### Use Firearms in Furtherance of Crimes of Violence

THE GRAND JURY FURTHER CHARGES THAT:

1. The Grand Jury realleges and incorporates by reference the General Allegations listed in this Superseding Indictment.

2. Between on or about September 16, 2001, and continuing thereafter up to on or about May 2003, within Fairfax County in the Eastern District of Virginia and elsewhere, defendant ALI AL-TIMIMI did unlawfully and knowingly aid, abet, counsel, and induce Masoud Khan, Randall Royer, Yong Kwon, Muhammad Aatique, Khwaja Hasan, Donald Surratt, and others known and unknown to the grand jury, to combine, conspire, confederate, and agree together and with others known and unknown to the grand jury to use, carry, possess, and discharge firearms during, in relation to, and in furtherance of crimes of violence for which he and they may be

4

**J.A. 067**

prosecuted in a court of the United States, in violation of Title 18, United States Code, Section 924(c), and did procure the commission of such offense.

<div align="center">Overt Acts</div>

In furtherance of the conspiracy the commission of which the defendant procured, and to accomplish the objects of the conspiracy, the defendant and the conspirators he aided, abetted, counseled, and induced, committed overt acts in the Eastern District of Virginia, and elsewhere, including but not limited to the following:

1. On or about September 16, 2001, ALI AL-TIMIMI came to the house of Yong Kwon in Fairfax, Virginia, to speak about the events of 9/11 to a group of Muslim men who had trained for violent jihad and most of whom possessed AK-47-style firearms.

2. On or about September 16, 2001, at Kwon's house, ALI AL-TIMIMI told Kwon, Randall Royer, Masoud Khan, Hammad Abdur-Raheem, Caliph Basha Ibn Abdur-Raheem, Muhammed Aatique, and Khwaja Hasan that the time had come for them to go abroad to join the mujahideen engaged in violent jihad in Afghanistan.

3. On or about September 16, 2001, at Kwon's house, ALI AL-TIMIMI told his listeners that American troops likely to arrive in Afghanistan would be legitimate targets of the violent jihad in which his listeners had a duty to engage.

4. On or about September 16, 2001, the individuals gathered at Kwon's house discussed obtaining military-style training from Lashkar-e-Taiba in order to join the mujahideen expected to engage in violent  jihad against American troops in Afghanistan.

<div align="center">5</div>

<div align="center">J.A. 068</div>

5. On or about September 16, 2001, at Kwon's house, ALI AL-TIMIMI told the gathered individuals considering whether to obtain military-style training from Lashkar-e-Taiba in Pakistan that the organization was on the correct path.

6. On or about September 16, 2001, at the meeting at Kwon's house, ALI AL-TIMIMI told the conspirators that what he said at the meeting must be kept secret.

7. On or about September 17, 2001, ALI AL-TIMIMI advised Yong Kwon and Khwaja Hasan how to reach the Lashkar-e-Taiba camp undetected.

8. On or about September 17, 2001, Yong Kwon and Khwaja Hasan traveled to the Pakistani Embassy in Washington, D.C., to apply for visas to travel to Pakistan.

9. On or about September 18, 2001, Masoud Khan traveled to the Pakistani Embassy in Washington, D.C., to apply for a visa to travel to Pakistan.

10. On or about September 18, 2001, Yong Kwon and Khwaja Hasan drove Masoud Khan to Pennsylvania to spend the night at the home of Muhammed Aatique.

11. On or about September 19, 2001, Muhammed Aatique and Masoud Khan traveled from JFK Airport in New York, to Karachi, Pakistan.

12. On or about September 20, 2001, Yong Kwon and Khwaja Hasan traveled to Dulles Airport to board their flights for Pakistan via New York and Manchester, England.

13. On or about September 20, 2001, Muhammed Aatique and Masoud Khan arrived in Karachi, Pakistan.

14. On or about September 22, 2001, Yong Kwon and Khwaja Hasan arrived in Karachi, Pakistan.

6

15. In or about late September 2001, Muhammed Aatique traveled to a Lashkar-e-Taiba camp near Muzafrabad, Pakistan.

16. In or about early October 2001, Yong Kwon, Khwaja Hasan, and Masoud Khan traveled to a Lashkar-e-Taiba camp near Muzafrabad, Pakistan.

17. In or about early October 2001, at Lashkar-e-Taiba's Masada camp near Muzafrabad, Pakistan, Muhammed Aatique fired an AK-47 automatic rifle and a machine gun.

18. In or about early October 2001, at Lashkar-e-Taiba's Ibn Masood camp near Muzafrabad, Pakistan, Muhammed Aatique fired an antiaircraft gun and a rocket-propelled grenade.

19. On or about October 15, 2001, at a meeting at his home in Fairfax, Virginia, ALI AL-TIMIMI told Donald Surratt, Ibrahim Al-Hamdi, Hammad Abdur-Raheem, Caliph Abdur-Raheem, Unindicted Conspirator #2, and others that America was at war with Islam and would soon attack the Taliban in Afghanistan.

20. On or about October 15, 2001, during the meeting, ALI AL-TIMIMI told Donald Surratt, Ibrahim Al-Hamdi, Hammad Abdur-Raheem, Caliph Abdur-Raheem, Unindicted Conspirator #2, and others that they were obligated to help the Taliban in the face of an attack by the United States.

21. On or about October 21, 2001, ALI AL-TIMIMI counseled an associate that they were obligated to support the Taliban, Mullah Omar, and "the Arabs with them" by "body, wealth and word even if some find that distasteful."

22. In or about mid-October 2001, at Lashkar-e-Taiba's Masada camp near Muzafrabad, Pakistan, Masoud Khan, Khwaja Hasan, and Yong Kwon each fired AK-47-style automatic rifles and machine guns.

7

**J.A. 070**

23. In or about late October 2001, at Lashkar-e-Taiba's Ibn Masood camp near Muzafrabad, Pakistan, Masoud Khan, Khwaja Hasan, and Yong Kwon each fired AK-47-style automatic rifles, machine guns, an antiaircraft gun, and a rocket-propelled grenade.

24. In or about November 2001, Masoud Khan, Yong Kwon, Khwaja Hasan, and Unindicted Conspirator #2 traveled to a Lashkar-e-Taiba office in Lahore, Pakistan.

25. On February 1, 2003, ALI AL-TIMIMI provided the following message to his followers:

> This morning, the world heard news about the crash of the space shuttle. There is no doubt that Muslims were overjoyed because of the adversity that befell their greatest enemy. Upon hearing the news, my heart felt certain good omens that I liked to spread to my brothers.
>
> **First: The Name of the Shuttle:** "Columbia" is the name of the shuttle, called after the name of "Columbus," the sailor who discovered the American Continent in 1492 after the fall of Grenada, the last Islamic stronghold in Andalusia. Historians know that, after discovering the two American Continents, the Romans (the Christians of Europe) exploited their wealth in order to be able to control the Islamic World. The Columbia crash made me feel, and God is the only One to know, that this is a strong signal that Western supremacy (especially that of America) that began 500 years ago is coming to a quick end, God Willing, as occurred to the shuttle.
>
> **Second: The Shuttle Crew:** The Israeli Ambassador to the UN described the Israeli astronaut as someone carrying all the hopes and ambitions of the Israeli people. And so, God Willing, all these hopes and ambitions were burnt with the crash and the burning of the shuttle and one of its astronauts, the Israeli.
>
> **Third: The Crash Location:** As soon as CNN announced the crash of the space shuttle nearby the city of Palestine, in Texas, I said to myself "God is Great". This way, God Willing, America will fall and disappear (nearby Palestine). The State of Texas is also the state of the foolish, obeyed President Bush the son. And

8

so we hope, God Willing, similar to the crash of the shuttle on his state, his nation would fall upon his head due to his foolish policy. **Fourth: The President's Condolences to the American People:** In the words that President Bush used to console his people, he referred to the Book of Isiah where there is a praise to God's creation, His stars and planets. I said to myself, Praise the Lord, in this same Book of Isiah there are news about the coming of Prophet Muhammad and a warning of the destruction of the Jews at the end of time. [A citation from the Koran follows].

And so, there are other signs that would take a long time to recount. For example, every time the Americans believe that they control the whole earth and the skies, and act as they wish, there comes a sign that reminds us that God, Almighty, is greater than his creatures, sitting on His Chair, handling everything, and that His angels act according to His commands. And so, he whoever will try to raise the Jews, who are a nation that God covered with humiliation and deserved God's wrath, will be afflicted with divine humiliation and wrath as much as he supports them.

As I mentioned earlier, these are all ideas that came to me when I heard of the accident, and hopes that I wish God would fulfill, and God is the only One to know.

26. On or about May 8, 2003, in Gaithersburg, Maryland, Masoud Khan possessed an AK-47-style rifle, a document entitled "The Terrorist's Handbook" containing instructions regarding how to manufacture and use explosives and chemicals as weapons, and a fatwa from Usama bin Laden from October 2001, that declared, in part:

So here is America, Allah has struck it in one of its vital points, so He destroyed her greatest of buildings. And unto Allah is all praise and He has favored us with this blessing.

And here is America filled with terror from its north to its south, from its east to its west. And unto Allah is all praise and He has favored us with this blessing.

(In violation of Title 18, United States Code, Sections 2 and 924(n).)

9

## COUNT 2

### Solicitation to Levy War Against the United States

THE GRAND JURY FURTHER CHARGES THAT:

1. The Grand Jury realleges and incorporates by reference the General Allegations and the overt acts listed in Count 1 of this Superseding Indictment.

2. Between on or about September 16, 2001, and continuing up to on or about October 21, 2001, in Fairfax County, in the Eastern District of Virginia, defendant ALI AL-TIMIMI, with intent that another person engage in conduct constituting a felony that has as an element the use, attempted use or threatened use of physical force against property or the person of another in violation of the laws of the United States, and under circumstances strongly corroborative of that intent, did knowingly and unlawfully, solicit, command, induce, and otherwise endeavor to persuade Masoud Khan, Yong Kwon, Khwaja Hasan, Muhammed Aatique, Randall Royer, Hammad Abdur-Raheem, Donald Surratt, Unindicted Conspirator #2, Caliph Basha Ibn Abdur-Raheem and others known and unknown to the grand jury, to levy war against the United States and adhere to their enemies, while owing allegiance to the United States, giving aid and comfort to the Taliban in the United States and Afghanistan and elsewhere, in violation of Title 18, United States Code, Section 2381.

(In violation of Title 18, United States Code, Section 373.)

10

**J.A. 073**

## COUNT 3

### Counseling and Inducing A Conspiracy
### To Levy War Against the United States

THE GRAND JURY FURTHER CHARGES THAT:

1. The Grand Jury realleges and incorporates by reference the General Allegations and the overt acts listed in Count 1 of this Superseding Indictment.

2. Between on or about September 16, 2001, and continuing thereafter up to in or about May 2003, within Fairfax County in the Eastern District of Virginia and elsewhere, defendant ALI AL-TIMIMI did unlawfully and knowingly aid, abet, counsel, and induce Masoud Khan, Randall Royer, Yong Kwon, Muhammad Aatique, Donald Surratt, Unindicted Conspirator #2, and Khwaja Hasan and others known and unknown to the grand jury to combine, conspire, confederate and agree together and with others known and unknown to the grand jury, to levy war against the United States, and did procure the commission of such offense.

(In violation of Title 18, United States Code, Sections 2 and 2384.)

11

**J.A. 074**

## Count 4

### Attempt to Contribute Services to the Taliban

THE GRAND JURY FURTHER CHARGES THAT:

1. The Grand Jury realleges and incorporates by reference the General Allegations and the overt acts listed in Count 1 of this Superseding Indictment.

2. Between on or about September 16, 2001, and on or about October 21, 2001, in Fairfax County in the Eastern District of Virginia, and elsewhere, defendant ALI AL-TIMIMI did unlawfully, knowingly, and willfully violate a regulation issued under Chapter 35 of Title 50, United States Code, in that defendant attempted to supply services to the Taliban, to the territory of Afghanistan controlled by the Taliban, and to persons whose property and interests in property were blocked pursuant to Title 31, Code of Federal Regulations, Section 545.204.

(In violation of Title 50, United States Code, Section 1705(b), Title 18, United States Code, Section 2, Title 31, Code of Federal Regulations, Sections 545.204 and 545.206, Executive Order No. 13224, 66 Fed. Reg. 49079 (2001); 65 Fed. Reg. 41549 (2000); Executive Order 13129, 64 Fed. Reg. 36759 (1999).)

12

**J.A. 075**

<u>COUNT 5</u>

<u>Counseling and Inducing An Attempt to Aid the Taliban</u>

THE GRAND JURY FURTHER CHARGES THAT:

1. The Grand Jury realleges and incorporates by reference the General Allegations and the overt acts listed in Count 1 of this Superseding Indictment.

2. Between on or about September 16, 2001, and on or about October 21, 2001, within Fairfax County in the Eastern District of Virginia and elsewhere, defendant ALI AL-TIMIMI did unlawfully and knowingly aid, abet, counsel, and induce Masoud Khan, Randall Royer, Yong Kwon, Muhammad Aatique, Donald Surratt, Unindicted Conspirator #2, and Khwaja Hasan and others known and unknown to the grand jury to attempt to violate a regulation issued under Chapter 35 of Title 50, United States Code, by willfully and unlawfully attempting to supply services to the Taliban, to the territory of Afghanistan controlled by the Taliban, and to persons whose property and interests in property were blocked pursuant to Title 31, Code of Federal Regulations, Section 545.204, in violation of Title 50, United States Code, Section 1705, and did procure the commission of such offense.

(In violation of Title 50, United States Code, Section 1705(b), Title 18, United States Code, Section 2, and Title 31, Code of Federal Regulations, Sections 545.204 and 545.206, Executive Order No. 13224, 66 Fed.Reg. 49079 (2001); 65 Fed. Reg. 41549 (2000); Executive Order 13129, 64 Fed. Reg. 36759 (1999).)

13

**J.A. 076**

## COUNT 6

### Counseling and Inducing A Conspiracy to Violate the Neutrality Act

THE GRAND JURY FURTHER CHARGES THAT:

1. The Grand Jury realleges and incorporates by reference the General Allegations and the overt acts listed in Count 1 of this Superseding Indictment.

2. Between on or about September 16, 2001, and May 2003, within Fairfax County in the Eastern District of Virginia and elsewhere, defendant ALI AL-TIMIMI did unlawfully and knowingly aid, abet, counsel, and induce Masoud Khan, Randall Royer, Yong Kwon, Muhammad Aatique, Donald Surratt, Unindicted Conspirator #2, Khwaja Hasan, and others known and unknown to the grand jury to combine, conspire, confederate and agree together and with others known and unknown to the grand jury, to begin, provide for, prepare a means for, and take part in military expeditions and enterprises to be carried on from the United States against the territory and dominion of foreign states, districts and peoples with whom the United States was at peace, in violation of Title 18, United States Code, Section 960, and did procure the commission of such offense.

(In violation of Title 18, United States Code, Sections 2 and 371.)

14

## COUNTS 7 - 8

### Use of Firearms in Connection with a Crime of Violence

THE GRAND JURY FURTHER CHARGES THAT:

1. The Grand Jury realleges and incorporates by reference the General Allegations and the overt acts listed in Count 1 of this Superseding Indictment.

2. Between on or about September 16 and on or about September 18, 2001, in Fairfax County in the Eastern District of Virginia, defendant ALI AL-TIMIMI did unlawfully and knowingly aid, abet, counsel, induce, and procure the commission of an offense against the United States, namely, the discharge of firearms including automatic weapons classified as machine guns under Title 18, United States Code, Sections 921(a)(23) and 924(c)(1)(B)(ii), as identified below, by Khwaja Hasan and Yong Kwon in Pakistan during, in relation to, and in furtherance of crimes of violence for which the defendant, Hasan, and Kwon may be prosecuted in a court of the United States, including the conspiracy alleged in Count 1 of this Superseding Indictment, as described below:

| Count | Principal | Date | Firearm | Lashkar Camp |
|-------|-----------|------|---------|--------------|
| 7 | Kwon | mid-October | light machine gun | Masada |
| 8 | Hasan | Early November | AK-47-style automatic rifle | Ibn Masood |

(In violation of Title 18, United States Code, Sections 924(c) and 2(a).)

15

**J.A. 078**

## COUNTS 9 - 10

### Carrying an Explosive During Commission of a Felony

THE GRAND JURY FURTHER CHARGES THAT:

1. The Grand Jury realleges and incorporates by reference the General Allegations and the overt acts listed in Count 1 of this Superseding Indictment.

2. Between on or about September 16 and on or about September 18, 2001, in Fairfax County in the Eastern District of Virginia, defendant ALI AL-TIMIMI did unlawfully and knowingly aid, abet, counsel, induce, and procure the commission of offenses against the United States, namely, the carrying of explosives, to wit, rocket-propelled grenades, by Khwaja Hasan and Yong Kwon near Muzafrabad, Pakistan, during the commission of felonies which may be prosecuted in a court of the United States, including the conspiracy alleged in Count 1 of this Superseding Indictment, as described below:

| Count | Principal | Date | Explosive | Lashkar Camp |
|-------|-----------|------|-----------|--------------|
| 9 | Kwon | Mid-October | rocket-propelled grenade | Aqsa |
| 10 | Hasan | Early November | rocket-propelled grenade | Ibn Masood. |

(In violation of Title 18, United States Code, Sections 844(h)(2) and 2(a).)

Foreman Signature Redacted

Paul J. McNulty
United States Attorney

By:  Robert Spencer
Assistant United States Attorney
Chief, Criminal Division

Gordon D. Kromberg
Assistant United States Attorney

John T. Gibbs
Department of Justice Trial Attorney

16

**J.A. 079**

FILED

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

2005 MAR 28  P 3:

Alexandria Division

CLERK US DISTRICT CO
ALEXANDRIA, VIRGIN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:04cr385 |
| | ) | |
| ALI AL-TIMIMI | ) | Hon. Leonie M. Brinkema |

### GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States respectfully requests the Court to include in its charge to the Jury the

following general instructions found in O'Malley, Grenig and Lee, Federal Jury Practice and

Instructions (5th Ed. 2000 Volume IA), General Instructions for Federal Criminal Cases.

### Requested Jury Instructions

Section 11.03 - Objections and Rulings

Section 11.04 - Court's Comments to Counsel

Section 11.05 - Court's Questions To Witnesses

Section 11.06 - Court's Comments on Certain Evidence

Section 12.01 - Introduction to the Final Charge -- Province of the Court and of the Jury

Section 12.02 - Judging the Evidence

Section 12.03 - Evidence Received in the Case - Stipulations, Judicial Notice, and
Inferences Permitted

Section 12.04 - Direct and Circumstantial Evidence

Section 12.05 - Inferences From the Evidence

Section 12.07 - Jury's Recollection Controls

Section 12.08 - The Question Is Not Evidence

**J.A. 080**

Section 12.11 - Verdict as to Defendant Only

Section 12.12 - Consider Each Count Separately

Section 13.04 - The Indictment is Not Evidence

Section 13.05 - "On or About" -- Explained

Section 15.01 - Credibility of Witnesses - Generally

Section 17.04 - Knowingly - Defined

Section 17.07 - Proof of Knowledge or Intent

Section 20.01 - Verdict - Election of Foreperson - Duty to Deliberate - Unanimity - Punishment - Form of Verdict - Communication with the Court

The United States also respectfully requests the Court to include in its charge to the Jury the attached special instructions and such other instructions as may become appropriate during the course of the trial.

Respectfully submitted,

Paul J. McNulty
United States Attorney

By: Gordon D. Kromberg
Assistant United States Attorney

2

**J.A. 081**

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, this <u> 28th </u> day of March 2005, I caused a copy of the attached

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS to be hand-delivered to:

<div style="margin-left: 4em;">

Edward B. MacMahon, Jr.
P.O. Box 903
107 East Washington Street
Middleburg, Virginia 20118

</div>

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 1.

### Burden of Proof - Reasonable Doubt

The law presumes a defendant to be innocent of crime. Thus, a defendant, although accused, begins the trial with a "clean slate" -- with no evidence against him. And the law permits nothing but legal evidence presented before the jury to be considered in support of any charge against the accused. So the presumption of innocence alone is sufficient to acquit a defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt.

The jury will remember that a defendant is never to be convicted on mere suspicion or conjecture.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant; for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

So if the jury, after careful and impartial consideration of all the evidence in the case, has a reasonable doubt that a defendant is guilty of the charge, it must acquit.

(1 Devitt, Blackmar, Wolff and O'Malley, Federal Jury Practice and Instruction, Section 12.10 (4th Ed. 1992); Victor v. Nebraska, 511 U.S. 1 (1994); United States v. Guay, 108 F.3d 545, 550 (4th Cir. 1997); United States v. Oriakhi, 57 F.3d 1290, 1300-01 (4th Cir. 1995); United States v. Reives, 15 F.3d. 42 (4th Cir. 1994).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 2.

Liability for Inducing or Soliciting Others To Commit a Crime is
Independent of the Prosecution of the Others

A person may violate the law even though he does not personally do each and every act

constituting the offense if he *counseled* or *induced* or *solicited* or *commanded* or otherwise

*endeavored to persuade* others to commit the crime, or if he "aided and abetted" the commission

of the offense, or if he otherwise "procured" its commission.

It is not a prerequisite to the conviction of one who counsels or induces a criminal act, or

aids and abets it, or solicits it, or otherwise procures it, that the principal be tried and convicted

or in fact even be identified. It is not necessary that such an individual know all the details of the

crime or all the persons who were perpetrating the crime.

(*United States v. Barnette*, 667 F.2d 835, 841 (9th Cir. 1982); *United States v. Austin*, 585 F.2d 1271, 1277 (5th Cir. 1978); *United States v. Lane*, 514 F.2d 22, 27 (9th Cir. 1975); *Russell v. United States*, 222 F.2d 197, 199 (5th Cir. 1955). )

5

J.A. 084

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 3.

### Count 1:  The Nature of the Offense Charged

(Inducing Others to Conspire to Use Firearms in Relation to Crimes of Violence)


Count 1 of the Indictment charges that:

From on or about September 16, 2001, and continuing thereafter up to on or about May 2003, within Fairfax County in the Eastern District of Virginia and elsewhere, defendant ALI AL-TIMIMI did unlawfully and knowingly aid, abet, counsel, and induce Masoud Khan, Randall Royer, Yong Kwon, Muhammad Aatique, Khwaja Hasan, Donald Surratt, and others known and unknown to the grand jury, to combine, conspire, confederate and agree together and with others known and unknown to the grand jury, to use, carry, possess, and discharge firearms during, in relation to, and in furtherance of crimes of violence for which he and they may be prosecuted in a court of the United States, in violation of Title 18, United States Code, Section 924(c), and did procure the commission of such offense.




(In violation of Title 18, United States Code, Sections 924(n) and 2.)



6


**J.A. 085**

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 4.

Count 1:  The Statutes Defining the Offense Charged

(Inducing Others to Conspire to Discharge Firearms in Relation to Crimes of Violence)

Section 2 of Title 18, United States Code, provides, in part:

> Whoever commits an offense against the United States or aids,
> abets, counsels, commands, induces, or procures its commission is
> punishable as a principal.

> Whoever willfully causes an act to be done which if directly
> performed by him or another would be an offense against the
> United States is punishable as a principal.

Title 18, United States Code, Sections 924(c) and (n), provides, in pertinent part:

> A person who conspires to [use or carry] a firearm . . . during and in
> relation to any crime of violence . . .  for which the person may be
> prosecuted in a court of the United States, or who, in furtherance of any
> such crime, possesses a firearm . . . shall be [punished].

(18 U.S.C. §§ 2, 924(c), 924(n)).

7

**J.A. 086**

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 5.

Count 1: Essential Elements

(Inducing Others to Conspire to Use Firearms in Relation to Crimes of Violence)

To establish the offense of aiding, abetting, counseling, and inducing others to engage in a conspiracy to use firearms in relation to crimes of violence as charged in Count 1 of the Indictment, the government was required to prove that:

(1)    Ali Al-Timimi knew that an unlawful conspiracy was to be undertaken or already in existence to use, carry, possess, and/or discharge firearms in furtherance of crimes of violence;

(2)    Ali Al-Timimi counseled or induced others or undertook some other action with the intent to procure the engagement of those others in that unlawful conspiracy; and

3)    At least one person who Ali Al-Timimi counseled or induced to engage in that unlawful conspiracy ultimately did so.

(18 U.S.C. §§ 2 and 924(n); *U.S. v. Khan*, 309 F.Supp.2d 709, 825 (E.D. Va. 2004); *United States v. Marino*, 277 F.3d 11, 29 (1st Cir. 2002); *United States v. Irwin*, 149 F.3d 565 (7th Cir. 1998) (defendant aided the conspiracy, but never joined it); *United States v. Rahman*, 1994 WL 388927 (S.D.N.Y. July 22, 1994) (liability predicated on providing advice alone); modified from 1 Devitt, Blackmar, Wolff and O'Malley, *Federal Jury Practice & Instructions*, Section 18.01 (4th Ed. 1992); *United States v. Washington*, 12 F.3d 1128 (D.C. Cir. 1994); *United States v. Horton*, 921 F.2d 540 (4th Cir. 1990); *United States v. Barnette*, 667 F.2d 835, 841 (9th Cir. 1982)).

8

J.A. 087

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 6.

### Count 2: The Nature of the Offense Charged

(Soliciting Others to Levy War Against the United States)


Count 2 of the Indictment charges that:

Between on or about September 16, 2001, and continuing up to on or about October 21, 2001, in Fairfax County, in the Eastern District of Virginia, defendant ALI AL-TIMIMI, with intent that another person engage in conduct constituting a felony that has as an element the use, attempted use or threatened use of physical force against property or the person of another in violation of the laws of the United States, and under circumstances strongly corroborative of that intent, did knowingly and unlawfully, solicit, command, induce, and otherwise endeavor to persuade Masoud Khan, Yong Kwon, Khwaja Hasan, Muhammed Aatique, Randall Royer, Hammad Abdur-Raheem, Donald Surratt, Unindicted Conspirator #2, Caliph Basha Ibn Abdur-Raheem and others known and unknown to the grand jury, to levy war against the United States and adhere to their enemies, while owing allegiance to the United States, giving aid and comfort to the Taliban in the United States and Afghanistan and elsewhere, in violation of Title 18, United States Code, Section 2381.



(In violation of Title 18, United States Code, Section 373.)

.

9

**J.A. 088**

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 7.

### Count 2: The Statutes Defining the Offense Charged

(Solicitation Others to Levy War Against the United States)


Section 373 of Title 18, United States Code, provides, in part:

> Whoever, with intent that another person engage in conduct constituting a felony that has an element the use, attempted use, or threatened use of physical force against property or against the person of another in violation of the laws of the United States, and under circumstances strongly corroborative of that intent, solicits, commands, induces, or otherwise endeavors to persuade such other person to engage in such conduct shall be [punished].


Section 2381 of Title 18, United States Code, provides, in part:

> Whoever, owing allegiance to the United States, levies war against them or adheres to their enemies, giving them aid and comfort within the United States or elsewhere, is guilty [and shall be punished].


(18 U.S.C. §§ 373, 2381).


10


**J.A. 089**

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 8.

### Count 2: Essential Elements

### (Soliciting Others to Levy War Against the United States)

In order to be found guilty of soliciting, commanding, inducing or otherwise endeavoring to persuade another person to levy war against the United States or adhere to their enemies, while owing allegiance to the United States, and give aid and comfort to the Taliban in the United States, Afghanistan, or elsewhere, as charged in Count 2 of the Indictment, the government must prove beyond a reasonable doubt that the defendant:

One:    Intended that another person levy war against the United States or adhere to their enemies, while owing allegiance to the United States, or give aid and comfort to the Taliban in the United States, Afghanistan, or elsewhere;

   and

Two:    Under circumstances strongly corroborative of that intent, solicited, commanded, induced, or otherwise endeavored to persuade such other person to engage in such conduct.

(18 U.S.C. §§ 373, 2381).

11

**J.A. 090**

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 9.

### Count 3:  The Nature of the Offense Charged

(Inducing Others to Conspire to Levy War Against the United States)

Count 3 of the Indictment charges that:

Between on or about September 16, 2001, and continuing thereafter up to in or about May 2003, within Fairfax County in the Eastern District of Virginia and elsewhere, defendant ALI AL-TIMIMI did unlawfully and knowingly aid, abet, counsel, and induce Masoud Khan, Randall Royer, Yong Kwon, Muhammad Aatique, Donald Surratt, Unindicted Conspirator #2, and Khwaja Hasan and others known and unknown to the grand jury to combine, conspire, confederate and agree together and with others known and unknown to the grand jury, to levy war against the United States, and did procure the commission of such offense.

(In violation of Title 18, United States Code, Sections 2 and 2384.)

12

J.A. 091

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 10.</u>

<u>Count 3: The Statutes Defining the Offense Charged</u>

(Inducing Others to Conspire to Levy War Against the United States)

Section 2 of Title 18, United States Code, provides, in part:

> Whoever commits an offense against the United States or aids, abets, counsels, commands, induces, or procures its commission is punishable as a principal.

> Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States is punishable as a principal.

Title 18, United States Code, Section 2384, provides, in pertinent part:

> If two or more persons in any State or Territory, or in any place subject to the jurisdiction of the United States, conspire to . . . . levy war against [the United States], . . . . they shall each be [guilty of a crime].

(Title 18, United States Code, Sections 2 and 2384.)

13

**J.A. 092**

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 11.

Count 3: Essential Elements

(Inducing Others to Conspire to Levy War Against the United States)


In Count 3 of the Indictment, Ali Al-Timimi is charged with counseling and inducing others to engage in a conspiracy to levy war against the United States, aiding and abetting their entry into such a conspiracy, and procuring their entry into such a conspiracy. The essential elements of this offense are:

(1)   Ali Al-Timimi knew that an unlawful conspiracy to levy war against the United States was to be undertaken or already in existence;

(2)   Ali Al-Timimi counseled or induced others or undertook some other action with the intent to procure the engagement of those others in that unlawful conspiracy; and

3)   At least one person who Ali Al-Timimi counseled or induced to engage in that unlawful conspiracy ultimately did so.


(18 U.S.C. §§ 2 and 371; *U.S. v. Khan*, 309 F.Supp.2d 709, 820 (E.D. Va. 2004); *United States v. Rahman*, 1994 WL 388927 (S.D.N.Y. July 22, 1994) (liability predicated on providing advice alone); modified from 1 Devitt, Blackmar, Wolff and O'Malley, *Federal Jury Practice & Instructions*, Section 18.01 (4th Ed. 1992); *United States v. Barnette*, 667 F.2d 835, 841 (9th Cir. 1982).)

14

J.A. 093

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 12.

Counts 2 and 3:  The Definition of "To Levy War"

Counts 2 and 3 use the term, "to levy war" against the United States.  As used in the indictment and in the underlying criminal laws, the term "to levy war" means "to wage war" or "to carry on war."

(*Webster's Ninth New Collegiate Dictionary,* Merriam-Webster Inc.  (1984)).

15

J.A. 094

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 13.

Count 4:  The Nature of the Offense Charged

(Attempting to Aid the Taliban)


Count 4 of the Indictment charges that:

Between on or about September 16, 2001, and on or about October 21, 2001, in Fairfax County in the Eastern District of Virginia, and elsewhere, defendant ALI AL-TIMIMI did unlawfully, knowingly, and willfully violate a regulation issued under Chapter 35 of Title 50, United States Code, in that defendant attempted to supply services to the Taliban, to the territory of Afghanistan controlled by the Taliban, and to persons whose property and interests in property were blocked pursuant to Title 31, Code of Federal Regulations, Section 545.204.

(In violation of Title 50, United States Code, Section 1705(b), Title 18, United States Code, Section 2, Title 31, Code of Federal Regulations, Sections 545.204 and 545.206, Executive Order No. 13224, 66 Fed. Reg. 49079 (2001);  65 Fed. Reg. 41549 (2000); Executive Order 13129, 64 Fed. Reg. 36759 (1999).)

16

**J.A. 095**

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 14.

Count 4: The Statute Defining the Offense

(Attempting to Aid the Taliban)


Title 50, United States Code, Section 1705, provides, in pertinent part:

> Whoever willfully violates, or willfully attempts to violate, any . .
> .regulation issued under this chapter . . . shall be punished.

At all times pertinent to this indictment until June 2002, Title 31, Code of Federal

Regulations, Sections 545.201, .204, and .206 prohibited any attempt or conspiracy to supply

services to the territory of Afghanistan controlled by the Taliban or to the Taliban, directly or

indirectly, from the United States, or by a U.S. person, wherever located.

(Title 50, United States Code, Section 1705; Title 31, Code of Federal Regulations,
Section 545.201, .204, and .206.)

17

**J.A. 096**

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 15.</u>

<u>Count 4: Essential Elements</u>

(Attempting to Aid the Taliban)

In Count 4 of the Indictment, Ali Al-Timimi is charged with attempting to aid the

Taliban. The essential elements of this offense are:

1)      an attempt to make any contribution of services;

2)      to or for the benefit of the Taliban;

3)      in the knowledge that making such a contribution was contrary to law.

(50 U.S.C. § 1705; *U.S. v. Khan*, 309 F.Supp.2d 709, 820 (E.D. Va. 2004)

18

**J.A. 097**

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 16.

### Count 5: The Nature of the Offense Charged

(Inducing Others to Attempt to Aid the Taliban)

Count 5 of the Indictment charges that:

Between on or about September 16, 2001, and on or about October 21, 2001, within Fairfax County in the Eastern District of Virginia and elsewhere, defendant ALI AL-TIMIMI did unlawfully and knowingly aid, abet, counsel, and induce Masoud Khan, Randall Royer, Yong Kwon, Muhammad Aatique, Donald Surratt, Unindicted Conspirator #2, and Khwaja Hasan and others known and unknown to the grand jury to attempt to violate a regulation issued under Chapter 35 of Title 50, United States Code, by willfully and unlawfully attempting to supply services to the Taliban, to the territory of Afghanistan controlled by the Taliban, and to persons whose property and interests in property were blocked pursuant to Title 31, Code of Federal Regulations, Section 545.204, in violation of Title 50, United States Code, Section 1705, and did procure the commission of such offense.

(In violation of Title 50, United States Code, Section 1705(b), Title 18, United States Code, Section 2, and Title 31, Code of Federal Regulations, Sections 545.204 and 545.206, Executive Order No. 13224, 66 Fed.Reg. 49079 (2001); 65 Fed. Reg. 41549 (2000); Executive Order 13129, 64 Fed. Reg. 36759 (1999).)

19

**J.A. 098**

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 17.</u>

<u>Count 5:  The Statutes Defining the Offense</u>

(Inducing Others to Attempt to Aid the Taliban)

Section 2 of Title 18, United States Code, provides, in part:

> Whoever commits an offense against the United States or aids,
> abets, counsels, commands, induces, or procures its commission is
> punishable as a principal.

> Whoever willfully causes an act to be done which if directly
> performed by him or another would be an offense against the
> United States is punishable as a principal.

Title 50, United States Code, Section 1705, provides, in pertinent part:

> Whoever willfully violates, or willfully attempts to violate, any . .
> .regulation issued under this chapter . . . shall be punished.

At all times pertinent to this indictment until June 2002, Title 31, Code of Federal

Regulations, Sections 545.201, .204, and .206 prohibited any attempt or conspiracy to supply

services to the territory of Afghanistan controlled by the Taliban or to the Taliban, directly or

indirectly, from the United States, or by a U.S. person, wherever located.

((Title 18, United States Code, Section 2; Title 50, United States Code, Section 1705;
Title 31, Code of Federal Regulations, Section 545.201, .204, and .206.)

20

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 18.

Count 5:  Essential Elements

(Inducing Others to Attempt to Aid the Taliban)


        In Count 5 of the Indictment, Ali Al-Timimi is charged with counseling and inducing

others to attempt to aid the Taliban, aiding and abetting their doing so, and procuring their

attempt to do so.  The essential elements of this offense are:

(1)     Ali Al-Timimi knew that an unlawful attempt to provide services to the Taliban
        was to be undertaken or already in existence;

(2)     Ali Al-Timimi counseled or induced others or undertook some other action with
        the intent to procure the engagement of those others in that attempt; and

3)      At least one person who Ali Al-Timimi counseled or induced to attempt to
        provide services to the Taliban ultimately attempted to do so.


(18 U.S.C. §§ 2 and 371; *U.S. v. Khan*, 309 F.Supp.2d 709, 823 (E.D. Va. 2004);
*United States v. Rahman*, 1994 WL 388927 (S.D.N.Y. July 22, 1994) (liability
predicated on providing advice alone); modified from 1 Devitt, Blackmar, Wolff
and O'Malley, *Federal Jury Practice & Instructions*, Section 18.01 (4th Ed.
1992); *United States v. Barnette*, 667 F.2d 835, 841 (9th Cir. 1982).)

21

J.A. 100

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 19.

Count 6: The Nature of the Offense Charged

(Inducing Others to Conspire to Violate the Neutrality Act)


Count 6 of the Indictment charges that:

Between on or about September 16, 2001, and May 2003, within Fairfax County in the

Eastern District of Virginia and elsewhere, defendant ALI AL-TIMIMI did unlawfully and

knowingly aid, abet, counsel, and induce Masoud Khan, Randall Royer, Yong Kwon,

Muhammad Aatique, Donald Surratt, Unindicted Conspirator #2, Khwaja Hasan, and others

known and unknown to the grand jury to combine, conspire, confederate and agree together and

with others known and unknown to the grand jury, to begin, provide for, prepare a means for, and

take part in military expeditions and enterprises to be carried on from the United States against

the territory and dominion of foreign states, districts and peoples with whom the United States

was at peace, in violation of Title 18, United States Code, Section 960, and did procure the

commission of such offense.

(In violation of Title 18, United States Code, Sections 2 and 371.)

22

**J.A. 101**

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 20.

Count 6: The Statutes Defining the Offense Charged

(Inducing Others to Conspire to Violate the Neutrality Act)

Section 2 of Title 18, United States Code, provides, in part:

>Whoever commits an offense against the United States or aids, abets, counsels, commands, induces, or procures its commission is punishable as a principal.

>Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States is punishable as a principal.

Section 371 of Title 18, United States Code, provides, in part:

>If two or more persons conspire either to commit any offense against the United States . . . in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy . . . an offense against the United States has been committed.

Section 960 of Title 18, United States Code, provides, in part:

>[w]hoever, within the United States, knowingly begins or sets on foot or provides or prepares a means for or furnishes the money for, or takes part in, any military or naval expedition or enterprise to be carried on from thence against the territory or dominion of any foreign prince or state, or of any colony, district, or people with whom the United States is at peace, shall be [guilty of a crime.]

(18 U.S.C. §§ 2, 371, 960).

23

**J.A. 102**

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 21.

Count 6: Essential Elements

(Inducing Others to Conspire to Violate the Neutrality Act)

In Count 6 of the Indictment, Ali Al-Timimi is charged with aiding, abetting, counseling, and inducing others to engage in a conspiracy to violate the Neutrality Act. The essential elements of this offense are:

(1)     Ali Al-Timimi knew that an unlawful conspiracy to set out on, prepare for, or take part in a military enterprise against the territory of countries with whom the United States was at peace was to be undertaken or already in existence;

(2)     Ali Al-Timimi counseled or induced others or undertook some other action with the intent to procure the engagement of those others in that unlawful conspiracy; and

3)     At least one person who Ali Al-Timimi counseled or induced to engage in that unlawful conspiracy ultimately did so.

(18 U.S.C. §§ 2 and 371; *U.S. v. Khan*, 309 F.Supp.2d 709, 823 (E.D. Va. 2004); *United States v. Rahman*, 1994 WL 388927 (S.D.N.Y. July 22, 1994) (liability predicated on providing advice alone); modified from 1 Devitt, Blackmar, Wolff and O'Malley, *Federal Jury Practice & Instructions*, Section 18.01 (4th Ed. 1992); *United States v. Barnette*, 667 F.2d 835, 841 (9th Cir. 1982).)

24

**J.A. 103**

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 22.

<u>Count 6</u>

(United States Was "At Peace" With India and Russia)

For all purposes of this case and your deliberations, the United States was at peace with India and Russia.

(Title 18, United States Code, Section 960; Letter from William H. Taft IV, Legal Advisor, U.S. Dept. of State, to the Hon. Leonie M. Brinkema, Nov. 19, 2003.)

25

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 23.

Conspiracy - Existence of an Agreement (Counts 1, 3, and 6)

A criminal conspiracy is an agreement or a mutual understanding knowingly made or knowingly entered into by at least two people to violate the law by some joint or common plan or course of action.  A conspiracy is, in a very true sense, a partnership in crime.

A conspiracy or agreement to violate the law, like any other kind of agreement or understanding, need not be formal, written, or even expressed directly in every detail.

To prove that the defendant counseled or induced others to engage in a conspiracy, aided or abetted them in doing so, or otherwise procured their entry into an illegal agreement, the government is not required to produce a written contract between the parties or even produce evidence of an express oral agreement spelling out all of the details of the understanding. Moreover, the government is not required to show that all of the people named in the Indictment as individuals counseled or induced to engage in a conspiracy did, in fact, enter such an agreement, that all of the people named as individuals aided and abetted in the conspiracy were, in fact, members of the conspiracy, that all of the members of the alleged conspiracy were named or charged, or that all of the people whom the evidence shows were actually members of a conspiracy agreed to all of the means or methods set out in the Indictment.

The government must prove that the defendant counseled or induced at least one other person to knowingly and deliberately arrive at some type of agreement or understanding that such other person and perhaps others, would violate some laws by means of some common plan or course of action.  Alternatively, the government must prove that the defendant aided or abetted at least one other person to knowingly and deliberately join in some type of agreement or

26

**J.A. 105**

understanding that such other person and perhaps others would violate some laws by means of some common plan or course of action.  Alternatively, the government must prove that the defendant procured the entry into such an agreement of at least one other person.

(modified from 2 Devitt, Blackmar and O'Malley, *Federal Jury Practice and Instructions*, § 28.04 (4th Ed. 1990); *United States v. Burgos*, 941 F.3d 849 (4th Cir. 1996); *United States v. Johnson*, 54 F.3d 1150, 1154 (4th Cir. 1995); *United States v. Banks*, 10 F.3d 1044 (4th Cir. 1993).

27

**J.A. 106**

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 24.

Counts 7 and 8:  The Nature of the Offense

(Inducing and Counseling the Use of Firearms in Connection with a Crime of Violence)


In Counts 7 and 8 of the Indictment, the government alleges that between on or about September 16 and on or about September 18, 2001, in Fairfax County in the Eastern District of Virginia, defendant ALI AL-TIMIMI unlawfully and knowingly aided, abetted, counseled, induced, and procured the commission of offenses against the United States, namely, the discharge of a light machine gun by Yong Kwon in mid-October 2001 in a Lashkar-e-Taiba camp known as Masada, and the discharge of an AK-47-style rifle by Khwaja Hasan in early November 2001 in a Lashkar-e-Taiba camp known as Ibn Masood, during, in relation to, and in furtherance of crimes of violence for which the defendant, Kwon, and Hasan could be prosecuted in a court of the United States.


(In violation of Title 18, United States Code, Sections 924(c) and 2(a).)


28

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 25.

Counts 7 and 8:  The Statute Defining the Offense

(Inducing Others to Use Firearms During Crimes of Violence)

Section 2 of Title 18, United States Code, provides, in part:

>Whoever commits an offense against the United States or aids, abets, counsels, commands, induces, or procures its commission is punishable as a principal.
>
>Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States is punishable as a principal.

Title 18, United States Code, Section 924(c), provides, in pertinent part:

>[A]ny person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm or who, in furtherance of any such crime, possesses a firearm [shall be punished].

(18 U.S.C. §§ 2, 924(c)).

29

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 26.

<u>Counts 7 and 8: Essential Elements</u>

(Inducing and Counseling the Discharge of Firearms in Furtherance of Crimes of Violence)


In Counts 7 and 8 the Indictment, Ali Al-Timimi is charged with aiding and abetting, counseling, inducing, and procuring the discharge of firearms by Yong Kwon and Khwaja Hasan, in furtherance of crimes of violence which could be prosecuted in courts of the United States. The essential elements of this offense are:

(1)    Ali Al-Timimi knew that the unlawful possession of firearms in furtherance of crimes of violence which could be prosecuted in courts of the United States was to be undertaken by Kwon and/or Hasan;

(2)    Ali Al-Timimi counseled or induced Kwon and/or Hasan or undertook some other action with the intent to procure the engagement of Kwon and/or Hasan in that possession of firearms; and

3)    Kwon and/or Hasan ultimately possessed or discharged a firearm in furtherance of crimes of violence which could be prosecuted in courts of the Untied States.


(18 U.S.C. §§ 2 and 924(c); *U.S. v. Khan*, 309 F.Supp.2d 709, 825 (E.D. Va. 2004); *United States v. Rahman*, 1994 WL 388927 (S.D.N.Y. July 22, 1994) (liability predicated on providing advice alone); modified from 1 Devitt, Blackmar, Wolff and O'Malley, *Federal Jury Practice & Instructions*, Section 18.01 (4th Ed. 1992); *United States v. Barnette*, 667 F.2d 835, 841 (9th Cir. 1982).)

30

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 27.

Counts 9 and 10:  The Nature of the Offense Charged

(Inducing Others to Carry Explosives During the Course of Felonies)

In Counts 9 and 10 of the Indictment, the government alleges that between on or about September 16 and on or about September 18, 2001, defendant ALI AL-TIMIMI unlawfully and knowingly procured the commission of crimes against the United States by counseling and inducing Khwaja Hasan and Yong Kwon to carry rocket-propelled grenades during the commission of felonies which may be prosecuted in a court of the United States, and aided and abetted them in doing so.  In specific, the Indictment alleges that Ali Al-Timimi counseled, induced, aided, abetted, and procured the carrying of rocket-propelled grenades by Yong Kwon in mid-October 2001 in a Lashkar-e-Taiba camp known as Aqsa, and by Khwaja Hasan in early November 2001 in a Lashkar-e-Taiba camp known as Ibn Masood, during the commission of felonies which may be prosecuted in a court of the United States.

(18 U.S.C. §§ 2, 844(h)(2)).

31

J.A. 110

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 28.

Counts 9 and 10:  The Statute Defining the Offenses Charged

(Inducing Others to Carry Explosives During the Course of Felonies)


Title 18, United States Code, Section 844(h)(2), provides, in pertinent part:

> Whoever . . .carries an explosive during the commission of any felony
> which may be prosecuted in a court of the United States . . .[shall be
> punished]

(18 U.S.C. § 844(h).)

32

**J.A. 111**

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 29.

Counts 9 and 10: Essential Elements

(Inducing Others to Carry Explosives During the Course of Felonies)


In Counts 9 and 10 of the Indictment, Ali Al-Timimi is charged with aiding and abetting,

counseling, inducing, and procuring the carrying of explosives by Yong Kwon and Khwaja

Hasan, in furtherance of felony crimes which could be prosecuted in courts of the United States.

The essential elements of this offense are:

(1)     Ali Al-Timimi knew that the unlawful carrying of explosives during the course of a felony crime that could be prosecuted in a court of the United States was to be undertaken by Kwon and/or Hasan;

(2)     Ali Al-Timimi counseled or induced Kwon and/or Hasan or undertook some other action with the intent to procure the engagement of Kwon and/or Hasan in that carrying of explosives; and

3)     Kwon and/or Hasan ultimately carried an explosive during the course of a felony crime that could be prosecuted in a court of the United States.


(18 U.S.C. §§ 2 and 844(h)(2); *United States v. Rahman*, 1994 WL 388927 (S.D.N.Y. July 22, 1994) (liability predicated on providing advice alone); modified from 1 Devitt, Blackmar, Wolff and O'Malley, *Federal Jury Practice & Instructions*, Section 18.01 (4th Ed. 1992); *United States v. Barnette*, 667 F.2d 835, 841 (9th Cir. 1982).)

33

**J.A. 112**

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 30.

Counts 7-10:  Defendant Need Not Be Present for
Use of Firearm or Carry of Explosives by Others for Liability

The offense of counseling or inducing the use of a firearm during a crime of violence, or aiding and abetting the use of such a firearm during a crime of violence, or otherwise procuring the use of a firearm during a crime of violence, does not require proof that the defendant was physically present when the person he counseled, induced, aided, abetted, or procured to commit the offense used the firearm; rather, it is sufficient that the defendant knew that a firearm was at least available to the other person, and took some action to counsel or induce such other person to use it, to aid and abet his use of it, or otherwise to procure the other's commission of the offense.

Similarly, the offense of counseling or inducing the carrying of an explosive during the commission of a felony, or aiding and abetting the carrying of such an explosive during the commission of felony, or otherwise procuring the carrying of an explosive during the commission of a felony, does not require proof that the defendant was physically present when the person he counseled, induced, aided, abetted, or procured to commit the offense carried the explosive; rather, it is sufficient that the defendant knew that an explosive was at least available to the other person, and took some action to counsel or induce such other person to carry it, to aid and abet his carrying of it, or otherwise procured the other's commission of the offense.

(*United States v. Salazar*, 66 F.3d 723 (5th Cir. 1995); *United States v. Rahman*,
1994 WL 388927 (S.D.N.Y. July 22, 1994).)

34

J.A. 113

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 31.

"Crime of Violence" and "Felony which May Be Prosecuted in a Court of the United States"

The following offenses constitute crimes of violence for purposes of Count 1 of the

Indictment, as well as for Counts 7, and 8 of the Indictment, and also constitute felonies which

may be prosecuted in a court of the United States, for purposes of Counts 9 and 10 of the

Indictment:

a.   Levying war against the United States and conspiring to do so, in violation of Title 18, United States Code, Sections 2381 and 2384;

b.   Attempting and conspiring to supply services to the Taliban, in violation of Title 50, United States Code, Section 1705;

c.   Beginning, providing for, preparing a means for, and taking part in military expeditions and enterprises to be carried on from the United States against the territory and dominion of foreign states, districts and peoples with whom the United States was at peace - - and conspiring to do so - -  in violation of Title 18, United States Code, Sections 371 and 960;

d.   Enlisting and entering oneself or another to go beyond the jurisdiction of the United States with intent to be enlisted and entered in the service of any foreign prince, state, colony, district, and people as a soldier - - and conspiring to do so - - in violation of Title 18, United States Code, Sections 371 and 959;

e.   Conspiring to commit at any place outside the United States acts that would constitute the offense of murder or maiming if committed in the special maritime and territorial jurisdiction of the United States, in violation of Title 18, United States Code, Section 956(a);

f.   Conspiring to damage or destroy specific property situated within a foreign country and belonging to a foreign government or to any political subdivision thereof with which the United States is at peace, and any railroad, canal, bridge, airport, airfield and other public utility, public conveyance, and public structure and any religious educational and cultural property so situated, in violation of Title 18, United States Code, Section 956(b);

g.   Attempting and conspiring to providing material support and resources, knowing or intending that they are to be used in preparation for, or in carrying out a

35

J.A. 114

violation of Section 956 of Title 18, United States Code, in violation of Title 18, United States Code, Section 2339A;

h.    Attempting and conspiring to provide material support and resources to Al-Qaeda, in violation of Title 18, United States Code, Section 2339B;

i.    Enlisting and engaging with intent to serve in armed hostility against the United States - - and conspiring to do so - - in violation of Title 18, United States Code, Sections 371 and 2390.

(Title 18, United States Code, Section 924(c)(3); *See United States v. Khan*, 309 F.Supp.2d 709, 823 (E.D. Va. 2004).)

36

**J.A. 115**

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 32.

### Counts 1, 3, and 5-10: Aiding and Abetting, Couseling, and Inducing Explained

One who counsels or induces or commands a criminal act, or aids and abets it, or otherwise procures it, is liable for any criminal act which in the ordinary course of things was the natural or probable consequence of the crime that he advised or commanded, although such consequence may not have been intended by him.

Before a defendant may be held responsible for counseling or inducing or commanding others to commit a crime, aiding and abetting others in the commission of a crime, or procuring the commission of a crime, it is necessary that the government prove beyond a reasonable doubt that the defendant knowingly and deliberately associated himself in someway with the crime charged and took some action to enable the crime to be committed.

Counseling or inducing another to commit a crime constitutes doing an "act" for the purpose of procuring the commission of the crime. Similarly, providing advice to another with regard to how the crime should be committed or law enforcement eluded constitutes an "act" for the purpose of aiding and abetting the commission of the crime.

Before a defendant may be found guilty as a counselor or inducer of the crimes charged in Counts 1, 3, and/or 5-10, as an aider or an abettor to the crime, or as a procurer of the crime, the government must also prove, beyond a reasonable doubt, that someone committed each of the essential elements of the offense charged. With respect to Count 2, however, it is *not* necessary that someone committed the crime that the defendant is alleged to have solicited, commanded, induced, or otherwise endeavored to persuade others to commit. In other words, for the defendant to be found guilty of Counts 1, 3, and/or 5-10 of the Indictment, the government must

37

**J.A. 116**

prove that someone committed each of the essential elements of the offenses the defendant is alleged to have aided, abetted, counseled, induced, or procured. However, for the defendant to be found guilty of Count 2 of the Indictment, the government need *not* prove that anyone whom the defendant is alleged to have solicited, commanded or induced to levy war against the United States actually did so.

Merely being present at the scene of the crime or merely knowing that a crime is being committed or is about to be committed is not sufficient conduct for the jury to find that a defendant induced, counseled, aided, abetted, or procured the commission of that crime.

The government must prove that a defendant knowingly and intentionally associated himself with the crime in some way as a participant--someone who wanted the crime to be committed--not as a mere spectator.

> (1 Devitt, Blackmar, Wolff and O'Malley, *Federal Jury Practice & Instructions*, Section 18.01 (4th Ed. 1992); *United States v. Rahman*, 1994 WL 388927 (S.D.N.Y. July 22, 1994) (liability predicated on providing advice alone); *United States v. Washington*, 12 F.3d 1128 (D.C. Cir. 1994); *United States v. Horton*, 921 F.2d 540 (4th Cir. 1990); *United States v. Barnette*, 667 F.2d 835, 841 (9th Cir. 1982).)

38

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 33.

### Success of the Conspiracy Induced or Counseled Is Immaterial

The government is not required to prove that any conspiracy that the defendant induced or counseled others to join was successful in achieving any of its objectives. Similarly, the government is not required to prove that any conspiracy that the defendant aided or abetted was successful in achieving any its objectives. And, the government is not required to prove that any conspiracy the defendant otherwise procured was successful in achieving any of its objectives.

(modified from 2 Devitt, Blackmar and O'Malley, *Federal Jury Practice and Instruction*, § 28.08 (4th Ed. 1990).)

39

**J.A. 118**

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 34.

Speech That References Religion Does Not Insulate Crime from Prosecution

The crimes charged in this case, like most others, may have a component of speech in the course of their commission. Indeed, it is the rare offense, particularly the rare conspiracy or aiding and abetting offense, that is committed entirely in pantomime. However, that speech - - even speech that includes reference to religion - - may play a part in the commission of a crime does not insulate such crime from prosecution. Speech is not protected by the First Amendment when it is the very vehicle of the crime itself.

The gist of the crime of soliciting others to wage war against the United States can be committed purely through speech. The gist of the crime of conspiracy is agreement to violate the law, which crime may be committed through speech. The statute that bars aiding and abetting others in committing crimes may be committed through speech that consists of counseling, commanding, inducing, or otherwise procuring the commission of a crime. Thus, it is both possible and permissible to charge in this case that criminal statutes were violated mostly or even entirely by means of speech.

Further, that speech may sound constitutionally protected does not mean that it is, if that speech was intended and likely to generate imminent criminal action by others.

*United States v. Felix*, 112 S.Ct. 1377, 1381-82 n. 2, 1384 (1992)l *Brandenburg v. Ohio*, 395 U.S. 444, 448 (1969); *United States v. Rowlee*, 899 F.2d 1275, 1278 (2d Cir. 1990), *United States v. Varani*, 435 F.2d 758, 762 (6th Cir.1970).

40

J.A. 119



## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 35.

### Stipulations

The government and the defendant have entered into stipulations as to certain facts. A stipulation is an agreement among the parties that a certain fact is true. You should therefore treat those facts as true as having been proved.

(Adapted from 1 Sand, Siffert, Loughlin, Reiss, <u>Modern Federal Jury Instructions</u>, Section 5.02, Instruction 5-6).)

41

**J.A. 120**



GOVERNMENT'S PROPOSED JURY INSTRUCTIONS REGARDING SENTENCING 36.

### "Machinegun" -- Defined

The term "machinegun" as used in the Indictment means:

> any weapon which shoots, is designed to shoot, or can be readily
> restored to shoot, automatically more than one shot, without
> manual reloading, by a single function of the trigger.  The term
> shall also include the frame or receiver of any such weapon, any
> part designed and intended solely and exclusively, or combination
> of parts designed and intended, for use in converting a weapon into
> a machinegun, and any combination of parts from which a
> machinegun can be assembled if such parts are in the possession or
> under the control of a person.

(Title 18, United States Code, Section 921(a)(23)(applying meaning given "machinegun"
in Title 26, United States Code, Section 5845(b).)

42

J.A. 121

This page intentionally left blank for double-sided pagination and printing